1 | QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
2 |   Shon Morgan (Bar No. 187736)
    shonmorgan@quinnemanuel.com
3 |   Valerie Roddy (Bar No. 235163)
    valerieroddy@quinnemanuel.com
4 |   Joseph R. Ashby (Bar No. 248579)
    josephashby@quinnemanuel.com
5 | 865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
6 | Telephone: (213) 443-3000
Facsimile: (213) 443-3100
7 |
8 | Attorneys for Defendant Hyundai Motor
America

9

10 UNITED STATES DISTRICT COURT

11 CENTRAL DISTRICT OF CALIFORNIA

12

13 | KEHLIE R. ESPINOSA, on behalf of
herself and all others similarly situated,

     CASE NO. CV12 0800 -GW
     (FFMx)

14 |         Plaintiff,

     NOTICE OF REMOVAL OF
     ACTION TO FEDERAL COURT

15 |      vs.

     DECLARATION OF LIEN
     NGUYEN

16 | HYUNDAI MOTOR AMERICA; and
DOES 1 through 10, inclusive,

17 |         Defendants.

     [Diversity Jurisdiction, 28 U.S.C.
     §§ 1332(d)(2), 1441, 1446 and 1453]

18

19

20

21

22

23

24

25

26

27

28

01784.23575/4570228.3

1    TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES,

2    AND THEIR ATTORNEYS OF RECORD:

3    PLEASE TAKE NOTICE that defendant Hyundai Motor America ("HMA")

4    hereby removes this action to the United States District Court for the Central

5    District of California, and in support thereof, respectfully shows the Court as

6    follows:

7

8                            **STATEMENT OF THE CASE**

9    1.    Plaintiff Kehlie R. Espinosa seeks to certify a nationwide class of "[a]ll

10   owners of 2010-2012 Hyundai models who purchased their vehicles in the United

11   States." (Class Action Complaint ("Compl.") ¶ 23).  Plaintiff alleges that HMA

12   made misrepresentations, omissions, and/or failed to disclose material information

13   to consumers through a "systematic advertising scheme that misleadingly and

14   unfairly uses the EPA mileage numbers to represent and imply that the miles-per-

15   gallon highway EPA estimate reflects actual, expected mileage under normal, real-

16   world driving conditions." (Compl. ¶ 21).

17   2.    Plaintiff seeks, on behalf of herself and the purported class, injunctive

18   relief, rescission, restitution, disgorgement, damages, punitive damages, attorneys'

19   fees, and costs. (Compl., Prayer for Relief).

20   3.    The Class Action Complaint was filed on January 6, 2012, and is

21   removable under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C.

22   §§ 1332(d)(2) and 1453(b).  HMA has satisfied all procedural requirements of

23   28 U.S.C. § 1446 and thereby removes this action to the United States District Court

24   for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and

25   1453.

26

27

28

## THE REQUIREMENTS FOR REMOVAL
## UNDER CAFA ARE SATISFIED

4.      CAFA fundamentally changed the legal standards governing removal jurisdiction for class actions.  Congress explicitly stated that CAFA's "provisions should be read broadly, with a strong preference that interstate actions should be heard in a federal court," on the grounds that the state courts were not adequately protecting defendants against class action abuses.  S. Rep. No. 109-14, at 43, 53-54 (2005).  Rather than emphasizing a strict constructionist view of the statute against removal jurisdiction, Congress instructed district courts to "err in favor of exercising jurisdiction." *Id*. at 42-43.  As shown below, this action satisfies the requirements for diversity jurisdiction under CAFA, 28 U.S.C. § 1332(d)(2).

5.      *Class Action.*  This lawsuit is a class action as defined by 28 U.S.C. § 1332(d)(1)(B).  CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id*.  Plaintiff styles her complaint a "Class Action" and alleges that she brings it "on behalf of herself and on behalf of all others similarly situated (*i.e.*, the members of the Plaintiff Class described and defined within this Complaint)." (Compl. at 2:1-2).  Plaintiff also alleges that "[t]his action is brought as a class action and may properly be so maintained pursuant to the provisions of California Code of Civil Procedure section 382 and California Civil Code section 1782." (Compl. ¶ 25).

6.      *Diversity of Citizenship.*  At the time this lawsuit was filed and as of the date of this notice, defendant Hyundai Motor America was and is a California corporation with its principal place of business in Fountain Valley, Orange County, California. (*Id.* at ¶ 5).  At the time of the filing of this action and as of the date of this notice, the named plaintiff Kehlie R. Espinosa was and is a resident and citizen of California. (*Id.* at ¶ 4).  Plaintiff seeks the certification of a nationwide class. (*Id.*

1   at ¶ 23).  Because at least one member of the proposed class is from a state other

2   than California, the diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is met.

3          7.     ***Amount in Controversy.***  The matter in controversy exceeds the sum or

4   value of $5,000,000, exclusive of interest and costs, satisfying the amount in

5   controversy requirement of 28 U.S.C. § 1332(d)(2).  The Complaint seeks relief that

6   includes:

7                (1)    Injunctive relief,

8                (2)    Rescission of the sales of the subject vehicles,

9                (3)    Restitution in the amount of the purchase price of the subject

10                       vehicles,

11                (4)    Disgorgement of profits and compensation,

12                (5)    Damages,

13                (6)    Punitive damages pursuant to California Civil Code § 3294,

14                (7)    Attorneys' fees and costs.

15   (Compl., Prayer for Relief).  Aggregation of these potential damages and expenses

16   brings this matter within the purview of CAFA.

17          Under CAFA, the amount in controversy is determined by aggregating the

18   claims of all individual class members.  28 U.S.C. § 1332(d)(6).  Therefore, in

19   determining the amount in controversy the Court should consider that plaintiff, on

20   behalf of the class, seeks to have HMA reimburse class members for the purchase

21   price of their vehicles.[1]  Plaintiff alleges she purchased a 2012 Hyundai Elantra

22   (Compl. ¶ 4), although she seeks relief on behalf of consumers who purchased any

23   2010 through 2012 model year Hyundai vehicle.  Without conceding that plaintiff

24   can properly seek relief relating to vehicle models or model years she did not

25   _____

26   [1]  HMA denies that a class is the proper vehicle for plaintiff's claims, or that
     HMA is liable for any such claims, but has calculated the amount in controversy for
27   purposes of this notice of removal by taking plaintiff's complaint at face value.

28

1 │ purchase, during 2010 and 2011, HMA-authorized dealers retail sold over 1.18

2 │ million vehicles. (Decl. of Lien Nguyen, dated January 30, 2012, ("Nguyen Decl.")

3 │ ¶¶ 4-5). In 2011, HMA-authorized dealers retail sold more than 186,000 Hyundai

4 │ Elantra vehicles, which had an initial base Manufacturer's Suggested Retail Price

5 │ (MSRP) of $14,830 for the 2011 model year, which is less than the initial base

6 │ MSRP for the 2012 Hyundai Elantra plaintiff allegedly purchased. (Nguyen Decl.

7 │ ¶¶ 6, 8, 9). The sum of the initial base MSRP for just the number of Elantra vehicles

8 │ sold in 2011, using the 2011 Hyundai Elantra initial base MSRP, is more than

9 │ $2,758,380,000—far exceeding the jurisdictional minimum under CAFA. Given the

10 │ scope of plaintiff's allegations and the requests for relief, the amount in controversy

11 │ clearly exceeds $5,000,000 in the aggregate, and this Court has jurisdiction under

12 │ CAFA.

13 │         8.    ***Number of Proposed Class Members.***  Although HMA denies that its

14 │ marketing, and/or sales are improper, plaintiff seeks certification of a class of "[a]ll

15 │ owners of 2010-2012 Hyundai models who purchased their vehicles in the United

16 │ States." (Compl. ¶ 23). HMA-authorized dealers have retail sold substantially more

17 │ than 100 model-year 2010 through 2012 Hyundai vehicles to persons in the United

18 │ States. (Nguyen Decl. ¶¶ 4, 5, 6). Accordingly, the action satisfies the requirement

19 │ of 28 U.S.C. § 1332(d)(5) that the proposed class include at least 100 persons.

20 │         9.    ***Timeliness.***  This removal notice is timely filed as required by

21 │ 28 U.S.C. § 1446(b). HMA received the Class Action Complaint on January 9,

22 │ 2012, and files this notice within thirty days after receipt of the Complaint.

23 │         10.    ***Exceptions Do Not Apply.***  The exceptions to removal under 28 U.S.C.

24 │ §§ 1332(d) and 1453 do not apply.

25 │

26 │

27 │

28 │

## THE OTHER PROCEDURAL REQUISITES
## FOR REMOVAL ARE SATISFIED

11.   HMA has complied with 28 U.S.C. § 1446(a) & (d).  Under 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, or orders on file in the state court are attached as Exhibit 1.  Pursuant to 28 U.S.C. § 1446(d), a notice of filing of removal, with a copy of this notice of removal attached, has been filed with the clerk of the Superior Court of the State of California, County of Los Angeles, Case No. BC476445, and HMA has served a notice of filing of removal, with a copy of the notice of removal attached, on plaintiff's attorneys.  Copies of the notice and the proof of service of the notice to plaintiff and the Superior Court of the State of California, County of Los Angeles, are attached as Exhibit 2.  (Exhibit A to Exhibit 2, which is a copy of this notice, is not attached for the Court's convenience. HMA will provide it upon request.)

## CONCLUSION

By this notice, HMA does not waive any objections it may have as to improper service, jurisdiction, or venue, or any other defenses or objections to this action.  HMA intends no admission of fact, law, or liability by this notice, and reserves all defenses, motions, and pleas.  HMA prays that this action be removed to this Court for determination; that all further proceedings in the state court suit be stayed; and that HMA obtain all additional relief to which it is entitled.

1  DATED:  January 30, 2012

                                    QUINN EMANUEL URQUHART
2                                       & SULLIVAN, LLP

3

4

                                 By
5                                     Shon Morgan
6                                     Attorneys for Hyundai Motor America

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

01784.23575/4570228.3

                                -6-

# EXHIBIT 1

ORIGINAL

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JAN 0 6 2012

John A. Clarke, Executive Officer/Clerk

BY _____, Deputy
Shaunya Wesley

1  RICHARD D. McCUNE (State Bar No. 132124)
   rdm@mccunewright.com
2  JAE (EDDIE) K. KIM (State Bar No. 236805)
   jkk@mccunewright.com
3  McCUNEWRIGHT LLP
   2068 Orange Tree Lane, Suite 216
4  Redlands, California 92374
   Telephone: (909) 557-1250
5  Facsimile: (909) 557-1275
6
7  Attorneys for Plaintiff KEHLIE R. ESPINOSA,
   and the putative class
8
9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
10                 **IN AND FOR THE COUNTY OF LOS ANGELES**
11
12  KEHLIE R. ESPINOSA, on behalf of herself and   )   Case No.:
    all others similarly situated,                 )                **BC 47**
13                                                  )
                  Plaintiff,                        )   **CLASS ACTION COMPLAINT**
14                                                  )
          v.                                        )   1.  **VIOLATION OF UNFAIR BUSINESS**
15                                                  )       **PRACTICES ACT [CALIFORNIA**
    HYUNDAI MOTOR AMERICA; and DOES 1              )       **BUSINESS & PROFESSIONS CODE §**
16  through 10, inclusive,                          )       **17200,** *ET SEQ.***]**
                                                    )
17                Defendants.                       )   2.  **VIOLATION OF FALSE**
                                                    )       **ADVERTISING LAWS [CALIFORNIA**
18                                                  )       **BUSINESS & PROFESSIONS CODE §**
                                                    )       **17500,** *ET SEQ.***]**
19                                                  )
                                                    )   3.  **VIOLATION OF CALIFORNIA'S**
20                                                  )       **CONSUMER LEGAL REMEDIES**
                                                    )       **ACT [CALIFORNIA CIVIL CODE §**
21                                                  )       **1750,** *ET SEQ.***]**
                                                    )
22                                                      4.  **FRAUD**

23                                                      5.  **NEGLIGENT**
                                                            **MISREPRESENTATION**
24
                                                       6.  **DECEIT [CALIFORNIA CIVIL CODE**
25                                                          **§ 1710]**
26
27
28

_____
CLASS ACTION COMPLAINT                           -1-

Plaintiff KEHLIE R. ESPINOSA, an individual, on behalf of herself and on behalf of all others similarly situated (*i.e.*, the members of the Plaintiff Class described and defined within this Complaint), herein alleges as follows:

## I

## JURISDICTION AND VENUE

1.     This Court has personal jurisdiction over the Defendant because Defendant has conducted and continues to conduct business in the State of California, and because Defendant has committed the acts and omissions complained of herein in the State of California.

2.     Venue as to Defendant is proper in this judicial district.  Defendant Hyundai Motor America sells a substantial amount of automobiles in this district, has dealerships in this district, and many of Defendant's acts complained of herein occurred in Los Angeles County, California.

## II

## GENERAL ALLEGATIONS

3.     This is a civil action primarily challenging the pervasive false advertisements disseminated by Defendant HYUNDAI MOTOR AMERICA (hereinafter "Defendant" or "HYUNDAI") regarding the expected gas mileage of its vehicle models, including but not limited, to the Hyundai Elantra.  Exploiting the United States consumer's market preference for high gas mileage vehicles, HYUNDAI has undertaken in scope an almost unprecedented marketing campaign to sell its vehicles through claiming that a number of its models, including the Elantra, will get at least 40 miles per gallon in highway driving.  In actually, its models, including the Elantra, get considerably less than 40 miles per gallon in normal highway driving conditions.  Plaintiff, for herself and all others similarly situated, brings this action for rescission and reimbursement of the purchase price of the vehicles as well as an order enjoining HYUNDAI from engaging in further deceptive advertisements, pursuant to the Unfair Business Practices Act, California Business & Professions Code § 17200, *et seq.*;  False Advertising, California Business & Professions Code § 17500, *et seq.*; Consumer Legal Remedies Act, California Civil Code § 1750, *et seq.*; statutory Deceit, California Civil Code § 1710; and common law fraud and negligent misrepresentation.

-2-

4.      Plaintiff KEHLIE R. ESPINOSA (hereinafter "Plaintiff") is a resident and citizen of the city of Redlands, County of San Bernardino, State of California.  She purchased a new 2012 Hyundai Elantra vehicle on or about October 17, 2011, at Cerritos Hyundai, a HYUNDAI dealership located in Cerritos, California.  She made her decision to purchase a Hyundai Elantra after researching, viewing, and relying on television, print and online Hyundai advertisements that stated the vehicle got 40 miles per gallon in highway driving.  Based on information and belief, those same television, print and online advertisements were disseminated by HYUNDAI throughout California and the United States regarding the expected gas mileage of Hyundai models.

5.      Based on information and belief, Defendant HYUNDAI MOTOR AMERICA is a corporation which is incorporated in the state of California, and is a citizen of and has its principal place of business in the city of Fountain Valley, California.

6.      The true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by such fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the Defendants designated herein as DOES when such identities become known.

7.      Based upon information and belief, Plaintiff alleges that at all times mentioned herein, each and every Defendant was acting as an agent and/or employee of each of the other Defendants, and at all times mentioned was acting within the course and scope of said agency and/or employment with the full knowledge, permission, and consent of each of the other Defendants.  In addition, each of the acts and/or omissions of each Defendant alleged herein were made known to, and ratified by, each of the other Defendants.

### III

### FACTUAL ALLEGATIONS

A.      **Plaintiff KEHLIE R. ESPINOSA**

8.      Plaintiff KEHLIE R. ESPINOSA purchased a new 2012 Hyundai Elantra vehicle on or about October 17, 2011, at Cerritos Hyundai, in Cerritos, California.  Plaintiff first learned of the

-3-

1  Hyundai vehicle through television advertisement. Prominent in those advertisements was that the

2  Hyundai vehicles got over 40 miles per gallon in highway driving. Both the price of the vehicle and the

3  gas mileage were very important considerations for Plaintiff in making the purchase of her new car.

4        9.    Following seeing the television advertisements, Plaintiff went to HYUNDAI's web site

5  that provided information about the vehicle. Prominently included within the web site for the Elantra

6  was a page about the performance of the Elantra, which stated: "...*the Elantra goes further with less.*

7  *40 mpg Hwy standard*..." (Ex 1 – print out from the Hyundai website). Plaintiff then went to a

8  dealership in Loma Linda, California. Outside the dealership, there was a very large banner that stated:

9  "*Tired of High Gas Prices? 40 MPG!*" (Ex. 2 – Picture of the Banner at Inland Empire Hyundai).

10  Plaintiff then talked to a salesperson at Inland Empire Hyundai who confirmed that the Elantra got 40

11  mpg. Plaintiff then was provided a brochure by the dealership that, based on information and belief was

12  developed by HYUNDAI, which prominently stated in very large font that the Elantra got 40 Hwy MPG

13  (Ex. 3 – Copy of the 2012 Elantra brochure).

14        10.    When researching the Hyundai Elantra by reviewing HYUNDAI websites, television

15  commercials, and print advertisements in magazines, Ms. Espinosa was very impressed with the high

16  gas mileage that these materials advertised the Elantra would achieve and was led to believe that the

17  high gas mileage would be reflective of what she would experience during normal, real-world highway

18  use.

19        11.    Based on these representations, Ms. Espinosa reasonably believed that the Elantra would

20  achieve approximately 40 miles per gallon in normal highway driving. Furthermore, none of these

21  advertisements provide any clear or understandable disclaimer that the actual gas mileage under normal,

22  real world driving conditions would be less than the advertised mileage.

23        12.    Plaintiff heavily relied on these representations when she decided to buy the 2012

24  Hyundai Elantra. It was a material consideration in her decision to buy the Hyundai vehicle. However,

25  after purchasing the vehicle, Ms. Espinosa discovered that it consistently achieved gas mileage far below

26  the advertised mileage under normal, real-world use. Had it been disclosed to Ms. Espinosa that

27  HYUNDAI's advertisements of the Elantra's expected gas mileage under normal highway conditions

28

CLASS ACTION COMPLAINT

1   was far inflated compared to the actual performance of the vehicle she purchased, she would have

2   considered buying other competitive vehicle manufacturers' models.

3        13.     Based on information and belief, HYUNDAI's 40 Hwy miles per gallon advertisements

4   made to Plaintiff in television, online, and in print were part of a concerted marketing plan conceived

5   and executed by HYUNDAI to convey inflated expected miles to gallon information to putative class

6   members throughout California and the United States, including 40 Hwy MPG for the Elantra.  In fact,

7   those advertisements to the putative class members were false, as Hyundai vehicles do not get the

8   advertised mileage, and the Elantra does not get 40 Hwy MPG, in normal highway driving conditions.

9        14.     Ms. Espinosa has, therefore, been damaged, and seeks, on behalf of herself and the

10   putative class, damages, rescission, restitution, and injunctive relief in the form of requiring HYUNDAI

11   to cease its false advertising and engage in a corrective campaign to fully disclose material information

12   about the vehicle's mileage.

13   **B.**     **Defendant HYUNDAI MOTOR AMERICA**

14        15.     HYUNDAI is one of the largest auto-manufacturers in the world, and designs,

15   manufactures, advertises, and sells numerous well-known brands.  In attempting to capitalize on strong

16   consumer preference for better fuel economy and smaller vehicles, HYUNDAI has focused the last

17   couple of years on producing, advertising, and selling fuel-efficient vehicles.  However, in the process of

18   promoting sales, HYUNDAI engaged in widespread misleading and deceptive advertisements, including

19   throughout California, regarding the real-world gas mileage of these vehicles by promoting grossly

20   inflated gas mileage numbers when the vehicles, in fact, fall substantially short of attaining in real-

21   world, normal use.  The marketing campaign has been widely successful, and the sales of HYUNDAI

22   vehicles have skyrocketed.

23        16.     The MPG figure provided by HYUNDAI in advertisements are not real world driving

24   estimates.  Instead, they are an EPA fuel mileage figure used for sticker comparisons that, pursuant to

25   federal law, must include on the window sticker an accompanying disclosure that the EPA estimate

26   would not reflect real world fuel mileage.  The reason is, as HYUNDAI was well aware, that the miles

27   per gallon under EPA test conditions grossly overstates actual expected highway mileage in real world

28   driving conditions.

CLASS ACTION COMPLAINT

17.     The purpose of the EPA gas mileage estimate is to provide a consistent way for consumers to be able to compare the fuel efficiency of different vehicles under identical test conditions. However, the EPA estimates are not designed to determine, nor are they accurate predictors of, the actual expected mileage for a vehicle under normal, real life driving conditions. The reason is that the test conditions are such as to maximize fuel mileage far beyond what a normal customer would experience. First, the EPA mileage tests are not conducted on roads, but rather are conducted in laboratories on machines known as dynamometers that do not provide the normal challenges to fuel mileage as would be experienced under real world driving conditions. Further, the highway portion of the test averages only 48.3 mph and tops out at 60 mph. Obviously, an average highway speed of 48.3 mph is not reflective of normal highway speeds and will result in inflated mpg versus normal highway driving conditions. In addition, the fuel used for these tests is a special fuel that is more efficient than fuel used by consumers in normal driving conditions. Also, the test lasts about 95 minutes with the car's air conditioning on for just 10 minutes of that time. Finally, the test is performed with only the driver, who is a professional driver whose job is to maximize the results of the test. Each of these issues results in a test mpg figure that is inflated over what can be expected in real world driving conditions and, as such, is improper to use for purposes of representing to customers what they can expect from the vehicle in real life driving conditions.

18.     Additionally, the EPA relies on automakers to conduct their own tests, and self-report the results. The agency physically tests and audits only about 15% of the models on the market.

19.     As a result of the tremendous difference in driving conditions between the EPA testing and normal, real-world driving, the EPA mileage estimates are substantially inflated in comparison to the mileage attained by the same models driven in the real world.

20.     On its website, the EPA acknowledges this discrepancy by stating the rating "may not accurately predict the average MPG you will get." In fact, the EPA, which requires that auto manufacturers place window stickers on new models with the EPA city and highway estimates printed on them, also requires on the sticker as a significant, material disclosure the words, "[a]ctual mileage *will vary*," pursuant to 40 C.F.R. § 600.307-86(a)(ii)(A). (Emphasis added.)

CLASS ACTION COMPLAINT

21.     However, Plaintiff does not challenge the EPA figures for the subject vehicles or the manner in which those figures were calculated, subject to confirmation that the EPA estimates for these vehicles were the result of the EPA-approved testing conditions.  Instead, Plaintiff challenges HYUNDAI's systematic advertising scheme that misleadingly and unfairly uses the EPA mileage numbers to represent and imply that the  miles-per-gallon highway EPA estimate reflects actual, expected mileage under normal, real-world driving conditions.

22.     Plaintiff and the putative class reasonably relied on HYUNDAI's material false representations that its vehicles would achieve the advertised highway miles per gallon during normal, real-world highway use.  A reasonable consumer would expect and rely on HYUNDAI's advertisement that the listed miles per gallon would be reflective of the miles per gallon they could expect to get in normal driving condition.  Furthermore, a reasonable consumer in today's market attaches material importance to advertisements of high gas mileage, as fuel efficiency is one of the most, if not *the* most, important considerations in making purchasing decisions for most consumers.

# IV

## CLASS ACTION ALLEGATIONS

23.     Plaintiff initially proposes a Nationwide class – the "Class" – in litigating this case, as defined as follows:

> All owners of 2010-2012 Hyundai models who purchased their vehicles in the United
> States.

Excluded from the above class is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

24.     Alternatively, Plaintiff proposes a California class, as defined as follows:

> All owners of 2010 -2012 Hyundai models who purchased their vehicles in California.

Excluded from the above class is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

25.     This action is brought as a class action and may properly be so maintained pursuant to the provisions of California Code of Civil Procedure section 382 and California Civil Code section 1781. Plaintiff reserves the right under Rule 1855(b), California Rules of Court, to amend or modify the Class

-7-

CLASS ACTION COMPLAINT

1   description with greater specificity or further division into subclasses or limitation to particular issues,

2   based on the results of discovery.

3        26.   **Numerosity of the Class** – The members of the Class are so numerous that their

4   individual joinder is impracticable.  Plaintiff is informed and believes that there are at least thousands of

5   purchasers in the class.  Inasmuch as the class members may be identified through business records

6   regularly maintained by Defendant and its employees and agents, and through the media, the number

7   and identities of class members can be ascertained.  Members of the Class can be notified of the pending

8   action by e-mail, mail, and supplemented by published notice, if necessary;

9        27.   **Existence and Predominance of Common Question of Fact and Law** – There are

10   questions of law and fact common to the Class.  These questions predominate over any questions

11   affecting only individual class members.  These common legal and factual issues include, but are not

12   limited to:

13        a.   Whether the subject vehicles achieve gas mileage materially lower than the advertised

14             expected mileage;

15        b.   Whether the subject vehicles achieve mileage range on a single tank of gas materially

16             less than the advertised expected range.

17        c.   Whether HYUNDAI's advertisements were false and deceptive in advertising the

18             expected mileage of the subject vehicles in normal, real-world highway usage;

19        d.   Whether HYUNDAI's advertisements failed to provide material disclosures that the

20             expected gas mileage cannot be achieved in normal, real-world highway usage;

21        e.   Whether HYUNDAI's conduct violates the laws as set forth in the causes of action.

22        28.   **Typicality** – The claims of the representative Plaintiff are typical of the claims of each

23   member of the Class.  Plaintiff, like all other members of the Class, has sustained damages arising from

24   Defendant's violations of the laws, as alleged herein.  The representative Plaintiff and the members of

25   the Class were and are similarly or identically harmed by the same unlawful, deceptive, unfair,

26   systematic, and pervasive pattern of misconduct engaged in by Defendant.

27        29.   **Adequacy** – The representative Plaintiff will fairly and adequately represent and protect

28   the interests of the Class members and has retained counsel who are experienced and competent trial

CLASS ACTION COMPLAINT

1  lawyers in complex litigation and class action litigation.  There are no material conflicts between the

2  claims of the representative Plaintiff and the members of the Class that would make class certification

3  inappropriate.  Counsel for the Class will vigorously assert the claims of all Class members.

4      30.   **Predominance and Superiority** – This suit may be maintained as a class action under

5  California Code of Civil Procedure section 382, California Civil Code section 1781, and Federal Rule of

6  Civil Procedure 23(b)(3), because questions of law and fact common to the Class predominate over the

7  questions affecting only individual members of the Class and a class action is superior to other available

8  means for the fair and efficient adjudication of this dispute.  The damages suffered by individual class

9  members are small compared to the burden and expense of individual prosecution of the complex and

10 extensive litigation needed to address Defendant's conduct.  Further, it would be virtually impossible for

11 the members of the Class to individually redress effectively the wrongs done to them.  Even if Class

12 members themselves could afford such individual litigation, the court system could not.  In addition,

13 individualized litigation increases the delay and expense to all parties and to the court system resulting

14 from complex legal and factual issues of the case.  Individualized litigation also presents a potential for

15 inconsistent or contradictory judgments.  By contrast, the class action device presents far fewer

16 management difficulties; allows the hearing of claims which might otherwise go unaddressed because of

17 the relative expense of bringing individual lawsuits; and provides the benefits of single adjudication,

18 economies of scale, and comprehensive supervision by a single court.

19     31.   The Class Plaintiff contemplates the eventual issuance of notice to the proposed Class

20 members setting forth the subject and nature of the instant action.  Upon information and belief,

21 Defendant's own business records and electronic media can be utilized for the contemplated notices.  To

22 the extent that any further notices may be required, the Class Plaintiff would contemplate the use of

23 additional media and/or mailings.

24     32.   In addition to meeting the California statutory prerequisites of a Class Action, this action

25 is properly maintained as a Class Action pursuant to Rule 23(b) of the Federal Rules of Civil Procedure,

26 in that:

27         a.   Without class certification and determination of declaratory, injunctive, statutory and

28 other legal questions within the class format, prosecution of separate actions by individual members of

CLASS ACTION COMPLAINT

the Class will create the risk of:

        i.    Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the parties opposing the Class; or

        ii.    Adjudication with respect to individual members of the Class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

        b.  The parties opposing the Class have acted or refused to act on grounds generally applicable to each member of the Class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the Class as a whole; or

        c.  Common questions of law and fact exist as to the members of the Class and predominate over any questions affecting only individual members, and a Class Action is superior to other available methods of the fair and efficient adjudication of the controversy, including consideration of:

        i.    The interests of the members of the Class in individually controlling the prosecution or defense of separate actions;

        ii.    The extent and nature of any litigation concerning controversy already commenced by or against members of the Class;

        iii.    The desirability or undesirability of concentrating the litigation of the claims in the particular forum;

        iv.    The difficulties likely to be encountered in the management of a Class Action.

## FIRST CAUSE OF ACTION
### (Violation of California Business & Professions Code Sections 17200, *et seq.* – Unfair Business Practices Act)

33.    Plaintiff incorporates by reference and realleges all paragraphs previously alleged herein.

34.    The Unfair Business Practices Act defines unfair business competition to include any "unfair," "unlawful," or "fraudulent" business act or practice.  The Act also provides for injunctive relief, restitution, and disgorgement of profits for violations.

-10-

35.    Defendant's unlawful, unfair, and fraudulent business acts and practices are described throughout this Complaint and include, but are not limited to, falsely advertising the expected gas mileage of the subject vehicles, falsely advertising the expected range of the vehicle on a single tank of gas, and failing to disclose that the advertised expected mileage are unachievable and differ materially from real-life highway performance.

36.    In addition to the above, the conduct as alleged throughout the complaint constitutes a violation of False Advertising Laws (Cal. Bus. & Prof. Code § 17500, *et seq.*), the Consumer Legal Remedies Act (Cal. Civ. Code § 1750, *et seq.*), statutory Deceit (Cal. Civ. Code § 1710), and fraud and negligent misrepresentation that not only result in liability as individual causes of action, they also provide a basis for a finding of liability under California Business and Professions Code § 17200, *et seq.*

37.    Furthermore, Defendant's practices violate the declared legislative policies as set forth by the Federal government in 40 C.F.R. § 600.307(a)(ii)(A).

38.    Plaintiff and the Class members, and each of them, have been damaged by said practices. Pursuant to California Business and Professions Code §§ 17200 and 17203, Plaintiff, on behalf of herself and all others similarly situated, seeks relief as prayed for below.

**SECOND CAUSE OF ACTION**
**(Violation of California Business & Professions Code Sections 17500, *et seq.* –**
**False Advertising Laws)**

39.    Plaintiff incorporates by reference and realleges all paragraphs previously alleged herein.

40.    Defendant disseminated advertisements in print, online, and television formats materially misleading and deceptive information and omitted material information, as discussed throughout the Complaint, for purposes of inducing customers to purchase the subject vehicles, in violation of California Business and Professions Code § 17500, *et seq.*

41.    Plaintiff and the Class, and each of them, have been damaged by said practice and seeks relief as prayed below.

**THIRD CAUSE OF ACTION**
**(Violation of California Civil Code Section 1750 *et seq.* –**
**Consumer Legal Remedies Act)**

42.    Plaintiff incorporates by reference and realleges all paragraphs previously alleged herein.

CLASS ACTION COMPLAINT

43.     The following definitions come within the meaning of the Consumer Legal Remedies Act (Cal. Civ. Code § 1750, *et seq.*):

      a.   The members of the Class, all of whom purchased the subject vehicles manufactured and sold by HYUNDAI are "consumers" (Cal. Civ. Code § 1761(d));

      b.   Defendant HYUNDAI is a "person" (Cal. Civ. Code § 1761(c));

      c.   Plaintiff's and each and every Class members' purchase of the subject vehicle constitute a "transaction" (Cal. Civ. Code § 1761(e)); and

      d.   The subject vehicles are "goods" (Cal. Civ. Code § 1761 (a)).

44.     The acts and practices of Defendant as discussed throughout the Complaint, constitute "unfair or deceptive acts or practices" by Defendant, that are unlawful, as enumerated in section 1770(a) of the California Civil Code.

45.     Such misconduct materially affected the purchasing decisions of Plaintiff and the members of the Classes.

46.     Plaintiff seeks restitution and injunctive relief pursuant to California Civil Code § 1780.

**FOURTH CAUSE OF ACTION**
**(Fraud)**

47.     Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged herein.

48.     The misrepresentations, nondisclosure, and/or concealment of material facts made by Defendant to Plaintiff and the members of the Class, as set forth above, were known, or through reasonable care should have been known, by Defendant to be false and material and were intended by Defendant to mislead Plaintiff and the members of the Class.

49.     Plaintiff and the Class were actually misled and deceived and were induced by Defendant to purchase the subject vehicles which they would not otherwise have purchased.

50.     As a result of the conduct of Defendant, Plaintiff and the Class members have been damaged.  In addition to such damages, Plaintiff seeks punitive or exemplary damages pursuant to California Civil Code § 3294 in that Defendant engaged in "an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury."

-12-

**FIFTH CAUSE OF ACTION**
**(Negligent Misrepresentation)**

51.     Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged herein.

52.     Defendant had a duty to provide honest and accurate information to its customers so that customers could make informed decisions on the substantial purchase of automobiles.

53.     Defendant specifically and expressly misrepresented material facts to Plaintiff and Class members, as discussed above.

54.     Defendant knew or in the exercise of reasonable diligence should have known, that the ordinary consumer would be misled by Defendant's misleading and deceptive advertisements.

55.     Plaintiff and the Class members justifiably relied on Defendant's misrepresentations and have been damaged thereby.

**SIXTH CAUSE OF ACTION**
**(California Civil Code § 1710 - Deceit)**

56.     Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged herein.

57.     Based on Defendant's conduct as discussed above, Defendant has engaged in fraud and deceit as set forth in California Civil Code § 1710.  Plaintiff and the Class members have reasonably relied on the material misrepresentations and omissions made by Defendant and have been damaged thereby.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the members of the Class, demands judgment against and general and special relief from Defendant as follows:

1.     An order certifying that the action may be maintained as a Class Action as defined herein and appointing Plaintiff and her counsel of record to represent the defined Class;

2.     An order enjoining Defendant under California Business and Professions Code §§ 17203 and 17535 and California Civil Code §§ 1780 and 1781:

a. To rescind the sales of subject vehicles purchased in California and/or reimburse Plaintiff and the Class members the purchase price for those subject vehicles as

CLASS ACTION COMPLAINT

1  restitution of all funds improperly obtained by Defendant as a result of such acts and

2  practices declared by this Court to be an unlawful, fraudulent, or an unfair business act

3  or practice, a violation of laws, statutes, or regulations, or constituting unfair

4  competition;

5     b. To disgorge all profits and compensation improperly obtained by Defendant as a result

6     of such acts and practices declared by this Court to be an unlawful, fraudulent, or

7     unfair business act or practice, a violation of laws, statutes, or regulations, or

8     constituting unfair competition; and

9     c. To cease engaging in false advertising and to disseminate an informational campaign to

10    correct its misrepresentations and material omissions.

11   3. For damages under the causes of action for fraud, negligent misrepresentation and

12 statutory Deceit;

13   4. For punitive damages, pursuant to California Civil Code § 3294;

14   5. For reasonable attorney's fees and costs, pursuant to California Code of Civil Procedure

15 § 1021.5 and other statutes as may be applicable;

16   6. For prejudgment interest to the extent allowed by law;

17   7. For costs of suit incurred herein;

18   8. For such other and further relief as the Court deems appropriate.

19

20 DATED: January 5, 2012.     McCuneWright, LLP

21

22         BY:

23          Richard D. McCune
         Attorney for Plaintiff

24

25

26

27

28

CLASS ACTION COMPLAINT



2012 HYUNDAI
ELANTRA | ELANTRA TOURING

EXHIBIT 1



**"...STYLISH, AUTHENTICALLY SOPHISTICATED AND CONTENT RICH."**

— *Motor Trend, July 2011*

EXHIBIT 1

## 2012 ELANTRA CLASS REDEFINED

The number of accolades heaped upon the Hyundai Elantra this past year reflects a car that has done more than outclass its class. It has redefined the very idea of what a compact car can be.

It's something readily seen in Elantra's sleek, modern styling. And unmistakably felt as the compact exterior dimensions transform into midsize[4] dimensions once you slip inside a comfortable, feature-rich cabin *Motor Trend* described as "...better inside than some Lexuses."[2]

The availability of two trim levels let you choose between a well-equipped GLS or a more luxurious Limited model that adds heated front and rear seats, a power sunroof, 17-inch alloy wheels, and more. Both offer 40-mpg fuel efficiency[3] and an arsenal of advanced safety features: Six airbags. Vehicle Stability Management. Four-wheel disc brakes with ABS. The list is long, which explains why Elantra was awarded a 2011 Top Pick by the Insurance Institute for Highway Safety (IIHS).[4]

And we're just getting warmed up. Elantra has taken top honors this year in one comparison after another. In a shootout of five compact cars, *Cars.com* and *USA Today* found Elantra to be the "Best Value: Price to Pump".[1] In a similar showdown against seven other leading contenders, *Motor Trend* awarded Elantra the top spot.[2] A quick trip to your Hyundai dealer is all you'll need to discover the long list of features that put the 2012 Elantra on everyone's short list.



*OVERALL WINNER* – Cars.com/USA Today Shootout, June 2011
*OVERALL WINNER* – Motor Trend Shootout, July 2011
*BEST VALUE: PRICE TO PUMP* – Cars.com, June 2011

## 29 MPG CITY | 40 MPG HWY

[1] www.nada.gov. [2]Comparison: Best-Selling Compact Sedans – Motor Trend, July 2011. EPA estimates listed are highway ratings for comparison. Your actual mileage will vary with options, driving conditions, driving habits and your vehicle's condition. [3]www.fhs.org/ratings. [4] "Best Value: Price to Pump" Award – Cars.com, June 13, 2011.

EXHIBIT 1



2011 BEST NEW CAR – About.com
2011 CAR OF THE YEAR – AutoSpecs.com
VEHICLE SATISFACTION AWARD – AutoPacific

LIMITED IN GRAY LEATHER

01/06/12

EXHIBIT 1

2012 ELANTRA COMFORT & CONVENIENCE

## AN INTERIOR PUNCTUATED WITH EXPERTLY DESIGNED SPACES. AND A FEW EXCLAMATION POINTS.

Inside, Elantra greets you with best-in-class front legroom and an interior so spacious, the U.S. EPA classifies it as a mid-sized car. A quick survey of the cockpit confirms Hyundai's designers have put all that space to good use. The fluid lines of Elantra's expertly appointed interior lead your eyes to large, beautifully lit gauges on the instrument panel and an ergonomic center console that helps your fingertips quickly locate any knob or button. Expertly integrated storage spaces let you stash your sunglasses, cell phone, water bottles and more, while steering-wheel-mounted audio, cruise and phone controls help keep your hands on the task of driving as you check your voicemail. Choose your music. Set your speed. And enjoy your drive.





With a complimentary 3-month subscription to SiriusXM® Satellite Radio, you can plug into more than 170 channels of digital music, news, talk and sports programming.³



Navigate your iPod® playlists using the available steering-wheel audio controls or the head unit, which displays song artists and titles.¹ The standard 6-speaker, 172-Watt audio system keeps your ears entertained while you navigate traffic.



A navigation system featuring a 7-inch touchscreen, voice recognition and a rearview backup camera is available with Elantra Limited. It also includes XM NavTraffic® for live traffic updates, XM NavWeather™ and XM Sports and Stocks feeds.²



In addition to heated front seats, Elantra Limited comes standard with heated rear seats as well — a first within the compact car segment.



From sun worshipping to star gazing, a power tilt-and-slide, one-touch glass sunroof lets you add a large swath of sky to the spacious interior.¹



Elantra's available built-in microphone and speaker deliver exceptional Bluetooth® hands-free phone clarity and audio streaming when used with compatible phones.²

EXHIBIT 1

01/06/12





EXHIBIT 1

2012 ELANTRA PERFORMANCE & SAFETY

# TOP SAFETY PICK. TOP FUEL ECONOMY. AND AN IMPRESSIVE BOTTOM LINE.

Earning a Top Safety Pick rating from the Insurance Institute for Highway Safety – as Elantra has done in 2011 – is a big deal. It requires a level of safety design and engineering that goes above and beyond in critical areas like high-speed frontal crash tests, side crash tests and rollover tests. So it's no wonder Elantra drivers feel secure in putting the car's 148 horses beneath the hood through their paces. A lightweight, compact engine design features the best power-to-weight ratio in its class, which accelerates both your fun factor and fuel economy. Perhaps *The New York Times* summed it up best when they observed, "Elantra drivers will look good, but they will also look smart."*







Elantra comes with Vehicle Stability Management and Electronic Stability Control with Traction Control System. These electronic sentinels help keep your car riveted to the road and heading in the direction you intend.†

Our six-airbag safety system offers peace of mind at every seating position.³ According to the Insurance Institute for Highway Safety, this combination of airbags can reduce fatalities up to 45%.⁴

An Anti-lock Brake System with Brake Assist helps maintain vehicle control during emergency braking. Electronic Brake-force Distribution progressively maintains optimal brake pressure at all four corners to provide even more quick-stop stability.



An aluminum engine block and head contribute lighter weight and better fuel efficiency, while a unibody chassis forged from high-tensile steel improves body stiffness for a smoother ride with less vibration and better handling.

Dual Continuously Variable Valve Timing technology optimizes intake and exhaust valve timing for better fuel economy, improved performance and lower emissions.

Hyundai's 6-speed automatic transmission features SHIFTRONIC manual shift mode, allowing you to manually take charge over gear shifting on inclines, winding roads or freeway passing lanes.



EXHIBIT 1



EXHIBIT 1

01/06/12



**2012 ELANTRA TOURING ROOM FOR FUN**

## WE ADDED MORE ROOM.
## SO YOU CAN ADD MORE FUN AND ADVENTURE.

Add more room, and more driving enjoyment is sure to follow. Which is why Elantra Touring features the longest wheelbase in its class (106.3 inches) and an overall length that surrounds up to five occupants with class-leading passenger volume. Not to mention abundant cargo room – 10 percent more than its nearest competitor. The Touring model offers two trim levels: GLS and SE. Both come with a 138-hp inline-4 engine that sips fuel, and a 5-speed manual or optional 4-speed automatic transmission. The SE cranks up the fun factor with a sport-tuned suspension, short-throw B&M Racing® Sport Shifter, 17-inch alloy wheels and roof rails that let you pack what you need for extending your fun beyond the blacktop.[1]





The Elantra Touring was named "Best Car For The Money 2011" by *U.S. News & World Report*, receiving top honors in the *Affordable Compact Wagon* category.[2]

Fold down Elantra Touring's 60/40 split rear seatbacks, and a best-in-class 65.3 cubic feet of space allows for getaways that require more gear.

The standard AM/FM/XM/CD/MP3 audio system with six speakers incorporates auxiliary and USB input jacks for iPod® or MP3 players.

The SE offers an upgraded interior featuring a leather-wrapped steering wheel, leather-wrapped shift knob, leather seating surfaces and heated front seats. Go ahead, indulge your senses.



A six-airbag safety system. Four-wheel disc brakes with ABS. Electronic Stability and Traction Control Systems. Peace of mind. All standard on Elantra Touring.



# 2012 ELANTRA & ELANTRA TOURING LINE-UP







| POWER / PERFORMANCE | ELANTRA GLS | ELANTRA | ELANTRA TOURING |
|---|---|---|---|
| 1.8L DOHC 4-cylinder engine with Dual Continuously Variable Valve Timing | S | S | – |
| 2.0L DOHC 4-cylinder engine with Continuously Variable Valve Timing | – | – | S |
| 6-speed manual transmission | S | – | S |
| 5-speed manual transmission | – | – | S |
| 6-speed automatic transmission | O | – | O |
| 6-speed automatic transmission with SHIFTRONIC® | – | O | – |
| B&M Racing® Sport Shifter (M/T) | – | – | S |
| Electronic power steering | S | S | S |
| Active ECO System (A/T only) | O | S | – |
| 17" EuroRange alloy wheels | – | S | – |
| 17" alloy wheels with chrome inserts | – | – | S |
| 16" alloy wheels | O | – | S |
| 16" steel wheels with full wheel covers | O | – | – |
| 15" steel wheels with full wheel covers | S | – | – |
| COMFORT / CONVENIENCE | | | |
| Leather seating surfaces | – | S | – |
| Leather-wrapped steering wheel and shift knob | – | S | – |
| Heated front seats | – | S | S |
| Heated rear seats | – | S | – |
| Air conditioning | O | S | S |
| Trip computer | S | O | S |
| 60/40 split fold-down rear seatback & rear-seat center armrest with cupholders | S | S | S |
| Center console with storage compartment and armrest | S | S | S |
| 8-way adjustable driver seat | – | O | S |
| 6-way adjustable driver seat | S | – | – |
| Tilt-and-telescopic steering wheel | O | S | S |
| Power windows with driver auto-down | S | S | S |
| Power door locks | S | S | S |
| Dual power heated mirrors | S | S | S |
| Proximity key entry with electronic push-button start | – | O | – |
| Keyless entry system with alarm | S | S | S |
| Rear defroster | S | S | S |
| Rear 12-volt power retained outlet | – | S | S |
| Cruise control | O | S | S |

| ENTERTAINMENT SYSTEMS | ELANTRA | LIMITED |
|---|---|---|
| AM/FM/XM®/CD/MP3 audio system with 6 speakers | S | S |
| 360-Watt premium audio with digital external amp | – | O |
| Navigation system with 7" touchscreen and rearview camera | – | O |
| Bluetooth® hands-free phone system | O | S |
| iPod®/USB auxiliary input jacks | S | S |
| **SAFETY / SECURITY** | | |
| Vehicle Stability Management System | S | S |
| Electronic Stability Control with Traction Control System | S | S |
| 6-airbag safety system with advanced dual front airbags and Occupant Classification System | S | S |
| 4-wheel disc Anti-lock Braking System with Electronic Brake-force Distribution | S | S |
| Front seatbelt pretensioner | S | S |
| Daytime running lights | S | S |
| Tire Pressure Monitoring System | S | S |
| Fog lights | O | S |
| **STYLE / FUNCTIONALITY** | | |
| Black chrome grille | – | S |
| Limited Badge | – | S |
| Outside mirrors with integrated turn signal indicators | – | S |
| Power glass tilt-and-slide safety one-touch sunroof | S | S |
| Bodyside door handles and mirrors | O | S |
| Solar glass | S | S |
| Windshield sunshade band | O | – |
| Steering wheel audio controls | S | S |
| One-touch triple turn signal | – | O |
| Headlight welcome function | S | S |
| Front 2-speed intermittent wiper | S | S |

| | ELANTRA / ELANTRA TOURING | ELANTRA TOURING |
|---|---|---|
| EPA MILEAGE ESTIMATES (CITY / HIGHWAY / COMBINED) | 29 / 40 / 33 (M/T)<br>23 / 31 / 26 (M/T) | 29 / 40 / 33 (A/T)<br>23 / 30 / 26 (A/T) |

Fuel economy estimated by EPA for comparison only. While the information contained in this brochure was correct at the time of printing, specifications and equipment can change. Feature comparisons based on competitor information available at time of printing. No warranty or guarantee is being extended in this brochure, and Hyundai reserves the right to change product, specifications and equipment at any time without incurring obligations. Some vehicles are shown with optional equipment. Specifications apply to U.S. vehicles only. Please contact your Hyundai dealer for current vehicle specifications.

S = STANDARD    O = OPTIONAL FEATURE    – = NOT AVAILABLE

EXHIBIT 1

01/06/12



2012 ELANTRA EXTERIOR COLORS

SHIMMERING WHITE

BLUE SKY METALLIC

DESERT BRONZE

SILVER

INDIGO NIGHT

TITANIUM GRAY METALLIC

RED ALLURE

BLACK

INTERIOR COLORS

BEIGE LEATHER

BEIGE CLOTH

GRAY LEATHER

GRAY CLOTH

BLACK LEATHER

2012 ELANTRA TOURING EXTERIOR COLORS

DOVE WHITE

VOLCANIC RED

SHIMMERING SILVER

ATLANTIC BLUE

TITANIUM GRAY METALLIC

BLACK NOIR PEARL

INTERIOR COLORS

BEIGE CLOTH

BLACK CLOTH

PREMIUM BEIGE CLOTH

PREMIUM BLACK CLOTH

BEIGE LEATHER

BLACK LEATHER

AMERICA'S BEST WARRANTY

**10** YEARS **100,000** MILES
POWERTRAIN LIMITED WARRANTY

**7** YEARS **UNLIMITED** MILES
ANTI-PERFORATION WARRANTY

**5** YEARS **60,000** MILES
NEW VEHICLE LIMITED WARRANTY

**5** YEARS **UNLIMITED** MILES
24-HOUR ROADSIDE ASSISTANCE

See dealer for LIMITED WARRANTY details.

As part of Hyundai's commitment to a sustainable environment, this brochure is printed using paper certified by the Forest Stewardship Council. FSC certification assures that the highest social and environmental standards are met in the making of the paper we use, contributing to conservation, responsible management, and community-level benefits for people near the forests.

MIX
Paper from
responsible sources
FSC® C081695

EXHIBIT 1



EXHIBIT 1



01/06/12

**EXHIBIT 2**





EXHIBIT 3

**ORIGINAL** CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Richard D. McCune (#132124)
McCuneWright, LLP
2068 Orange Tree Lane, Suite 216
Redlands, CA 92374
TELEPHONE NO.: 909.557.1250    FAX NO.: 909.557.1275
ATTORNEY FOR *(Name):* Plaintiff, Kehlie R. Espinosa and putative class

*FOR COURT USE ONLY*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JAN 06 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Shaunya Wesley

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: P.O. Box 1511
CITY AND ZIP CODE: Los Angeles, CA 90053
BRANCH NAME: Central District

CASE NAME:
Kehlie R. Espinosa v. Hyundai Motor America, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC 476445 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* Six (6)
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 5, 2012
Richard D. McCune
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

ORIGINAL

| SHORT TITLE: Espinosa v. Hyundai Motor America, et.al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES  CLASS ACTION? ☑ YES  LIMITED CASE? ☐ YES  TIME ESTIMATED FOR TRIAL 10 ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

| SHORT TITLE: Espinosa v. Hyundai Motor America, et al. | CASE NUMBER |
|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | | |
| Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | ☐ A8010  Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | | |
| Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F  Unlawful Detainer-Post-Foreclosure | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE: Espinosa v. Hyundai Motor America, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 | Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 | Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151 | Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152 | Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153 | Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150 | Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 | Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 | Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 | Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 | Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 | Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 | Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A8141 | Sister State Judgment | 2., 9. |
| | | ☐ A6160 | Abstract of Judgment | 2., 6. |
| | | ☐ A6107 | Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140 | Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114 | Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112 | Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 | Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 | Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040 | Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011 | Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☑ A6000 | Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A8113 | Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 | Civil Harassment | 2., 3., 9. |
| | | ☐ A6123 | Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124 | Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190 | Election Contest | 2. |
| | | ☐ A6110 | Petition for Change of Name | 2., 7. |
| | | ☐ A8170 | Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100 | Other Civil Petition | 2., 9. |

| SHORT TITLE: Espinosa v. Hyundai Motor America, et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>111 N. Hill Street |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA    ZIP CODE:<br>90053 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _Los Angeles_ courthouse in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: _January 5, 2012_

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

**FILED**
FOR COURT USE ONLY
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

**JAN 06 2012**

John A. Clarke, Executive Officer/Clerk

BY_____, Deputy
Shaunya Wesley

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HYUNDAI MOTOR AMERICA; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KEHLIE R. ESPINOSA, on behalf of herself and all others similarly situated,

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER:**
*(Número del Caso):*
**BC 476445**

Los Angeles County Superior Court
111 N. Hill Street, Los Angeles, CA 90053

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Richard D. McCune/McCuneWright, LLP, 2068 Orange Tree Ln, #216, Redlands, CA 92374 / 909.557.1250

DATE:          **JAN 06 2012**                    Clerk,          _____, Deputy
*(Fecha)*                                        *(Secretario)*     **Shaunya Wesley**      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL] SUPERIOR COURT LOS ANGELES CALIFORNIA

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# EXHIBIT 2

1    QUINN EMANUEL URQUHART
      & SULLIVAN, LLP
2     Shon Morgan (Bar No. 187736)
      shonmorgan@quinnemanuel.com
3     Valerie Roddy (Bar No. 235163)
      valerieroddy@quinnemanuel.com
4     Joseph R. Ashby (Bar No. 248579)
      josephashby@quinnemanuel.com
5    865 South Figueroa Street, 10th Floor
     Los Angeles, California  90017-2543
6    Telephone:    (213) 443-3000
     Facsimile:     (213) 443-3100
7

8    Attorneys for Defendant Hyundai Motor
     America

9

10            SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                  COUNTY OF LOS ANGELES

12                   CENTRAL CIVIL WEST

| | |
|---|---|
| 13   KEHLIE R. ESPINOSA, on behalf of herself and all others similarly situated, | CASE NO. BC 476445 |
| 14                   Plaintiffs, | **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT** |
| 15            vs. | Judge:       Hon. Elihu M. Berle |
| 16   HYUNDAI MOTOR AMERICA; and | Department:   323 |
| 17   DOES 1 through 10, inclusive, | Trial Date:    None Set |
| 18           Defendants. | |

19

20

21

22

23

24

25

26

27

28

1         PLEASE TAKE NOTICE that defendant Hyundai Motor America has

2  removed this action to the United States District Court for the Central District of

3  California.  A true and correct copy of the notice of removal filed in federal court is

4  attached as Exhibit A (exhibits to this Exhibit, which are the complaint and instant notice

5  of removal are omitted for the Court's convenience, but will be provided upon request).

6  Pursuant to 28. U.S.C. § 1446(d), "the State court shall proceed no further unless and until

7  the case is remanded."

8

9  DATED:  January 30, 2012        QUINN EMANUEL URQUHART

10                               & SULLIVAN, LLP

11

12                      By

13                          Shon Morgan

14                          Attorneys for Defendant Hyundai Motor
                               America

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-1-
NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT