QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Shon Morgan (Bar No. 187736)
    shonmorgan@quinnemanuel.com
  Valerie Roddy (Bar No. 235163)
    valerieroddy@quinnemanuel.com
  Joseph R. Ashby (Bar No. 248579)
    josephashby@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Defendant Hyundai Motor America

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| KEHLIE R. ESPINOSA, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HYUNDAI MOTOR AMERICA; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. CV 12-0800-GW (FFMx)<br><br>**DEFENDANT HYUNDAI MOTOR AMERICA'S OPPOSITION TO NOTICE OF RELATED CASE**<br><br>Hon. George Wu<br><br>Crtrm.:     10 (Spring St.)<br><br>Filing Date: January 6, 2012 |

## Argument

Plaintiff Kehlie R. Espinosa's notice of related case suggests that every lawsuit relating to auto advertising that includes miles-per-gallon measured according to the testing protocol established by the Environmental Protection Agency must be transferred to the Honorable Gary A. Feess. Plaintiff's position is inconsistent with the standards for related case designation and reveals transparent judge-shopping. Indeed, when *Kim v. General Motors, LLC*, Case No. CV 11-06459 GAF (MRWx) ("*Kim*") itself was filed another case making similar allegations was already pending, yet Kim did not seek to relate those cases. That class action, *Gray v Toyota Motor Sales, U.S.A.*, was later dismissed with prejudice on the pleadings. Plaintiff's counsel's transparent judge-shopping is also reflected in the timing of the notice of related case. Counsel for plaintiff Espinosa, McCuneWright, is also counsel for plaintiff Kim in the *Kim* lawsuit, thus plaintiff's counsel knew of the purported relationship between these cases at the time of removal but waited until Hyundai's motion to dismiss was filed and calendared to file the notice of related case.

No substantial legal or factual overlap exists between this action and *Kim*. Plaintiff contends these cases are related under Local Rule 83-1.3.1(b) because the cases appear "[t]o call for determination of the same or substantially related or similar questions of law and fact," or Local Rule 83-1.3.1(c) because the cases appear to "entail substantial duplication of labor if heard by different judges." (Notice at 2:8-11). Comparison of this action with the *Kim* action shows that neither of these tests are satisfied.

**This case and *Kim* do not involve the same or substantially similar questions of law or fact.** Plaintiff in this action alleges she purchased a 2012 Hyundai Elantra from Cerritos Hyundai in Cerritos, California on October 17, 2011. (Compl. ¶ 8.) Plaintiff alleges she "made her decision to purchase a Hyundai Elantra" after viewing "television, print and online Hyundai" advertisements.

(Compl. ¶ 4; *see also* Compl. ¶¶ 8, 9, 10, 22.)   Plaintiff alleges the Hyundai website includes the statement "the Elantra goes further with less.   40 mpg Hwy standard" and that at Cerritos Hyundai there was a banner with the statement "Tired of High Gas Prices? 40 MPG", though plaintiff does not allege she saw either statement.   (Compl. ¶ 9.)   Plaintiff attached to her Complaint a purported printout from the Hyundai website, a Hyundai brochure, and a photo of the banner at Cerritos Hyundai.   (Compl. Exs. 1-3.)

By contrast, in *Kim* plaintiff Yung Kim alleges he purchased a 2011 GMC Terrain from Parkway Motorcars in Valencia, California on January 3, 2011.   (*Kim v. General Motors, LLC,* Case No. CV 11-06459 GAF (MRWx), Docket No. 4, ("*Kim* FAC"), FAC ¶ 5.)   Plaintiff Kim alleges he "shopped for an extended period," "went to the dealership on numerous occasions," reviewed "Motor Trend, Wired, and Road & Track," and reviewed "GM websites, television commercials, and print advertisements in magazines."   (*Kim* FAC ¶¶ 10, 11.)   Plaintiff Kim alleges a brochure for the 2011 GMC Terrain included the statements "that the Terrain 'has the best highway fuel economy in its class at 32 highway miles per gallon'", "UP TO 600 HWY MILES", and "AT 32 HIGHWAY MILES PER GALLON, WE GAVE IT BETTER FUEL ECONOMY THAN ANY SUV OR CROSSOVER".   (*Kim* FAC ¶ 11.)   Plaintiff Kim attached to his first amended complaint what purportedly are three excerpts from brochures for the 2011 GMC Terrain and an advertisement for the 2011 GMC Terrain in Road & Track magazine.

This action and the *Kim* action do not arise out of the same, substantially related, or substantially similar questions of law and fact.   The cases involve different plaintiffs, defendants, vehicles, car dealerships, and advertising.   Plaintiff cannot satisfy the requirement of Local Rule 83-1.3.1(b) simply by describing both cases as involving "auto manufacturers" that advertise vehicles "without disclosing, or inadequately disclosing, that the advertised gas mileage was not an estimate of real world mileage".   (Notice at 2:16-23.)   This level of abstraction disregards the

requirement in Local Rule 83-1.3.1(b) that the cases involve the "*same . . .* questions of law and fact" or "*substantially* related or similar questions of law and fact." L.R. 83-1.3.1(b) (emphasis added).   If the proposed level of abstraction were the law then, for example, all wage and hour class actions in the Central District would be pending before a single federal judge regardless whether they involve different plaintiffs, defendants, or employer policies.   Plaintiff's level of abstraction would require all of these cases to be before a single federal judge simply because they involve similar legal issues, *i.e.,* were employees misclassified as exempt from overtime payment.   Here, even answering the abstract question plaintiff proposes will involve different questions of law and fact because, as alleged in the complaints, the challenged advertisements substantially differ, as will each vehicles' actual performance.

**The actions will not "entail substantial duplication of labor if heard by different judges."**   Plaintiff asserts the cases are related on this basis but does not articulate how having the cases heard by different judges would "entail substantial duplication of labor."   The fact that Judge Feess will consider the advertising of mpg pursuant to the EPA testing protocol as used in *different* advertisements for a *different* vehicle by a *different* defendant does not mean a transfer will conserve judicial resources.   If plaintiff's argument were accepted, then all federal class action cases in the Central District involving advertising of mpg pursuant to the EPA testing protocol, regardless of the vehicle, plaintiff, or defendant, would be before a single federal judge.   Clearly, this result is not contemplated by Local Rule 83-1.3.   This is demonstrated by plaintiff Kim's decision not to seek to relate *Kim* to *Gray v. Toyota Motor Sales, U.S.A*, Case No. CV 08-1690 PSG (JCx), which alleged Toyota failed to disclose that the "actual fuel efficiency of Prius vehicles is materially and significantly lower than the EPA mileage estimates." (*Gray v. Toyota Motor Sales, U.S.A.,* Case No. CV 08-1690 PSG (JCx), Docket No. 217, SAC ¶ 2.)   *Gray* was pending from the time *Kim* was filed until Judge Gutierrez

1  dismissed *Gray* with prejudice on January 23, 2012.  (*See* Hyundai's Request for
2  Judicial Notice, Docket No. 8-2, Ex. 17.)   Given that this action and the *Kim* action
3  are not remotely related, the plaintiff's notice of related cases appears to be an
4  attempt at impermissible judge-shopping.  *See Hernandez v. City of El Monte*, 138
5  F.3d 393, 398-99 (9th Cir. 1998) (stating that "[j]udge-shopping clearly constitutes
6  conduct which abuses the judicial process" and discussing possible sanctions).
7  There is no basis to transfer this action to Judge Feess.

DATED:   February 8, 2012          QUINN EMANUEL URQUHART &
                                    SULLIVAN, LLP


                                    By  */s/ Shon Morgan*
                                        Shon Morgan
                                        Attorneys for Defendant Hyundai Motor
                                        America