RICHARD D. McCUNE (#132124)
rdm@mccunewright.com
JAE (EDDIE) K. KIM (#236805)
jkk@mccunewright.com
McCuneWright LLP
2068 Orange Tree Lane, Suite 216
Redlands, California 92374
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

Attorneys for Plaintiff, KEHLIE R. ESPINOSA, and all others similarly situated.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEHLIE R. ESPINOSA, as an individual, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HYUNDAI MOTOR AMERICA; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:  2:12-cv-00800 GW (FFM)<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION TO NOTICE OF RELATED CASE**<br><br>Judge Assigned:  Hon. George H. Wu<br>State Court Complaint filed:  01/06/2012<br>Date of Removal:  02/01/2012 |

//

//

//

**RESPONSE**

While Plaintiff would not ordinarily respond to the filing of an opposition to a notice of related case, because Defendant, in its opposition, goes far beyond addressing the substantive issues of whether the cases should be related, instead making gratuitous ad hominem attacks on Plaintiff's counsel supposed motivation in filing the Notice of Related Case. Such accusations and innuendo cannot be allowed to stand unaddressed.

**A.    Plaintiff Was Neither Dilatory Nor Forum Shopping in Complying with Her Obligations Under Local Rule 83-1.3.1**

Defendant attempts to impugn Plaintiff's counsel's integrity by accusing Plaintiff using her obligations under Local Rule 83-1.3.1 as a pretext for forum shopping. Defendant argues that both the timing of the notice of related case and the fact that the notice did not include a reference to the previously pending case of *Gray v. Toyota Motor Sales, U.S.A.,* CV 08-1690 PSG (JCx) (C.D. Cal.) demonstrate that Plaintiff's actual intention in filing her straight-forward Notice of Related Case, as required by Local Rule 83-1.3.1, was in fact, an act of forum shopping. As the following will demonstrate, Defendant's contentions lack both merit and logic.

**1.    Plaintiff Filed the Notice of Related Case Within One Week of Receiving Notice of Removal of this Action to Federal Court**

Defendant first contends that because Plaintiff did not file her Notice of Related Case until six days after receiving the Notice of Removal of the action to federal court, and one day after receiving notice of Defendant's motion to dismiss, such filing was, in actuality, an improper attempt at forum shopping. This accusation is unsupportable.

Local Rule 83-1.3.1 provides in pertinent part:

> **At the time a civil action (including a notice of removal or bankruptcy appeal) is filed, or as soon as known thereafter**, the attorney shall file and serve on all parties who have appeared a Notice of Related Case(s),

(Emphasis added.) As Defendant well knows, Plaintiff filed this lawsuit as a state court action in the Superior Court of the State of California for the County of Los Angeles on

-2-

Pl.'s Resp. to Def.'s Opp'n to Not. of Related Case

Case No.:   CV 12-00800 GW (FFM)

1  January 6, 2012.  Plaintiff had not even effected service of the complaint on Defendant
2  when Defendant proactively filed its notice of removal on January 30, 2012, of which
3  Plaintiff received notice on February 1, 2012.
4      As Defendant points out, counsel for Plaintiff Espinosa is also plaintiff's counsel in
5  the case of *Kim v. General Motors, LLC*, Case No. CV 11-06459 GAF (MRWx), and as
6  such, is well aware of the similar factual and legal issues presented in these two cases.  If
7  Plaintiff had filed the instant action in this Court, she certainly would have filed a Notice
8  of Related case contemporaneously with the Complaint, as is her obligation under the
9  Local Rules.  But that was simply not how this case came to be before this Court.
10 Instead, it was Defendant who brought the case before this Court by filing its Notice of
11 Removal, having waited until one day prior to filing the Notice of Removal to inform
12 Plaintiff of its intent to do so.  Certainly, Defendant cannot reasonably be suggesting that
13 Plaintiff's counsel was somehow dilatory, or attempting to gain some form of strategic
14 advantage by filing her Notice of Related Case within one week of Defendant having
15 removed the case.
16     Quite simply, the fact that Plaintiff filed the Notice of Related Case less than one
17 week following receipt of the notice of removal is no more an indication of forum
18 shopping than is Defendant's strategic choice to remove this action to federal court after
19 having learned the identity of the superior court judge to which the case was assigned
20 upon the filing of the Complaint.  Indeed, such an unsupportable slur attack belies the
21 substantive merit of Defendant's opposition to the Notice of Related Case.
22     **2.    Plaintiff Had No Knowledge of the Case of *Gray v. Toyota Motor Sales,***
23         ***U.S.A.,* and in any Event, Such Case Does Involve Similar Issues of Fact**
24         **and Law**
25     Defendant next contends that the failure of Plaintiff to include the previously
26 pending case of *Gray v. Toyota Motor Sales, U.S.A.,* CV 08-1690 PSG (JCx) (C.D. Cal.),
27 is further evidence of forum shopping.  Defendant's contention is based on two erroneous
28 assumptions:  1) that Plaintiff's counsel was aware of the previously pending case that

-3-

had been resolved by unpublished orders; and 2) that *Gray*, in fact, involves similar issues of fact and law.

First, Plaintiff's counsel was wholly unaware of *Gray* at the time of the filing of the Notice of Related Case. Plaintiff's counsel had no involvement in the *Gray* case and had no knowledge of such case. However, now that the case has been brought to Plaintiff's attention and review, there are several holes in Defendant's logic. First, the *Gray* case had been dismissed with prejudice prior to the removal of the instant action, so *Gray* was not an active case that could be related. Second, a review of the order provided by Defendant shows that *Gray* does not involve substantially similar questions of law and fact. Defendant is well aware of the substance of the *Gray* action, given that Defendant submitted the Order dismissing the action with prejudice to this Court in its Request for Judicial Notice in Support of Motion to Dismiss. Given that knowledge, it is inexplicable how Defendant could aver in its Opposition to the Notice of Related Case that such case involved "similar allegations." (Def.'s Opp'n to Not. of Related Case, 1:8-9.)

The central allegation in *Gray* was that "in light of Toyota's knowledge that the published EPA mileage estimates were inaccurate, Toyota's failure to disclose the results of its internal fuel efficiency estimates amounts to an actionable omission." *Gray v. Toyota Motor Sales, U.S.A.*, Case No. CV 08-1690 PSG (JCx), Docket No. 247, at p. 2. Indeed, the Second Amended Complaint in *Gray* expressly disavowed any allegations of affirmative misrepresentations. Therefore, the legal issues raised in *Gray* related solely to the plaintiff's "pure omission" theory.

Unlike in *Gray*, the allegations in both *Kim* and the instant case focus on theories of affirmative misrepresentation where the auto manufacturers mislead and deceive consumers by using mileage figures with affirmative misleading representations regarding the expected fuel economy of the vehicles. Furthermore, the omissions aspect of *Espinosa* and *Kim* relate to the auto manufacturer's omission of material facts and disclaimers that are required by or are consistent with EPA rules and regulations, which acknowledge the misleading aspects of advertising fuel economy numbers. The plaintiffs

in *Gray* do not appear to be making any of the above claims.  While *Gray* revolves around issues relating to advertisements concerning fuel economy, that is where the similarity with *Kim* and *Espinosa* ends.  Therefore, relating *Kim* and *Espinosa*, which are based on the same claims, causes of action, and legal theories, would promote efficient adjudication of the similar issues.  Meanwhile, the promotion of this same policy is not present with respect to relating to the *Gray* case, which, in any event, is no longer active and cannot be related.

**B.     Plaintiff's Notice of Related Case Was Based Solely Upon the Fact that Both *Kim* and *Espinosa* Raise Substantially Similar Issues of Law and Fact**

The central contention of both *Kim* and *Espinosa* is not that automobile manufacturers are using EPA estimated mileage to advertise their vehicles, but rather, the manufacturers have exceeded the bounds of fairness and truthfulness in advertising by using such EPA estimated numbers in the their advertisement, without adequately disclosing that such estimates were based on EPA specified testing that even the EPA acknowledges do not accurately predict the average fuel economy the consumer will get and the manufacturers know do not reflect real-world gas mileage for their vehicles. That is why the EPA requires that advertisements that use EPA fuel economy estimates identify that the rates are based on EPA standards and are "estimates", and that automobile manufacturers place window stickers on new models with the EPA city and highway estimates printed on them that include as a significant, material disclosure the words, "[a]ctual mileage *will vary*," pursuant to 40 C.F.R. § 600.307-86 (a)(ii)(A).  (Emphasis added.)  Furthermore, the plaintiffs in *Kim* and *Espinosa* claim that the auto manufacturer defendants made additional, affirmative representations beyond what is required to be disclosed by EPA rules and regulations which falsely represent the expected gas mileage of the vehicles.

Both *Kim* and *Espinosa* allege that by prominently featuring estimated fuel mileage (as determined by EPA testing) without adequately disclosing that such estimates are, in fact, EPA estimates, and while including affirmative misrepresentations about expected

-5-

1  gas mileage, the defendants are unfairly misleading customers to believe that such
2  estimates reflect the fuel economy consumers can expect to receive when driving such
3  vehicles under normal real-world driving conditions.  While Defendant is correct that the
4  two cases involve different parties and different advertisements, that does not mean that
5  such cases are not related within the meaning of Local Rule 83-1.3.1.  Indeed,
6  commonality of the parties is not even one of the four delineated factors set forth in the
7  disjunctive within Local Rule 83-1.3.1

8  Indeed, cases that involve similar, even if not identical, questions of fact and law but dissimilar parties are not only routinely related but, in fact consolidated.  *See e.g. In re: Checking Account Overdraft Litigation*, 626 F. Supp. 2d 1333, 1335 (J.P.M.L. 2009) (ordering the centralization of numerous actions by different consumers against different banks where "[a]ll share factual questions relating to the imposition of overdraft fees by various banks on their customer's checking accounts in a manner to maximize fees" notwithstanding that "there will be some unique questions of fact from bank-to-bank").

## CONCLUSION

While the tenor of Defendant's Opposition would suggest that Plaintiff had moved to consolidate these two actions, in reality, Plaintiff was merely providing the Court with the required notice that these two nearly identical cases were both currently pending in this Court, as is required by Local Rule 83-1.3.1.  But in any event, defense counsel's eagerness to make unsupportable and unprofessional accusations of improper and unethical conduct on the part of Plaintiff's counsel at the very outset of this litigation is troubling but irrelevant.

DATED:  February 9, 2012                      McCuneWright, LLP

                                              BY:  */s/ Richard D. McCune*
                                                   Richard D. McCune
                                                   Attorney for Plaintiff