QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Shon Morgan (Bar No. 187736)
  shonmorgan@quinnemanuel.com
  Valerie Roddy (Bar No. 235163)
  valerieroddy@quinnemanuel.com
  Joseph R. Ashby (Bar No. 248579)
  josephashby@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Defendant Hyundai Motor America

MCCUNEWRIGHT LLP
  RICHARD D. McCUNE (#132124)
  rdm@mccunewright.com
  JAE (EDDIE) K. KIM (#236805)
  jkk@mccunewright.com
2068 Orange Tree Lane, Suite 216
Redlands, California  92374
Telephone:  (909) 557-1250
Facsimile:  (909) 557-1275

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KEHLIE R. ESPINOSA, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HYUNDAI MOTOR AMERICA; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. CV 12-0800-GW (FFMx)<br><br>**JOINT RULE 26(f) REPORT**<br><br>Hon. George Wu<br><br>Date:      March 15, 2012<br>Time:     8:30 a.m.<br>Crtrm.:    10 (Spring St.)<br><br>Filing Date: January 6, 2012 |

01784.23575/4630691.6

Case No. CV 12-0800-GW (FFMx)
JOINT RULE 26(f) REPORT

Plaintiff Kehlie R. Espinosa and defendant Hyundai Motor America ("Hyundai") participated in a conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Central District of California Local Rule 26-1.  Pursuant to Federal Rule of Civil Procedure 26 and Local Rule 26-1, the parties hereby submit their joint Rule 26(f) Report.

## I. DISCOVERY PLAN [Rule 26(f)(3)]

### A. Rule 26(a)(1) Initial Disclosures

The parties agree the general disclosure categories are applicable.  However, the parties also agree that in the interest of efficiency that the 14-day timeframe for exchanging initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) should be delayed until after the hearing on the motion to dismiss the complaint, but do not agree on the length of the delay.  On February 23, 2012, plaintiff filed her first amended class action complaint.  On or before March 12, 2012, Hyundai will move to dismiss that complaint.  *Plaintiff proposes the parties defer exchanging their initial disclosures pursuant to Rule 26(a)(1) until 20 days after the Court hearing on the motion to dismiss.*[1]  Hyundai proposes the parties defer exchanging their initial disclosures pursuant to Rule 26(a)(1) until 30 days after the pleadings are closed.

### B. Subjects of Discovery, Timing, and Limitations

The parties agree that phased discovery (at the most general levels) will make discovery more manageable, but disagree as to the number of phases.  The parties jointly acknowledge that the distinctions *between* / among these categories can be difficult to make in the abstract and therefore agree that the propriety of phased discovery will be addressed in the context of specific discovery requests.  *Plaintiff*

---

[1] In this report statements that are only on behalf of plaintiff are italicized and statements that are only on behalf of Hyundai are underlined.

*proposes two phases of discovery: class certification and merits/damages.* <u>Hyundai proposes three phases of discovery: class certification, merits, and damages.</u>

*Plaintiff proposes the class certification phase discovery cutoff be six months from the hearing on the motion to dismiss.* <u>Hyundai proposes the class certification cutoff be determined concurrent with the class certification briefing schedule after the pleadings have closed.</u>

The parties jointly request that the merits and/or damages phase(s) discovery cutoff(s) be determined in a post-certification scheduling order.

*Plaintiff anticipates seeking to take discovery on issues including, but not necessarily limited to, the marketing and advertising of miles-per-gallon ratings ("MPG") for Hyundai vehicles, market research, consumer research and decision process resulting in the marketing and advertising of MPG, sales information of Hyundai vehicles, market and consumer research relating to the effectiveness of the MPG marketing and advertising campaigns, complaints relating to the MPG of Hyundai vehicles, EPA and non-EPA MPG testing of Hyundai vehicles, Government and industry communication regarding MPG of Hyundai vehicles, damages and Defendant's affirmative defenses.*

<u>Hyundai anticipates seeking to take discovery on issues including, but not necessarily limited to, plaintiff's purchasing decision, reliance, standing, exposure to Hyundai's marketing materials and website, experiences with Hyundai products, purported injuries, complaint history, contacts with counsel, and the elements and contentions of plaintiff's claims</u>.

  C. <u>Electronically Stored Information</u>

The parties are committed to conferring in good faith to agree to a joint e-discovery stipulation and proposed order to be filed and heard before Magistrate Judge Frederick F. Mumm. The parties anticipate heavy reliance on the Federal Circuit Advisory Committee's E-Discovery Model Order for the joint e-discovery stipulation.

### D. Privilege Issues

The parties agree to confer in good faith regarding entering into a protective order that sets forth a procedure for resolving any dispute regarding inadvertently produced documents subject to a claim of privilege.

### E. Discovery Limitations

The parties agree that at this time this case does not warrant any changes to the limitations on discovery imposed under Rule 26 or by Local Rule; however, the parties anticipate that the joint e-discovery stipulation will include certain limitations from the Federal Circuit Advisory Committee's E-Discovery Model Order. The parties agree to confer in good faith regarding a protective order that addresses the disclosure and use of information produced in discovery.

## II. LOCAL RULE 26-1

### A. Complex Case

The parties agree that this case is complex and that Chapter 21 of the Manual for Complex Litigation is applicable to and appropriate for this proceeding.

### B. Motion Schedule

The parties agree that the schedule for briefing on class certification and dispositive motions should be set once the pleadings are closed and the scope of the case is better defined.

Local Rule 23-3 requires the proponent of a class action to file a motion for class certification "[w]ithin 90 days after service of a pleading purporting to commence a class action," "unless otherwise ordered by the Court." The parties agree and jointly request that the Court waive the Local Rule 23-3 requirement and that the Court set a schedule for briefing on class certification once the pleadings are closed.

### C. Settlement

Although settlement discussions are premature until the pleadings are closed, the parties agree that settlement discussions would be best facilitated by an

1  experienced private mediator who specializes in resolving consumer class actions
2  (*see* Local Rule 16-15.4 Settlement Procedure No. 3).
3        D.    <u>Trial Estimate</u>
4        The parties agree that the time required for trial cannot be estimated until the
5  pleadings are closed and the completion of early discovery.
6        E.    <u>Additional Parties</u>
7        The parties agree to a proposed deadline of June 13, 2012 to add additional
8  parties to the case. *Plaintiff anticipate that it may move to add additional class*
9  *representatives*. <u>Hyundai does not anticipate adding any other parties.</u>
10       F.    <u>Expert Witnesses Disclosures Under Fed. R. Civ. P. 26(a)(2)</u>
11       The parties agree that the timing for disclosing experts to be used in class
12 certification briefing should be based on the class certification briefing schedule and
13 that the timing of expert disclosures apart from those used in class certification
14 should be determined after the Court has ruled on class certification. The parties
15 agree that the timing of expert disclosures for experts to be used in class certification
16 briefing should be determined concurrently with the class certification briefing
17 schedule after the pleadings are closed.

DATED: March 5, 2012          MCCUNEWRIGHT LLP

                                    By/s/ *Richard D. McCune*
                                        Richard D. McCune
                                        Attorneys for Plaintiffs

1  DATED:  March 5, 2012            QUINN EMANUEL URQUHART &
                                    SULLIVAN, LLP
2

3

4
                                    By /s/ *Shon Morgan*
5                                      Shon Morgan
                                       Attorneys for Defendant Hyundai Motor
6                                      America

7

8