1

RICHARD D. McCUNE (State Bar No. 132124)
rdm@mccunewright.com
JAE (EDDIE) K. KIM (State Bar No. 236805)
jkk@mccunewright.com
MCCUNEWRIGHT LLP
2068 Orange Tree Lane, Suite 216
Redlands, California 92374
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

2

3

4

5

6

Attorneys for Plaintiff KEHLIE R. ESPINOSA,
and the putative class

7

8

9

UNITED STATES DISTRICT COURT

10

CENTRAL DISTRICT OF CALIFORNIA

11

WESTERN DIVISION

12

13

KEHLIE R. ESPINOSA, as an
individual, and on behalf of all others
similarly situated,

14

15

                Plaintiff,

16

        v.

17

HYUNDAI MOTOR AMERICA; and
DOES 1 through 10, inclusive,

18

19

                Defendants.

20

21

22

23

24

25

26

27

28

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:  2:12-cv-00800 GW (FFM)

**PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
FIRST AMENDED CLASS ACTION
COMPLAINT**

[Filed concurrently with Plaintiff's Opposition to
Defendant's Request for Judicial Notice; Plaintiff's
Request for Judicial Notice; Declaration of Richard
D. McCune; Exhibits]

**Date:     April 12, 2012
Time:     8:30 a.m.
Ctrm.:   10 (Spring Street)**

Judge Assigned:   Hon. George H. Wu
Complaint Filed:  January 6, 2012

# TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES ................................................................. ii

I       INTRODUCTION ................................................................... 1

II      STATEMENT OF FACTS ....................................................... 5

    A.      Hyundai's Affirmatively Misleading Advertisements .................................... 5

    B.      Plaintiff's Reasonable Reliance on Hyundai's Misleading Advertisements .. 8

III     ARGUMENT ............................................................................ 9

    A.      Hyundai Fails To Meet Its Burden in Seeking Dismissal of the FAC ............ 9

    B.      Affirmative Misrepresentations Regarding the Elantra's Fuel Economy
        Are Actionable .......................................................................... 10

        1.      Federal Law Does Not Insulate Hyundai From Liability For
               Disseminating Affirmative Misrepresentations As to Expected
               Fuel Economy ................................................................. 11

        2.      "40 MPG" Is an Actionable Affirmative Misrepresentation .............. 13

        3.      If Hyundai Did Not Believe That Its Advertisements Were
               Misleading, It Would Not Have Corrected Its Campaign Since
               the Filing of This Lawsuit ................................................. 14

    C.      Plaintiff's Claims Are Not Preempted ........................................ 15

        1.      Plaintiff's Claims Are Not Barred by Express Federal Preemption ... 16

        2.      Plaintiff's Claims Are Not Barred by Express Conflict Preemption .. 19

    D.      Plaintiff's Claims Are Pled With Particularity ............................. 20

IV      CONCLUSION ...................................................................... 20

1

**TABLE OF AUTHORITIES**

2

**Federal Cases**

3

*Aberdeen v. Toyota Motor Sales,*
    *U.S.A.*, 2009 WL 7715964, *3 (C.D. Cal. June 23, 2009) .....................................12

4

*Altria v. Good,*
    555 U.S. 70, 129 S. Ct. 538 (2008) ...........................................15, 16, 17

5

6

*Associated Gen. Contractors v. Metro Water Dist.,*
    159 F.3d 1178 (9th Cir. 1998) ...........................................................10

7

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544, 127 S. Ct. 1955 (2007) ...................................................9

8

9

*Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service,*
    911 F.2d 242 (9th Cir. 1990) ............................................................13

10

*Flores v. Emerich & Fike,*
    No. 05-cv-0291 AWI (DLB), 2008 WL 2489900 (E.D. Cal. June 18, 2008)...........9

11

12

*Gray v. Toyota Motor Sales, U.S.A.,* ("*Gray*")
    No. CV 08-1690 PSG (JCx) (C.D. Cal., January 23, 2012)...................................11

13

*Kim v. General Motors, LLC,*
    No. CV 11-06459 GAF (MRWx) (C.D. Cal. Mar. 9, 2012) ...............................12

14

15

*Lazy Y Ranch LTD v. Behrens,*
    546 F.3d 580 (9th Cir. 2008) .............................................................9

16

*Lincoln Alameda Creek v. Cooper Industries, Inc.,*
    829 F. Supp. 325 (N.D. Cal. 1992)......................................................10

17

18

*Lirollard Tobacco Co. v. Reilly,*
    533 U.S. 525, 121 S. Ct. 2404 (2001) ..................................................15

19

*Lockwood v. Conagra Foods, Inc.,*
    597 F. Supp. 2d 1028 (N.D. Cal. 2009)................................................18

20

21

*Mendoza v. Zirkle Fruit Co.,*
    301 F.3d 1163 (9th Cir. 2002) ...........................................................10

22

*Newcal Industries, Inc. v. Ikon Office Solution,*
    513 F.3d 1038 (9th Cir. 2008) ...........................................................13

23

24

*Rice v. Santa Fe Elevator Corp.,*
    331 U.S. 218, 67 S. Ct. 1146 (1947) ...................................................15

25

*Tellabs, Inc. v. Makor Issues and Rights Ltd.,*
    551 U.S. 308, 127 S. Ct. 2499 (2007) .................................................10

26

27

*True v. American Honda Motor Co., Inc.* ("*True*"),
    520 F. Supp. 2d 1175 (C.D. Cal. 2007).....................................12, 16, 19

28

1

**TABLE OF CONTENTS (cont.)**

2

**Federal Cases (cont.)**                                               *Page(s)*

3

*VP Racing Fuels, Inc. v. General Petroleum Corp.*,
    673 F. Supp. 2d 1073 (E.D.C.A. 2009) .................................................. 19

4

**State Cases**

5

*Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 10 Cal. Rptr. 2d 538 (1992) .......... 10

6

*Paduano v. American Honda Motor Co., Inc.* ("*Paduano*"), 169 Cal. App. 4th 1453, 88

7

    Cal. Rptr. 3d 90 (2009) ...................................................................... passim

8

**Federal Statutes**

9

15 U.S.C. § 1334 .................................................................................. 17

10

49 U.S.C. § 32908 .......................................................................... 16, 17

11

49 U.S.C. § 32919(a) ............................................................................ 17

12

49 U.S.C. § 32919(b) ............................................................................ 17

13

**Federal Rules**

14

Fed. R. Civ. P. 12(b)(6) ........................................................................... 9

15

Fed. R. of Civ. P. 9(b) .......................................................................... 20

16

**Federal Regulations**

17

16 CFR § 259.2(a) ................................................................................. 1

18

40 C.F.R. § 600.302-08 ..................................................................... 11, 19

19

**Other Authorities**

20

Rest. 2d Torts § 525 ............................................................................ 10

21

22

23

24

25

26

27

28

# I

## INTRODUCTION

This class action is a straightforward affirmative misrepresentation case.  The Federal Environmental Protection Agency ("EPA") put in place a way for consumers to compare the relative fuel economy of different makes and models of vehicles.  To do so, it developed a laboratory-like test protocol for manufacturers to calculate both city and highway miles per gallon ("mpg") to ensure mpg consistency between different makes and models of vehicles.  It then required the manufactures to put that mpg information on the window sticker ("Monroney Sticker").  Of course, a manufacturer is immune from liability for providing the EPA-mandated Monroney sticker.

However, as both the EPA and manufacturers understood, this controlled test protocol, while effective in comparing relative fuel economy of different vehicle makes and models, almost always results in a higher mpg than consumers will experience under real-life driving conditions.  Accordingly, the Monroney sticker contains mandatory language that identifies the mpg figure as an EPA estimated number, and the EPA requires language on the sticker that includes, "Your Actual Mileage Will Vary".  The Federal Trade Commission provides guidance to manufacturers on use of the EPA-estimated mpg in their advertisements, 16 CFR § 259.2(a), by stating that if the Monroney sticker mpg was used in advertisements, the manufacturer *must* identify the mpg figure as either city or highway; identify the source of the mpg as an EPA estimate; and ensure that the vehicle being sold is the same as the model that was tested under the EPA protocol.

With this knowledge and background, Defendant Hyundai Motor America ("Hyundai" or "Defendant") undertook a comprehensive "4 for 40 mpg" (4 models including the Elantra that Hyundai claims achieves 40 mpg)[1] and "no asterisk"[2]

---

[1] *See* Plaintiff's Request for Judicial Notice, Exhibit D.

[2] *See* Plaintiff's Request for Judicial Notice, Exhibit C.

marketing campaign to advertise that four models would get 40 miles per gallon – no asterisk required.



(Ex. C, Pl.'s RJN)

The "no asterisk" campaign intentionally provided the exaggerated EPA estimated mpg in relation to expected real-life mpg without providing customers with the mandatory disclosure that the mpg figures were EPA estimates; or that the 40 mpg was the highway only estimate. This campaign also suggested 40 mpg was what customers could expect to attain in real life driving. This was done through all forms of advertising from radio and TV advertisements to Banner ads.

Plaintiff Kehlie R. Espinosa ("Plaintiff") was exposed to this "no asterisk 40 mpg" marketing campaign through television advertisements, a large freeway banner at a dealership, the Hyundai website, the vehicle brochure, and the salesperson. She relied on these affirmative representations when choosing to purchase a 2012 Elantra. After purchasing the vehicle, Plaintiff experienced and continues to experience significantly less than 40 mpg in highway driving. Therefore, Plaintiff has brought this lawsuit, on behalf of herself and all others similarly situated, alleging consumer protection and fraud-based claims.

To challenge Plaintiff's First Amended Complaint ("FAC"), Hyundai avoids tackling the claims presented, and attempts to create a false impression of Plaintiff's allegations, the law, and their advertising campaign.  Hyundai misconstrues Plaintiff's allegations as challenging Hyundai's compliance with the Monroney sticker.  To the contrary, Plaintiff's challenge is the independent affirmative false advertisement of the expected fuel economy of the Elantra.  These affirmative misrepresentations either: 1) failed to disclose that the advertised mpg were EPA estimates; 2) failed to disclose that the 40 mpg represented in the advertisement was only a highway EPA estimated mpg; 3) failed to disclose that "actual mileage will vary" when advertising the EPA estimated mpg; or 4) state or imply that the mpg is expected real-world mpg.  Accordingly, reasonable consumers, such as Plaintiff, would conclude the advertised mpg was the attainable actual mpg of the vehicle.  As the actual vehicle achieves a materially far lower mpg than Hyundai advertised, these representations were false and are actionable.

In regard to the law, in the motion to dismiss, Hyundai attempts to give the false impression that courts have universally rejected mpg advertising cases.  In reality, courts have allowed claims to go forward when there are affirmative misrepresentations as to the expected fuel economy of a vehicle through statements regarding its performance or mileage range, and when the advertisements do not provide the necessary disclosures that the mpg is an EPA estimate or that the mpg is a highway estimate.

With regards to Hyundai's advertising campaign, Hyundai attempts to mislead the Court that its advertisements have complied with the disclosure requirements.  The most blatant attempt to do this relates to the banner Plaintiff saw at the Loma Linda, CA Hyundai dealership that simply stated:  "Tired of High Gas Prices?  40 MPG".  (Ex. 2 to FAC.)  That advertisement does not include the mandatory disclosures related to the mpg being a highway estimate or an EPA estimate.  The Banner ad currently at the Cerritos dealership where Plaintiff purchased her Elantra shows this was not an isolated and accidental omission.  That banner shows the 2012 Elantra and states "40 mpg" without any further disclosure.  (Exs. B.1-B.4, Pl.'s RJN.)  As discussed in detail in Plaintiff's

Opposition to Defendant's Request for Judicial Notice, Exhibit 17, Defendant falsely contends that the banner viewed by Plaintiff actually included the qualifying words "UP TO" before 40 MPG.  In fact, it is clear those words were added to the banner after the filing of the lawsuit, and Defendant has attempted to cover up or cure its blatant improper advertising of mpg by altering the banner.  As discussed in the factual section below, Defendant's characterization of the other mpg advertising seen and relied on by Plaintiff is also misleading.  Each of Hyundai's identified advertisements of the mpg fail to include the necessary disclosures.  Of course, that was the intent of the "No Asterisk" marketing campaign.

As Defendant does not fall into the safe harbor due to its failure to make necessary disclosures in connection with advertising the EPA estimated mpg, it must defend this case on the merits concerning issues of whether its representations of mpg were accurate, true and not deceptive.  In any context involving advertisements, representations must be reasonably accurate and not deceptive.  Under this general standard which guides California consumer protection laws, Plaintiff has adequately pled that Hyundai's advertisements are unlawful because, simply put, they represent gas mileage figures far higher than what the vehicles, including Plaintiff's, actually attain.

In the current economic climate of consumer demand for vehicles with high mpg, Hyundai has improperly capitalized on this fact by exaggerating the mpg its vehicles actually get in real-world driving.  As a result, Hyundai must defend the case on its merits as to whether the Elantra really gets 40 mpg in real-world driving, and if not, whether a reasonable consumer would interpret Hyundai's advertisement of 40 mpg as reflective of attainable real-world mpg for their Hyundai vehicle.

Hyundai's affirmative defenses also fail, at least at the pleading stage.  Hyundai asserts that Plaintiff's claims are barred under the operation of federal preemption, but just as courts have found in similar cases, Plaintiff's claims are not, in fact, barred by federal preemption.  Finally, Hyundai's argument that Plaintiff's fraud-based claims are not pled with particularity falls flat, as Plaintiff has provided verbatim description of the

-4-

false advertisements, attached several as exhibits, and made allegations as to why these misrepresentations are misleading.

As a result, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss the First Amended Complaint in its entirety.

## II

## STATEMENT OF FACTS

**A.  Hyundai's Affirmatively Misleading Advertisements**

The FAC specifies that Plaintiff reviewed and relied on television commercials, Hyundai's website, a dealership banner, the Elantra brochure, and the salesperson, each of which represented that the vehicle would get 40 mpg without providing the necessary disclosures.  (FAC at ¶¶9-10.)

Hyundai's website does not provide the necessary EPA estimate disclosures with the requisite affirmative representations, and instead implies that 40 mpg highway will be the real world performance.  The Hyundai website, in describing the Elantra, specifically states that "the Elantra goes farther with less.  40 mph Hwy standard . . . ."  (Ex. 1 to the FAC.)  That statement implies the mpg number is reflective of real-world performance. Defendant does not dispute that is what its website states.  It also does not dispute that there is no disclosure accompanying the statement.  It does not even claim that there is disclosure through the use of an asterisk or footnote.  That is, of course, because there is not one.  Instead, Defendant claims that the page had a link to "Legal" where it provided the necessary disclosure information.  However, Hyundai does not provide the Court with *where* the legal disclosure can be found.  That is because the disclosure referenced by Defendant, (Ex. 14, Def.'s RJN), can only be found at the very bottom of the page in small font.[3]  An example from the current website can be viewed at the very bottom of Plaintiff's Request for Judicial Notice at Exhibit A, page 8.

---

[3] It appears that Hyundai has changed its website so Plaintiff is unable to provide the Court with the link to the website as it was viewed by Plaintiff before she purchased her vehicle.

To expect that a customer would know to go to "Legal" to find additional qualifying information on a mpg figure is not credible.  To know to go to the very bottom of the page to find legal is even less credible.  At the very least, it creates a factual question of whether there was proper disclosure that can only be resolved by the trier of fact.

Another section of the website also demonstrates Hyundai's intentions of not providing meaningful disclosures to customers.  On the page of Hyundai's website dedicated to providing information about the Elantra, (*see* Pl.'s RJN, Ex. A), Defendant prominently lists 40 mpg in three places:

- At the top of the page, it lists "40 MPG HWY" with reference to footnote 3. However, there are no footnote references found anywhere on the web page. However, again, Hyundai attempts to hide behind a small obscure tab identified as "Legal" to provide the disclosure language.  There is no information provided to the viewer that footnote 3 is found in the "Legal" link.  (Ex. A, p. 1.)

- Under the Performance Description of the Elantra, the web page states, "A highly efficient 4-cylinder engine that ***gets 40 MPG*** on the highway comes standard on every Hyundai, and makes Elantra a great value for the money."  (Emphasis added.)  This representation does not provide the mandated language that it is an EPA estimate, and it also implies that 40 mpg highway is what customers could expect to attain with the Elantra.  (Ex. A, p. 3.)

- Toward the bottom of the page, in very large font, it states "40 MPG HWY." Again, there is no disclaimer that this is an EPA estimated mpg number.  (Ex. A, p. 7.)

Defendant's excuse is that mandatory disclaimer information is in another section of the web site (Specifications).  Putting aside that this other section is not directly tied to or referenced by the representation, and even in this separate specification section the disclosure language is buried in small print as a footnote (making it three removed from the representation), this is not a disclosure.  At the very least, it creates a question of fact

as to whether Hyundai provided the mandatory disclosures.

The banner at the Loma Linda, California, Hyundai dealership that Plaintiff first visited, proclaimed "40 MPG" without disclosing the mandatory disclosure language that the 40 MPG was a highway figure and an EPA estimate.  (Ex. 2 to FAC.)  The fact that the 40 mpg representation was provided in connection with the question, "Tired of High Gas Prices?", also makes the 40 mpg representation seem as if it related to real-world mileage that the customer could expect to attain.  As explained in some detail in Plaintiff's Opposition to Defendant's Request for Judicial Notice, Exhibit 17, Defendant has provided the Court with inaccurate information about qualifying language included on the banner.  In addition, the current banner at the Cerritos Hyundai dealership where Plaintiff purchased the Elantra, (*see* Pl.'s RJN, Exs. B.1-B.4), demonstrates that Hyundai continues to represent 40 mpg without the mandatory disclosures that 40 mpg is an EPA estimate, or that it relates to highway mileage.

The brochure, like the website, has a disconnect between any claimed disclosures and Hyundai's representations.  There is bold mpg information in large font, intended to draw the reader to the information.  (Ex. 3, p.3, to FAC.)  There is no footnote or asterisk associated with this advertised mpg information.  Elsewhere in small font on that page is reference to 40 mpg with a footnote.  While that footnote may or may not provide disclosure protection for the representation that footnotes it, it does not provide protection against the large representation that the customer will actually read that does not have an asterisk or footnote.

Defendant does not dispute that it produced television commercials that failed to have the mandatory disclosures, which is consistent with Plaintiff having seen and relied on television commercials about the Elantra where she did not see any disclosures.  Plaintiff had no reason to record those advertisements, and those advertisements will be produced and the subject of testimony by Plaintiff in discovery.  Finally, Defendant does not dispute that salespeople provide mpg information to customers without making the mandatory disclosures.

None of these mpg advertisements are protected because they do not have the mandatory disclosure language, and further were clearly intended to convey to customers that the Hyundai Elantra attained 40 mpg in real-world driving.

**B.     Plaintiff's Reasonable Reliance on Hyundai's Misleading Advertisements**

The FAC alleges that the price of the vehicle and the gas mileage were very important considerations for Plaintiff in making the purchase of her new car.  (FAC at ¶9.)  Based on these advertisements, which affirmatively represented the high mpg the Elantra would achieve, Plaintiff was led to believe that the mpg would be reflective of what she would experience during normal, real-world use.  (FAC at ¶11.)  Based on these affirmative representations, Plaintiff reasonably believed that the Elantra would achieve approximately 40 miles per gallon in normal highway driving, as well as the advertised city mileage.  None of these advertisements provided any clear or understandable disclaimer that the actual gas mileage under normal, real-world driving conditions would be less than the advertised mileage.  (*Id.*)

Plaintiff heavily relied on these affirmative representations when she decided to buy the 2012 Hyundai Elantra, and these advertisements were a material consideration and a substantial factor in her decision to buy the vehicle.  (FAC at ¶13.)  However, after purchasing the vehicle, Plaintiff discovered that the vehicle consistently achieved gas mileage far below the advertised mileage under normal, real-world use, both on the highway and in the city.  Plaintiff did not know when she purchased the vehicle that the advertised mpg was inaccurate as she reasonably expected that Hyundai would not falsely advertise the fuel economy, and because there was no other indication that the advertised rates were unreliable or were based on EPA estimates that vary from and are inflated in relation to actual performance in normal, real-world driving conditions.  (FAC at ¶5.)

Hyundai, like all major auto-manufacturers, has realized the extent to which modern consumers highly value fuel-efficiency.  For Plaintiff and most consumers that bought the Hyundai Elantra, obtaining the advertised 40 mpg was an important and substantial factor in purchasing decisions for new vehicles.  It was reasonable that

Plaintiff and the putative class would rely on Hyundai's false representations.  As to whether Hyundai can affirmatively demonstrate that qualifying language found on the sticker could cure all of its misrepresentations, that is a question of fact for the jury.  Certainly, such a result would give *cart blanche* to manufacturers to falsely advertise their mpg, knowing they could do so with impunity.  A motion for dismiss is not the appropriate stage to consider this issue, and it will need to be decided by the trier of fact.

As to Defendant's efforts to inflate the status of the Elantra and the market's response to their mpg claims, that again is for the trier of fact to sort out.  However, it is of note that auto industry experts writing for USA Today, Motor Trend Magazine, Consumer Reports, and The New York Times have independently determined that the fuel economy rates advertised for the Elantra are over-inflated and misleading.  (*Id.* at ¶¶ 22-24.)

Based on the above facts, Plaintiff brought the instant action alleging violations of the UCL (*id.* at ¶¶ 41-46); FAL (*id.* at ¶¶ 47-49); CLRA (*id.* at ¶¶ 48-57); Fraud (*id.* at ¶¶ 50-58); Negligent Misrepresentation (*id.* at ¶¶ 63-67); and statutory Deceit (*id.* at ¶¶ 68-69).

# III

# ARGUMENT

## A.      Hyundai Fails To Meet Its Burden in Seeking Dismissal of the FAC

A complaint may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss for failure to state a claim, the plaintiff must allege enough facts to state a claim to relief that is plausible on its face."  *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008) (quotation omitted) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).  A complaint should only be dismissed if "a plaintiff fails to nudge his or her claims across the line from conceivable to plausible."  *Flores v. Emerich & Fike*, No. 05-cv-0291 AWI (DLB), 2008 WL 2489900 (E.D. Cal. June 18, 2008).

In considering a motion to dismiss, "courts must consider the complaint in its entirety," and read it in the light most favorable to plaintiffs, accepting as true all factual allegations in the complaint, as well as reasonable inferences drawn there from. *Tellabs, Inc. v. Makor Issues and Rights Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 2509 (2007); *see also Associated Gen. Contractors v. Metro Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998). The Court should deal only with the complaint's allegations and not substitute the defendant's conjured speculation about allegations of causation. *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1171 (9th Cir. 2002).

Here, the allegations of the FAC establish that Plaintiff's affirmative misrepresentation-based claims under state law are viable and not subject to federal preemption.

**B.    Affirmative Misrepresentations Regarding the Elantra's Fuel Economy Are Actionable**

Hyundai's first argument, that use of EPA mileage estimates is neither false nor misleading as a matter of law, (Motion at pp.10-12), is a misdirection which misses the crux of Plaintiff's claims. Plaintiff's claims are not, in fact, based on Hyundai's advertisement of EPA estimates for the Elantra, but instead based on the affirmative representations in its advertisements of *expected fuel economy* and mpg of the Elantra.

One who fraudulently makes a misrepresentation for the purpose of inducing another to act in reliance upon it is liable for the loss caused by the justifiable reliance on the misrepresentation. Rest. 2d Torts § 525; *Lincoln Alameda Creek v. Cooper Industries, Inc.*, 829 F.Supp. 325, 330 (N.D. Cal. 1992). Under the UCL and CLRA, one need only show that "members of the public are likely to be deceived." *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1267, 10 Cal. Rptr. 2d 538 (1992).

While Hyundai claims that the "40 mpg" figure is based on EPA estimates in an attempt to avoid its general duty to refrain from disseminating affirmative material misrepresentations through federal statutory and regulatory loopholes, when this information is not disclosed *at all* in the advertisements, it matters not to consumers,

including Plaintiff, who can thus only reasonably interpret the 40 mpg as an affirmative representation as to the expected fuel economy of the Elantra in normal, real-world driving conditions.  As this mpg rating proved materially and substantially inflated in relation to the performance of Plaintiff's vehicle, this representation constitutes an unlawful affirmative misrepresentation.  Furthermore, as Hyundai completely fails to provide the necessary disclosures for advertising EPA estimates, Hyundai cannot seek refuge under federal laws and regulations to avoid liability for its affirmative misrepresentations of the expected fuel economy of its vehicles.  The relevant authorities support or are inapposite to Plaintiff's claims.

> **1.    Federal Law Does Not Insulate Hyundai From Liability For Disseminating Affirmative Misrepresentations As to Expected Fuel Economy**

Under federal regulations, the minimum required disclosures when advertising EPA estimated fuel economy ratings include 1) the fact that the EPA is the source of the ratings and the numbers are "estimates" (16 C.F.R. § 259.2(a)); and 2) for the window sticker on the vehicle to include the term "actual mileage will vary" (40 C.F.R. § 600.302-08 (b)(4)).  As Hyundai admits, these regulations are in place to give the consumer material disclosures that the mpg ratings advertised are not reliable indicators of actual performance and are solely for comparison purposes.  (Motion at pp. 4-5.)

The authorities relied on by Hyundai have held that affirmative misrepresentation claims are viable and that claims based on the nondisclosure of the statutorily required disclaimers concerning EPA estimates fail only where such disclaimers are clearly set forth.[4]  In *Paduano v. American Honda Motor Co., Inc.* ("*Paduano*"), 169 Cal. App. 4th 1453, 88 Cal. Rptr. 3d 90 (2009), the court dismissed claims regarding inadequate

---

[4] *Gray v. Toyota Motor Sales, U.S.A.*, ("*Gray*") No. CV 08-1690 PSG (JCx) (C.D. Cal., January 23, 2012) was a strict omission case against Toyota for failing to disclose that the properly disclosed EPA mpg numbers were greater than internal Toyota mpg test results,

1   disclosures because, unlike the subject Hyundai advertisements, the mpg ratings based on

2   EPA estimates *were* clearly disclosed for each version of the Civic Hybrid.  *Id.* at 1470.

3   Meanwhile, the court in *Paduano* held that while a vehicle manufacturer is permitted to

4   properly advertise EPA estimated fuel economy ratings with the necessary disclosures,

5   the plaintiff's showing that Honda provided affirmative misrepresentations regarding

6   expected real-world driving was above and beyond what is required by the EPCA and

7   FTC Guides and were not subject to dismissal.  *Id.* at 1453.

8          Likewise, in *Kim v. General Motors, LLC*, No. CV 11-06459 GAF (MRWx) (C.D.

9   Cal. Mar. 9, 2012), the Central District court did find the defendant auto manufacturer

10  sufficiently complied with the disclosure rules under federal law by utilizing footnote

11  disclosures (which unlike Hyundai's footnote, was actually tied to a footnote disclosure),

12  but allowed the plaintiff to proceed with the affirmative misrepresentation claims as to

13  the expected fuel economy of the vehicle.  *Id.* at p. 13 (Defendant's RJN, Ex. 18).

14  Similarly, in *Aberdeen v. Toyota Motor Sales, U.S.A.*, 2009 WL 7715964, *3 (C.D. Cal.

15  June 23, 2009), the plaintiff's omissions-based claims were dismissed with regards to an

16  advertisement that clearly disclosed that the mpg rating was "EPA-estimated" and "actual

17  mileage may vary."

18         Meanwhile, in *True v. American Honda Motor Co., Inc.* ("*True*"), 520 F. Supp. 2d

19  1175 (C.D. Cal. 2007), the plaintiff alleged that Honda failed to include the disclaimer

20  "actual mileage will vary," or instead include a watered-down version "actual mileage

21  *may* vary."  The court held that the plaintiff's allegations that Honda communicated

22  misleading or deceptive advertisements which failed to adequately disclose the term

23  "actual mileage will vary," and the advertisement was "a substantial factor, if not the

24  controlling factor, in inducing" the plaintiff to purchase the Civic Hybrid, adequately

25  alleged the reliance element of his fraud-based claims.  *Id.* at 1183.

26

27

28  and seeking to impose common law.  As Plaintiff here does not assert a duty to disclose
    under state common law, *Gray* is inapplicable to the case at hand.

1    The relevant consistent themes in each of these cases is that: 1) advertisements of

2    EPA estimated ratings are non-actionable *only* where the required disclaimers under

3    federal law are clearly provided; and 2) claims based on affirmative misrepresentations of

4    expected fuel economy or mpg are not subject to dismissal.  These themes support

5    Plaintiff's claims which are based on the affirmative misrepresentations of the expected

6    fuel economy and mpg advertisements without the mandatory disclosures.  If Hyundai

7    wanted protection in advertising mpg ratings afforded by federal regulations, it had to

8    comply with these regulations.  It chose instead to proceed via a "no asterisk" marketing

9    campaign.  It cannot now claim foul for having to support its mpg representations.

10    Stated otherwise, whereas *Paduano* and its progeny stand for the proposition that

11    there is nothing misleading in advertising EPA estimated ratings themselves, the question

12    at present is instead whether the advertisement of mpg ratings not apparently based on

13    EPA estimates constitutes actionable affirmative misrepresentations where the vehicle

14    actually achieves a materially lower fuel economy rating.  This central question takes the

15    claims in this case out of the realm of the issues allowed in prior authorities, and indeed,

16    out of the realm of the insulation from liability afforded by federal regulations.  In short,

17    is the advertised mpg number inaccurate and misleading to Plaintiff and other

18    consumers?  That is a question of fact for the trier of fact.

19    **2.      "40 MPG" Is an Actionable Affirmative Misrepresentation**

20    While non-actionable puffery advertisements are vague and highly subjective, mis-

21    descriptions of specific or absolute characteristics of a product are actionable.  *Cook,*

22    *Perkiss and Liehe, Inc. v. Northern California Collection Service*, 911 F.2d 242, 246 (9th

23    Cir. 1990) (citing the example of an advertisement that "quantified numerically" the

24    alleged superior brightness of a lamp with the statement "35,000 candle power and 10-

25    hour life," which if inaccurate, could be actionable); *Newcal Industries, Inc. v. Ikon*

26    *Office Solution*, 513 F.3d 1038, 1053-54 (9th Cir. 2008) (the accuracy of advertisements

27    that defendant actually "delivers 95% on-time service" is a factual question, and as the

28    "complaint alleges that this statement was false when made . . . it survives 12(b)(6)

scrutiny").  Here, the advertised mpg numbers matter, and Hyundai knows it.

In its cover page advertisement of the Elantra on Hyundai's website, (attached as Ex. A, p. 1, to Pl.'s RJN), Hyundai highlights in bold four "facts" regarding the Elantra, including: 1) "**Starting MSRP $15,345**"; 2) "**5 Spacious Seats**"; 3) "**148 Horse Power**"; and 4) "**40 MPG HWY**."  It would not have highlighted just these four facts unless it knew that these were important and material information for consumers to know when deciding whether to buy a Hyundai.  Each fact includes a number, and is thus numerically quantifiable, and if the number is materially inaccurate or departs from the characteristics of the actual vehicle, then the advertisement is misleading.  This is true if the actual MSRP for the Elantra started at $30,000 instead of $15,345, or if the vehicle was actually a two-seater instead of having five seats, or if it had 50 horse power instead of 148, or, as most relevant here, if the actual highway mpg was closer to 28 instead of 40.  Furthermore, while an initial view of the vehicle prior to purchase would definitively reveal that it in fact had five seats, a fuel economy of the vehicle cannot be determined by the buyer until after purchase.

While Plaintiff concedes that fuel economy varies based on driving habits and conditions, certainly there is a threshold for reasonable identity between what is advertised and what a consumer achieves.  Using a lamp as an example, an advertised 35,000 candle power might not be exactly achieved throughout the lifetime and different uses of the lamp as *reasonable* deviations would be expected.  However, the achievement of merely 20,000 candle power would render the advertisement materially misleading.  Likewise, advertising an mpg of 40 when the vehicle achieves 10-50% less with normal real-world driving is misleading and actionable.

### 3. If Hyundai Did Not Believe That Its Advertisements Were Misleading, It Would Not Have Corrected Its Campaign Since the Filing of This Lawsuit

In at least two instances, Hyundai has recently corrected its mpg advertising campaign to refrain referencing "40 mpg" for expected fuel economy of the Elantra.  This

occurred for the television commercials shown during the Super Bowl[5] and in a specific internet video advertisement.[6]  However, Hyundai's discomfort with its own advertisement of "40 mpg" is more directly and relevantly demonstrated through its attempt, whether intentional or not, to mislead the Court about advertisements relied on by Plaintiff during the relevant time period.  As set forth in more detail in Plaintiff's Opposition to Defendant's RJN to Exhibit 17, after being sued, Defendant added the words "up to" before the 40 mpg in the banner at the Loma Linda, California, Hyundai dealership and then presented that banner with the qualifier to the Court and represented it as being what Plaintiff had seen.  That is a clear acknowledgement that the representation was misleading.

In light of the above, Plaintiff submits that her claims of affirmative misrepresentation are actionable and respectfully requests that Hyundai's motion to dismiss be denied in its entirety.

## C.   Plaintiff's Claims Are Not Preempted

When determining whether federal preemption exists, the "ultimate touchstone" inquiry is whether Congress intended the federal regulation to supersede state law.  *Altria v. Good*, 555 U.S. 70, 76, 129 S. Ct. 538 (2008).  The analysis begins "with the assumption that the historic police powers of the States [are] not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress."  *Id.* (quoting *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230, 67 S. Ct. 1146 (1947)).  "That assumption applies with particular force when Congress has legislated in a field traditionally occupied by the States."  *Id.* (internal quotation marks and citation omitted).

The Supreme Court recognized the field of advertising and regulation of unfair business practices as falling under traditional state regulation.  *Lirollard Tobacco Co. v.*

---

[5] http://www.prnewswire.com/news-releases/hyundai-omits-40-mpg-claim-from-super-bowl-ad-after-consumer-watchdog-complaint--flood-of-consumer-complaints-on-real-world-mpg-138637539.html

1    *Reilly*, 533 U.S. 525, 541, 121 S. Ct. 2404 (2001).  Thus, "the Court's inquiry begins with

2    a presumption against preemption" in determining if the plaintiff's state law claims are

3    barred by the EPCA."  *True*, 520 F. Supp. 2d at 1180.

4        The EPCA preemption clause at issue here provides that a state "may adopt or

5    enforce a law or regulation on disclosure of fuel economy or fuel operating costs . . . only

6    if the law or regulation is identical to [the federal requirement under 49 U.S.C. § 32908]."

7    49 U.S.C. § 32919(b).  Hyundai mischaracterizes Plaintiff's claims as requiring Hyundai

8    to provide disclosures of "real world" mpg rates (Motion at p.20), when in fact Plaintiff's

9    claim is that Hyundai affirmatively falsely advertised the expected fuel economy of the

10   Elantra.  Based on the appropriate analysis of federal preemption and the rulings of

11   relevant authority, Hyundai's arguments cannot overcome the presumption against

12   preemption.

13       **1.    Plaintiff's Claims Are Not Barred by Express Federal Preemption**

14       The courts in *Paduano* and *Kim* held that where the plaintiff does not challenge the

15   disclosure of the EPA estimate itself, nor focus on the representations made on the

16   Monroney sticker, the plaintiff's claims are not barred by express preemption under

17   Section 32191.  *See Paduano,* 169 Cal. App. 4th at 1477-78 (relying on *Altria Group,*

18   *Inc. v. Good*, 555 U.S. 70, 129 S. Ct. 538 (2008)); *Kim*, *Slip op*., at pp. 7-8 (Defendant's

19   RJN, Ex. 18).

20       In *Altria*, the Supreme Court concluded that the Federal Cigarette Labeling and

21   Advertising Act ("Labeling Act"), which contains a similar preemption clause as the

22   Energy Policy and Conservation Act that is at issue here, does not preempt claims by the

23   plaintiffs that the cigarette manufacturer's advertising of certain cigarettes as "light" and

24   as providing "lowered tar and nicotine" constituted fraudulent advertising under the

25   Maine Unfair Trade Practices Act ("MUTPA").  The Labeling Act's express preemption

26   clause provides that "[n]o requirement or prohibition *based on* smoking and health shall

27

28   [6]http://www.boston.com/cars/newsandreviews/overdrive/2011/02/hyundai_snaps_out_of
     _it_pulls.html

be imposed under State law with respect to the advertising or promotion of any cigarettes on the packages of which are labeled in conformity with the provisions of this chapter." 15 U.S.C. § 1334(b) (emphasis added).  In interpreting this preemption provision, the Supreme Court noted that the text of the preemption clause does not refer to *harms* related to smoking and health, but rather preempts only "requirements and prohibitions" that are based on smoking and health, and MUTPA says nothing about either "smoking" or "health," and is instead a "general rule that creates a duty not to deceive."  *Altria*, 555 U.S. at 84, 129 S. Ct. 538.  The preemption clause "does not encompass the more general duty not to make fraudulent statements."  *Id.* at 87.

The EPCA preemption clause at issue here provides that a state "may adopt or enforce a law or regulation *on* disclosure of fuel economy or fuel operating costs . . . only if the law or regulation is identical to [the federal requirement under 49 U.S.C. § 32908]." 49 U.S.C. § 32919(b)[7] (emphasis added).  The court in *Paduano* noted that the word "on" in the EPCA preemption clause "is the functional equivalent" of the words "based on" in the Labeling Act's preemption clause at issue in *Altria*.  *Paduano*, 69 Cal. App. 4th at 1478.  However, the plaintiff's affirmative misrepresentation claims were not based on challenging the EPA estimates themselves, and therefore existed outside the scope of the express preemption clause of the EPCA:

> Contrary to Honda's characterization of [the plaintiff's] UCL and CLRA claims, [the plaintiff] is not claiming that disclosing the EPA mileage estimates is, by itself, deceptive.  Rather, [the plaintiff] maintains that Honda has voluntarily made additional assertions, *beyond* the disclosure of the mileage estimates, that are untrue or misleading, and that federal law does not require, or even address, these additional assertions.

---

[7] The court in *Paduano* also dismissed Honda's argument that the plaintiff's claims were preempted by 49 U.S.C. § 32919(a) because disclosure regulations do not relate to regulating EPA "standards."  69 Cal. App. 4th at 1475-76.  At any rate, Hyundai does not raise an argument for preemption under subsection (a) of the preemption clause.

*Id.* at 1477[8].

Furthermore, the *Paduano* court ruled that:

> Here, neither the UCL nor the CLRA are both laws of general application that create a duty not to deceive, just like the MUTPA. Thus, the phrase "on disclosure of fuel economy or fuel operating costs," like the language of the Labeling Act addressed in *Atria Group*, cannot be construed to encompass the general duty not to make fraudulent or misleading statements.

*Id.*

Therefore, the court ruled that the plaintiff's claim that Honda affirmatively misrepresented material facts that the Civic Hybrid can be driven under normal conditions as one would drive a conventional car was not preempted.

Here, likewise, Plaintiff is alleging affirmative misrepresentations of the expected fuel economy and mpg of the Hyundai Elantra, not the disclosure of EPA estimates or anything regarding the Monroney stickers. Furthermore, Plaintiff's claims are brought under the same state consumer protection laws of general applicability as in *Paduano* and *Kim*, in addition to the generally applicable common law claims of fraud and negligent misrepresentation.

Furthermore, in *True,* express preemption failed to bar the plaintiff's claims that Honda failed to adequately disclose "actual mileage will vary." *True*, 520 F. Supp. 2d at 1181 ("Nothing in the EPCA or its accompanying regulations purports to regulate advertising of fuel economy beyond the requirements regarding these stickers and booklets."); *see also Paduano*, 169 Cal. App. 4th at 1482 (acknowledging that the *True* court considered the express preemption clause before rejecting Honda's assertion that

---

[8] *See also Lockwood v. Conagra Foods, Inc.*, 597 F. Supp. 2d 1028 (N.D. Cal. 2009) (the express preemption clause of the Nutrition Labeling and Education Act, which preempts state regulations regarding the failure to mention in food labels the presence of artificial flavoring, artificial coloring, or chemical preservatives that are not identical to the federal requirements, did not preempt the plaintiff's challenge of the advertisement of "all natural" when high fructose corn syrup was included in the ingredients because the plaintiff was not alleging that artificial flavoring, coloring or a chemical preservative was present.)

federal preemption bars the plaintiff's claims).  Here, Plaintiff makes, in the alternative, similar challenges to Hyundai's advertisements, which entirely omit material disclaimers that are required to be disclosed by, or are consistent with, federal law, including: 1) the fact that the EPA is the source of the ratings and the numbers are "estimates" (16 C.F.R. § 259.2(a)); and 2) the term "actual mileage will vary" (40 C.F.R. § 600.302-08(b)(4)). Just as the court held in *True*, such disclosure claims are not preempted.  Furthermore, as such disclosures are required, Plaintiff's claims would be "identical" to the EPCA and FTC disclosure rules and regulations and therefore are not preempted under the express preemption clause.  *See VP Racing Fuels, Inc. v. General Petroleum Corp.*, 673 F. Supp. 2d 1073, 1081 (E.D.C.A. 2009) (where the plaintiff seeks to enforce a claim under the UCL that is identical to federal regulations, such claim is not barred by express preemption, and the plaintiff may proceed under the UCL even if the federal statute does not provide for a private cause of action).[9]

### 2.     Plaintiff's Claims Are Not Barred by Express Conflict Preemption

Hyundai next argues conflict preemption bars Plaintiff's claims based on 49 U.S.C. § 32908(d), which states that "a disclosure about fuel economy or estimated annual fuel costs under this section does not establish a warranty under a law of the United States or a State."  (Motion at p.21.)   However, whether a federal statute states that certain disclosures are not a "warranty" may limit a plaintiff's ability to bring a breach of warranty claim, but has no effect on barring fraud-based claims.  *See Paduano*, 169 Cal. App. 4th at 1466-73 (granting Honda's motion for summary judgment on the plaintiff's warranty claims but denying the motion as to consumer fraud claims).

Here, as the FAC does not assert any breach of warranty claims and only asserts fraud-based claims, and as the challenge is not based on EPA estimates but based on Hyundai's affirmative misrepresentations of the actual expected fuel economy of the Elantra, 49 U.S.C. § 32908(d) has no applicability and does not bar Plaintiff's claims.

---

[9] Because the general state laws sought to be imposed are identical to federal regulations, Defendant's "safe harbor" argument also fails.  (See Motion at pp. 23-24.)

**D.      Plaintiff's Claims Are Pled With Particularity**

In *Kim*, the Court held that the plaintiff's claims were pled with sufficient particularity under Federal Rule of Civil Procedure 9(b), because he alleged the specific content of the false representations, attached these advertisements as exhibits, explained why such representations were false or misleading, and alleged that the defendant was responsible for the misrepresentations.  The same rationale holds true for the FAC in the case at hand.  *Kim*, at pp. 10-11 (Def.'s RJN, Ex. 18).

The FAC sets forth in verbatim some of the misrepresentations relied on; the FAC and Plaintiff's Request for Judicial Notice, filed concurrently herewith, attaches as exhibits some of the very advertisements relied on; the FAC alleges that the affirmative representations of the expected fuel economy rating of "40 mpg" are false because Plaintiff achieved a materially and substantially lower rate with the vehicle and are misleading because such representations are material considerations for Plaintiff and other consumers in deciding to purchase a vehicle.  Furthermore, the FAC alleges and demonstrates through exhibits that no disclaimers were provided with these misrepresentations that would inform Plaintiff that the mpg numbers advertised were unreliable.  Finally, the FAC alleges that these misrepresentations were placed on Hyundai's website and in its dealerships.  In light of the above, Plaintiff submits that the fraud-based claims in the FAC have been sufficiently pled under the heightened standard of Rule 9(b).

**IV**

**CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests that the Court deny Defendant's motion to dismiss in its entirety.   Should the Court find any deficiencies in the FAC, Plaintiff requests leave to amend the FAC.

DATED: March 22, 2012                                      MCCUNEWRIGHT, LLP

                                                            BY:   /s/ *Richard D. McCune*
                                                                  Richard D. McCune
                                                                  Attorneys for Plaintiff