# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. | CV 12-800-GW(FFMx) |
| Title | *Kehlie R. Espinosa v. Hyundai Motor America, et al.* |
| Date | April 23, 2012 |

Present: The Honorable  GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Wil Wilcox | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Richard D. McCune, Jr.
Jae Kooj Kim

Attorneys Present for Defendants:

Shon Morgan

**PROCEEDINGS:** **DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT (filed 03/12/12)**

The Court's Tentative Ruling is circulated and attached hereto. Court hears oral argument. For reasons stated on the record, Defendants' Motion is **TAKEN UNDER SUBMISSION.** Court to issue ruling.

: 03

Initials of Preparer   JG

*Espinosa, et al., v. Hyundai Motor Am.*, Case No. CV-12-0800
Tentative Ruling on Motion to Dismiss First Amended Complaint

## I. Factual Background

Plaintiff Kehlie R. Espinosa ("Plaintiff"), on behalf of herself and all others similarly situated, brings the following claims against defendant Hyundai Motor America ("Defendant" or "Hyundai"): 1) Violation of Unfair Business Practices Act ("UCL") (Cal. Bus. & Prof. Code §§ 17200, *et seq.*); 2) Violation of False Advertising Laws ("FAL") (Cal. Bus. & Prof. Code §§ 17500, *et seq.*); 3) Violation of California's Consumer Legal Remedies Act ("CLRA") (Cal. Civ. Code §§ 1750, *et seq.*); 4) Fraud; 5) Negligent Misrepresentation; and 6) Deceit (Cal. Civ. Code § 1710).

As the basis of her claims, Plaintiff alleges in the First Amended Complaint ("FAC") that Hyundai engaged in a pervasive false advertising campaign whereby it claimed that a number of its vehicles, including the Elantra (which is the vehicle Plaintiff Espinosa purchased), get at least 40 miles per gallon ("MPG") in highway driving. FAC ¶ 4. Plaintiff alleges that Hyundai's vehicles, including the Elantra, actually achieve significantly less than 40 miles per gallon in normal highway driving conditions. *Id.*

Plaintiff alleges that Hyundai has falsely advertised the MPG attained by its cars by means of television, print and internet advertisements, as well as marketing materials such as banners and pamphlets provided to customers at retail locations. *Id.* ¶¶ 10, 14. The EPA is mandated to test vehicles and provide to manufacturers an estimated MPG (the "EPA estimate"), which the manufacturers are then mandated to display via a window sticker (a "Monroney sticker") placed on all cars viewed by potential purchasers. *See* Docket No. 17 at 22; 49 U.S.C. §§ 32902, *et seq.* The EPA has estimated that the Elantra achieves 40 MPG. FAC ¶ 17.

Plaintiff proposes a nationwide class defined as "[a]ll owners of 2010-2012 HYUNDAI models who purchased or leased their vehicles in the United States." *Id.* ¶ 31. Alternatively, Plaintiff proposes to represent a California class defined as, "[a]ll owners of 2010-2012 HYUNDAI models who purchased their vehicles in California." *Id.* ¶ 32.

Before the Court now is Defendant's motion to dismiss the FAC.

## II. Analysis
### A. Legal Standard

Under Rule 12(b)(6), a court is to (1) construe the complaint in the light most favorable to the plaintiff, and (2) accept all well-pleaded factual allegations as true, as well as all reasonable inferences to be drawn from them. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001). Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007) (dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief).

However, the court need not accept as true "legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In other words, a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 556). Thus, a plaintiff must also "plead 'enough facts to state a claim to relief that is plausible on its face.'" *Johnson*, 534 F.3d at 1122 (quoting *Twombly,* 550 U.S. at 570); *see also William O. Gilley Enters., Inc. v. Atlantic Richfield Co.*, 588 F.3d 659, 667 (9th Cir. 2009) (confirming that *Twombly* pleading requirements "apply in all civil cases"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949.

In its consideration of the motion, the court is limited to the allegations on the face of the complaint (including documents attached thereto), matters which are properly judicially noticeable and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir.), *cert. denied*, 512 U.S. 1219 (1994), *overruled on other grounds in Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *see also Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (indicating that a court may consider a document "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion").

### B. General principles applicable to all claims

The parties' briefing discloses that Plaintiff concedes many of Defendant's arguments with regards to the legal principles underpinning her claims. Since these arguments apply to all six causes of action, the Court would address them prior to examining whether Defendants have shown that any of the six causes of action fail to state a claim as currently pled.[1]

First, Plaintiff appears to have abandoned any allegations that the EPA Estimate of 40 MPG was itself inaccurately calculated, in that her opposition brief failed to address Defendant's well-taken argument that any such challenges would be barred by the doctrine of primary jurisdiction, where a court can decline to adjudicate an issue that is "within the special competence of an administrative agency." *See Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008); Docket No; 17 at 21; *see also* FAC ¶ 28 (casting aspersions upon the accuracy of the EPA Estimate). Thus, the sufficiency of Plaintiff's allegations must be considered without regard to the allegations that the EPA Estimate is incorrect.

Second, Defendant's argument that Plaintiff's claims are preempted have some limited force. Any state regulation of disclosure of fuel economy is expressly preempted by federal law. 49 U.S.C. § 32919 ("a State or a political subdivision of a State may adopt or enforce a law or regulation on disclosure of fuel economy or fuel operating costs for an automobile covered by section 32908 only if the law or regulation is identical to that requirement"). Plaintiff's claims include allegations that

---

[1] Such treatment would accord with the structure of Defendant's motion, which largely consists of general legal principles seeking to undercut Plaintiff's theory of the case, rather than specific arguments concerning whether Plaintiff has properly pled each cause of action under the *Iqbal/Twombly* standard. *See generally* Docket No. 17.

Hyundai displayed the EPA estimates without disclosing the fact that the *actual* MPG achieved may be much lower. FAC ¶ 29. To the extent that Plaintiff's claims rest on Defendant's mere use of the EPA estimates and all of the related federally-mandated disclosures in their advertising and marketing materials, such claims are preempted. *See Gray v. Toyota Motor Sales, U.S.A.*, No. CV 08–1690 PSG (JCx), 2012 U.S. Dist. LEXIS 15992, at *16 (C.D. Cal. Jan. 23, 2012) ("the claims must fail [due to preemption] as they rely solely on advertisements that merely repeat the approved EPA mileage estimates, without any additional representations as to, for example, a consumer's ability to achieve those figures under normal driving conditions"). Similarly, any claims that rest on Hyundai's failure to disclose *more* than what is federally mandated must be preempted, given the text of the statute's preemption clause. *See* 49 U.S.C. § 32919; *see also Gray*, 2012 U.S. Dist. LEXIS 15992, at *20-21. However, to the extent that Plaintiff's claims rest on allegations that Hyundai "voluntarily made additional assertions, beyond the disclosure of the mileage estimates, that are untrue or misleading, and that federal law does not require, or even address, these additional assertions[,]" Plaintiff's claims are not preempted. *See Paduano v. Am. Honda Motor Co., Inc.*, 169 Cal.App.4th 1453, 1477 (2009).[2] Of course, to the extent that Plaintiff alleges Hyundai's noncompliance with of the relevant federal regulations as to the EPA Estimate and the disclosures that must accompany it, Plaintiff's claim that such activities are "unlawful" within the meaning of the UCL are not preempted. FAC ¶¶ 42, 43. Plaintiff concedes that preemption principles must narrow their claims according to the above parameters: "[As in *Paduano*,] Plaintiff is alleging affirmative misrepresentations of the estimated fuel economy and MPG of the Hyundai Elantra, not the disclosure of EPA estimates or anything regarding the Monroney stickers." Docket No. 19 at 18.

    Third, Plaintiff does not offer any opposition to Defendant's argument that Plaintiff only has standing under the UCL and the CLRA to bring claims for a product she herself purchased, and such claims must be based on advertisements or marketing which she personally saw. *See* Docket No. 17 at 25; *see Johns v. Bayer Corp.*, No. 09CV1935 DMS (JMA), 2010 U.S. Dist. LEXIS 10926, at *13 (S.D. Cal. Feb. 9, 2010) (holding that a named plaintiff in a UCL/CLRA class action suit "cannot expand the scope of his claims to include a product he did not purchase or advertisements relating to a product that he did not rely upon"). Undisclosed in Defendant's briefing, however, is that many district courts have not construed the UCL's standing requirements to imply that a named plaintiff must base her claims only on products she actually purchased and misrepresentations she actually saw. *See, e.g., Wang v. OCZ Tech. Group, Inc.*, 276 F.R.D. 618, 632-33 (N.D. Cal. 2011) (summarizing split amongst the district courts as to this issue). Considering that Plaintiff has not offered any caselaw or argument to contradict Defendant's argument that this Court should follow the ample precedent that UCL/CLRA plaintiffs must base their purported class claims on products they personally purchased and misrepresentations they actually saw, the Court would accordingly follow this rubric when considering whether Plaintiff has sufficiently pled her UCL/CLRA claim such that she has standing. *See, e.g. Carrea v. Dreyer's Grand Ice Cream, Inc.*, No. C 10-01044 JSW, 2011 U.S. Dist. LEXIS 6371, at *7-8 (N.D. Cal. Jan. 10, 2011) (dismissing UCL claim for lack

---

[2] "Federal district courts must follow the decisions of the California Courts of Appeal in the absence of contrary Ninth Circuit authority or 'convincing evidence that the California Supreme Court would hold otherwise.'" *Gray*, 2012 U.S. Dist. LEXIS 15992, at *20 (citing *Alvarez v. Chevron Corp.*, 656 F.3d 925, 932 n.7 (9th Cir. 2011)).

of standing when named plaintiff had not purchased the product at issue).

In sum, Plaintiff herself summarized the narrow nature of her claims: "whereas *Paduano* and its progeny stand for the proposition that there is nothing misleading in advertising EPA estimates themselves, the question at present is instead whether the advertisement of MPG ratings not apparently based on EPA estimates constitutes actionable affirmative misrepresentations where the vehicle actually achieves a materially lower fuel economy rating." Docket No. 19 at 13. Thus, the sufficiency of each claim must be tested according to whether it states a plausible claim for relief, given that only allegations of affirmative misrepresentations, only with regards to misrepresentations Plaintiff allegedly saw personally, and only in relation to the Elantra.

Plaintiff has pled allegations that she saw unspecified Hyundai television advertisements (FAC ¶ 9), visited the Hyundai website (FAC ¶ 10), viewed banners at a Hyundai dealership in Cerritos, CA (*id.*), spoke to a salesperson at said dealership (*id.*), was handed a brochure at the dealership (*id.*), and in all of these instances was allegedly exposed to the purported misrepresentation that the Elantra would attain 40 MPG, without any qualifying language or reference to EPA Estimates.[3] She further pleads that she "reasonably believed that the Elantra would achieve approximately 40 MPG in normal highway driving" (FAC ¶ 12) and "heavily relied on these representations when she decided to buy the 2012 HYUNDAI Elantra." FAC ¶ 13.

### C. UCL, FAL, and CLRA claims

Defendant challenges Plaintiff's UCL, FAL and CLRA claims on a number of bases. First, Defendant half-heartedly asserts that the UCL's safe harbor provision would bar Plaintiff's claims, because the legislature allows (in fact requires) them to display EPA estimates. Docket No. 17 at 23. This argument misses the mark because Plaintiff in fact alleges Hyundai's use of the EPA Estimate, namely 40 MPG, without designating that figure as the EPA estimate and not accompanied by the federally-mandated disclosures. Second, Defendant asserts that Plaintiff's UCL, CLRA and FAL claims are subject to the heightened pleading standard of Rule 9(b), because they sound in fraud. *See* Docket No. 17 at 24. Plaintiff properly does not dispute that such standard applies.[4] However, the Court would find that the FAC is pled with sufficient particularity to meet this standard, because it contains the "who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). Plaintiff has identified the "what" as the affirmative misrepresentation that the Elantra can achieve 40 MPG in actual driving

---

[3] The parties, in briefing and in documents submitted for judicial notice, hotly debate whether or not this representation was made in these various media; this, of course, is a factual dispute not properly addressed by the Court at the 12(b)(6) stage. See Docket No. 17 at 7, Docket No. 19 at 14-15; Docket No. 22 at 7-10. In particular, the parties' dispute over the precise contents of the banner Plaintiff alleges to have seen at the Cerritos dealership has no bearing on whether the allegations in the Complaint, if taken as true, properly state a claim for relief. Similarly, the Court need not address the objections each party raises to the other's Request for Judicial Notice (see Docket Nos. 20, 23, 24), because the documents submitted for judicial review were not relied upon in the Court's ruling on the instant matter, as they largely relate to factual disputes not properly taken into account when addressing the legal sufficiency of the FAC.

[4] *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) ("A claim is grounded in fraud where the plaintiff alleges a unified course of fraudulent conduct and relies on that course of conduct as the basis of a claim").

conditions, and has pled the when/where/who elements in alleging that this misrepresentation was disseminated in television ads, by a banner at the Cerritos dealership, and by a dealership salesperson.[5] FAC ¶¶ 9-10. Defendants, perhaps recognizing that Plaintiff has amply pled all of the other components, argues that Plaintiff has failed to allege "how" she relied upon the alleged misrepresentations, "particularly in light of the numerous disclosures Hyundai provided at and before the point of sale." *See* Docket No. At 24. But this argument fails because the existence and numerosity of such disclosures is a matter of factual dispute as between the parties, who debate the contents of the banner at the Cerritos dealership, the sales pitch employed by the dealership staff, the sufficiency and location of the website's disclosures, and the contents of the television ad. *See* Docket No. 17 at 7. The Court would not find that Plaintiff has failed to *plead* a fraud claim merely because she has not *proven* that she relied upon all the purported misrepresentations she properly alleges to have viewed.

Given that Defendant has presented no other specific arguments alleging deficiencies in Plaintiff's UCL, FAL or CLRA claims other than the general principles outlined in section A *supra*, the Court would deny Defendants' motion to dismiss these three claims.

### D. Fraud, negligent misrepresentation, and deceit claims

Similarly, Defendant offers one specific argument intended to persuade the Court to dismiss the next three of Plaintiff's claims (for fraud, negligent misrepresentation and deceit): Hyundai accuses Plaintiff of failing to allege any misrepresentation:

> Because plaintif [*sic*] lacks a basis to allege Hyundai's EPA mileage estimates are inaccurate and, as shown above, cannot otherwise sue over Hyundai's reference to those estimates in marketing, there is no actionable statement that could support plaintiff's fraud-based claims.

Docket No. 17 at 18. Again, Defendant ignores the fact that Plaintiff has alleged that Hyundai disseminated an advertising and marketing campaign that claimed the Elantra could achieve 40 MPG in real world conditions, and did not properly reference or disclaim the EPA Estimate. Thus this basis for dismissing these three common law claims is unavailing.[6]

Thus, while the Court would find that many of Defendant's arguments narrowing the scope of Plaintiff's claims are well-supported by legal authority and are not contested by Plaintiff, therefore rendering many of the allegations in the FAC irrelevant to the eventual outcome of the case, the Court cannot find at the current procedural juncture that Plaintiff has failed to sufficiently state a claim for relief on each of her causes of action. Even given that, as argued by Defendants, she can base her claims only on advertisements or marketing she actually saw, she can only base her claims

---

[5] The Court would note that the FAC discloses that the brochure also allegedly containing such misrepresentation was contained as an exhibit to the FAC and in fact contains the federally-mandated language; since Plaintiff does not base her entire claim on the brochure, however, this is not fatal to Plaintiff's claims at the motion to dismiss stage. *See* FAC, Exh. 3 at 3.

[6] Defendant also claims to put forth an argument that Plaintiff has not plead justifiable reliance, but proceeds to instead argue that the properly pled reliance was not in fact justifiable, a matter not proper for disposition at the 12(b)(6) stage. *See* Docket No.17 at 18.

on affirmative misrepresentations that differ from the federally mandated EPA Estimate disclosures, and her claims are limited to the Elantra, Defendant has not presented arguments persuading the Court that Plaintiff has failed to state a claim for relief in any of her six causes of action.

### III. Conclusion

For the above stated reasons, the Court would DENY Defendant's motion to dismiss the FAC.