QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Shon Morgan (Bar No. 187736)
  shonmorgan@quinnemanuel.com
  Valerie Roddy (Bar No. 235163)
  valerieroddy@quinnemanuel.com
  Joseph R. Ashby (Bar No. 248579)
  josephashby@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for  Defendant Hyundai Motor America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KEHLIE R. ESPINOSA, LILLIAN E. LEVOFF, THOMAS GANIM, and DANIEL BALDESCHI, on behalf of herself and all others similarly situated,<br><br>              Plaintiffs,<br><br>       vs.<br><br>HYUNDAI MOTOR AMERICA; and DOES 1 through 10, inclusive,<br><br>              Defendants. | CASE NO. CV 12-0800-GW (FFMx)<br><br>**APPENDIX OF VARIATIONS IN STATE LAWS IN SUPPORT OF DEFENDANT HYUNDAI MOTOR AMERICA'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date:   November 29, 2012<br>Time:   8:30 a.m.<br>Crtrm.: 10<br>Hon. George Wu<br><br>Filing Date: January 6, 2012 |

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

APPENDIX OF VARIATIONS IN STATE LAWS .................................................. 1

I.   STATE LAW VARIES WIDELY WITH RESPECT TO CONSUMER PROTECTION STATUTES ................................................................... 1

    A.   The Statutory Provisions Of State Consumer Protection Laws Vary Greatly Among The States ................................................... 2

    B.   Non-Common Threshold Issues Arise Under The CPLs Of The Various States ..................................................................... 4

    C.   States Have Non-Common Standards Concerning What Constitutes "Deceptive" Behavior ................................................. 7

    D.   There Is Marked Variation From State To State In Other Standards Applicable To CPL Claims ......................................... 13

        1.   States Follow Different Rules Concerning Notice .................... 13

        2.   States Differ As To The Elements Of Damages And Availability of Attorney's Fees ......................................... 15

II.  STATE LAW VARIES WIDELY WITH RESPECT TO PLAINTIFFS' FRAUD CLAIMS ........................................................ 16

    A.   Burden Of Proof ..................................................................... 17

    B.   What Qualifies As A Statement of Fact ..................................... 18

    C.   The Level of Culpability or Scienter ......................................... 19

    D.   Liability for Omissions ............................................................ 21

    E.   Issues of Reliance .................................................................. 23

    F.   Statutes of Limitations ........................................................... 25

    G.   States Have Evolved Different Substantive Standards Through Judicial Decisions And Legislative Enactments ........................... 25

## APPENDIX OF VARIATIONS IN STATE LAWS

## I.    STATE LAW VARIES WIDELY WITH RESPECT TO CONSUMER PROTECTION STATUTES

State consumer protection laws ("CPLs") differ markedly.  "[T]here are significant differences among the States' consumer protection laws." *Thompson v. Jiffy Lube Int'l Inc.*, 250 F.R.D. 607, 625 (D. Kan. 2008).[1]

> Some states require proof of scienter as an element of liability; many do not.  Some require proof that the plaintiff relied upon the defendant's allegedly false or misleading representations or conduct, while others require no such proof, and the law of more than a few states is decidedly unsettled on that point.  The amount of damages recoverable for a consumer protection violation varies from state to state.

*Id.*  Courts consistently refuse to certify multi-jurisdiction classes pursuing CPL claims.[2]

---

[1]  *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1018 (7th Cir. 2002) ("State consumer-protection laws vary considerably, and courts must respect these differences rather than apply one state's law to sales in other states with different rules.").

[2]  *See, e.g.*, *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 742 n.15 (5th Cir. 1996) (decertifying nationwide class and noting that "it [is] difficult to fathom how common issues could predominate in this case when variations in state law are thoroughly considered"); *Thompson*, 250 F.R.D. at 625-26 (declining to certify a nationwide class that would involve the application consumer fraud laws that "substantial conflict[]"); *Montgomery v. New Piper Aircraft, Inc.*, 209 F.R.D. 221, 229 (S.D. Fla. 2002)  (finding that individualized non-uniformity of CPLs precluded class certification); *Harding v. Tambrands, Inc.*, 165 F.R.D. 623, 632 (D. Kan. 1996) (declining to certify nationwide class that included CPL claims, noting that "instructing the jury in a manner that is both legally sound and understandable to a jury of lay persons would be a herculean task").

A.     **The Statutory Provisions Of State Consumer Protection Laws Vary Greatly Among The States**

Although 51 jurisdictions have local CPLs, these statutes do not have common roots in a single text such as the Uniform Commercial Code, and the enacted provisions vary greatly from one another in numerous respects.

Some CPLs focus narrowly on "deceptive" behavior,[3] while others proscribe additional rubrics such as "unfair" or "unconscionable" behavior.[4]  The various statutes incorporate wholly different legislative approaches and elements.  For example, the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-2 (West 2012), proscribes several broad categories of behavior:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real

---

[3]  *See, e.g.*, Ga. Code Ann. § 10-1-372 (West 2012) (prohibiting a person from engaging in a "deceptive trade practice"); Kan. Stat. Ann. § 50-626(a) (West 2012) (prohibiting "any deceptive act or practice in connection with a consumer transaction"); S.D. Codified Laws § 37-24-6 (West 2012) (prohibiting "a deceptive act or practice").

[4]  *See, e.g.*, Fla. Stat. Ann. § 501.204(1) (West 2012) ("Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."); Miss. Code Ann. § 75-24-5(1) (West 2012) ("Unfair methods of competition affecting commerce and unfair or deceptive trade practices in or affecting commerce are prohibited.");  S.C. Code Ann. §39-5-20(a) (West 2012) ("Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.").

1        estate . . . whether or not any person has in fact been

2        misled, deceived or damaged thereby, is declared to be an

3        unlawful practice . . . .

4   In contrast, the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann.

5   § 501.204 (West 2012), proscribes behavior that is specifically cross-referenced by

6   interpretive sources:

7        (1)  Unfair methods of competition, unconscionable acts or

8        practices, and unfair or deceptive acts or practices in the

9        conduct of any trade or commerce are hereby declared

10       unlawful.

11       (2)  It is the intent of the Legislature that, in construing

12       subsection (1), due consideration and great weight shall be

13       given to the interpretations of the Federal Trade

14       Commission and the federal courts relating to s. 5(a)(1) of

15       the Federal Trade Commission Act, 15 U.S.C. s. 45(a)(1)

16       as of July 1, 2006.

17  Differences in statutory provisions are only the beginning of the difficulties that this

18  Court would face in adjudicating CPL issues.  At least 25 states also have

19  implementing regulations, some more extensive than others.[5]  Further, as detailed

20  below, some jurisdictions look for guidance to decisions by federal courts or the

21  Federal Trade Commission ("FTC") concerning the Federal Trade Commission Act,

22  15 U.S.C. §§ 45-58.  Those interpretations have themselves evolved over time, and

23  states differ as to which particular interpretation they follow.

24

25

26

27     [5]   National Consumer Law Center, UNFAIR AND DECEPTIVE ACTS AND
    PRACTICES § 3.4.4.1 (Jonathan Sheldon & Carolyn L. Carter eds., 6th ed. 2004).

28

## B.   Non-Common Threshold Issues Arise Under The CPLs Of The Various States

The states have non-uniform provisions concerning the availability of private causes of action, the persons entitled to seek relief as "consumers," and the permissibility of pursuing CPL claims by way of a class action.  Some CPLs expressly provide for a private cause of action.[6]  Others make no such provision.[7]  In some jurisdictions where there is no statutory provision for a private cause of action, the courts have implied one.[8]  However, there is not a private cause of action under Iowa's CPL.[9]  Thus, as to each jurisdiction, the Court would be required to determine the nature and contours of the private cause of action.

There is also wide variation from state to state as to what constitutes a consumer transaction subject to the local CPL.  Many states define a "consumer" as a person buying goods or services for personal, family or household use.[10]  Hawaii

---

[6]   *See, e.g.*, Mich. Comp. Laws Ann. § 445.911 (West 2012) (providing a private right of action under the Michigan Consumer Protection Act); N.J. Stat. Ann. § 56:8-2.12 (West 2012) (authorizing private right of action for a refund); Or. Rev. Stat. Ann. § 646.638 (West 2012) (providing a private right of action under the Oregon Unlawful Trade Practices statute).

[7]   *See* UNFAIR AND DECEPTIVE ACTS AND PRACTICES, *supra*, § 7.2.1.

[8]   *See Sellinger v. Freeway Mobile Home Sales, Inc.*, 521 P.2d 1119, 1122 (Ariz. 1974) (sanctioning a private night of action); *Young v. Joyce*, 351 A.2d 857, 859 (Del. 1975) (statutory purpose supports recognition of a private cause of action).

[9]   *See Molo Oil Co. v. River City Ford Truck Sales, Inc.*, 578 N.W.2d 222, 228 (Iowa 1998) ("It is clear that, when state legislatures want consumers to enforce their consumer fraud acts, they expressly provide for that remedy in the statute. Iowa has not done that.  The trial court correctly ruled that no private cause of action is created.").

[10]   Ala. Code § 8-19-3(2) (West 2012) (defining "consumer" as "[a]ny natural person who buys goods or services for personal, family or household use"); Ga. Code Ann. § 10-1-392(a)(10) (West 2012) ("'Consumer transactions' means the sale, purchase, lease, or rental of goods, services, or property, real or personal, primarily for personal, family, or household purposes.").

has a somewhat similar, limited definition of consumer.[11]  Other states provide for business purchases in their definitions of covered transactions.[12]  Even among states using the same statutory terms to define consumer transactions, there is variation in what constitutes a consumer transaction.  Some states assess a product's use in objective terms, while others use a subjective test.  For example, in Oregon, an objective definition of consumer transaction is utilized.[13]  In other jurisdictions, such as Pennsylvania, the actual purpose of the purchase is controlling.[14]

In at least four jurisdictions, private claims under the local CPL must be asserted *personally*, and the statutes specifically foreclose the use of class actions by private litigants.[15]  Other states allow class actions, but impose additional

---

[11]  *See Paulson, Inc. v. Bromar, Inc*., 775 F. Supp. 1329, 1338 (D. Haw. 1991) (defining consumer as a "natural person . . . who commits money, property, or services in a personal investment").

[12]  *See* N.J. Stat. Ann. § 56:8-2 (West 2012) ("The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate . . . .").

[13]  *See Miller v. Hubbard-Wray Co*., 630 P.2d 880, 885 (Or. App. 1981) ("There was no evidence to support the allegation that hay balers are goods 'customarily bought by a substantial number of purchasers for personal, family, or household uses' . . . [N]or is it a fact of such 'general notoriety' that we can take judicial notice of it." (citations omitted)), *op. modified on other grounds*, 633 P.2d 1 (1981).

[14]  *See Valley Forge Towers S. Condominium v. Ron-Ike Foam Insulators. Inc.*, 574 A.2d 641, 648 (Pa. Super. Ct. 1990) ("Mameco's focus upon the type of product involved is misplaced.  The restriction included in the act addresses itself solely to the purpose of the purchase, not the type of product purchased."), *aff'd*, 605 A.2d 798 (Pa. 1992).

[15]  Ala. Code 1975 § 8-19-10(f) (West 2012) ("A consumer or other person bringing an action under this chapter may not bring an action on behalf of a class . . . ."); Ga. Code Ann. § 10-1-399(a) (West 2012) ("Any person who suffers injury or damages as a result of a violation . . . may bring an action individually, but
(footnote continued)

APPENDIX OF VARIATIONS IN STATE LAWS IN SUPPORT OF DEFENDANT HYUNDAI MOTOR
AMERICA'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

restrictions on them.  For example, in Utah, class actions are allowed only with

respect to an act or practice specified as a violation in a rule adopted by the

enforcing authority before the act occurred, or by a court in a judgment that was

either officially reprinted or made available for public dissemination ten days before

the action occurred.[16]  In New Mexico, named plaintiffs can recover treble damages

but class members cannot.[17]  Ohio and Colorado also limit the types of damages

available in class actions.[18]

_____

not in a representative capacity . . . .”); Miss. Code Ann. § 75-24-15(4) (West 2012)
(“Nothing in this chapter shall be construed to permit any class action or suit, but
every private action must be maintained in the name of and for the sole use and
benefit of the individual person.”); S.C. Code Ann. § 39-5-140(a) (West 2012)
(“Any person who suffers any ascertainable loss of money or property, real or
personal, as a result of the use or employment by another person of an unfair or
deceptive method, act or practice declared unlawful by § 39-5-20 may bring an
action individually, but not in a representative capacity, to recover actual
damages.”).

[16]  Utah Code Ann. § 13-11-17(2)(a) (West 2012); *Workman v. Nagle Constr.,
Inc.*, 802 P.2d 749, 754-55 (Utah App. 1990) (Bench, J., concurring in result)
(noting that a class action could not be brought until after publication of a rule or
entry of a final judgment declaring the defendant’s activities illegal).

[17]  N.M. Stat. Ann. § 57-12-10(E) (West 2012) (“In any class action filed under
this section, the court may award damages to the named plaintiffs as provided in
Subsection B of this section [which permits treble damages)] and may award
members of the class such actual damages as were suffered by each member of the
class as a result of the unlawful method, act or practice.”).

[18]  Ohio Rev. Code Ann. § 1345.09(B) (West 2012) (limiting class action
damages to actual damages or other appropriate relief whereas individual plaintiffs
may collect up to treble damages); Colo. Rev. Stat. Ann. § 6-1-113(2) (West 2012)
(“Except in a class action . . . any person who, in a private civil action, is found to
have engaged in or caused another to engage in any deceptive trade practice listed in
this article shall be liable in an amount equal to the sum of:  (a) The greater of:  (I)
The amount of actual damages sustained; or (II) Five hundred dollars; or (III) Three
times the amount of actual damages sustained, if it is established by clear and
convincing evidence that such person engaged in bad faith conduct . . . .”); *Robinson
v. Lynmar Racquet Club, Inc.,* 851 P.2d 274, 278 (Colo. App. 1993) (holding that
(footnote continued)

C.      **States Have Non-Common Standards Concerning What Constitutes "Deceptive" Behavior**

States follow non-common rules on whether plaintiffs must prove scienter. Some states do not require proof of intent to deceive.[19]  By contrast, other states require a showing of intent to deceive, at least with respect to a private action.[20] Still others require only a showing that defendant intended to induce reliance.[21] Other standards for intent are required in Tennessee.[22]

On closely related issues, Arkansas,[23] Colorado,[24] Idaho,[25] Nevada,[26] New Mexico,[27] Oklahoma,[28] South Dakota,[29] and Wyoming[30] each mandates a showing

_____

under Colo. Rev. Stat. Ann. § 6-1-113 individual actions (but not class actions) may seek treble damages and attorneys' fees).

[19]   *See Bond Leather Co., Inc. v. Q.T. Shoe Mfg. Co., Inc.*, 764 F.2d 928, 937 n.6 (1st Cir. 1985) (Mass. law) (intent to deceive is not an element of the violation); *State v. Bob Chambers Ford, Inc.*, 522 A.2d 362, 365 (Me. 1987) (no showing of intent to deceive required); *Williams v. Trail Dust Steak House, Inc.*, 727 S.W.2d 812, 814 (Tex. App. 1987) (no showing of intent to deceive required).

[20]   *See Porras v. Bell*, 857 P.2d 676, 678 (Kan. App. 1993) (proof of intent required); *Colonial Lincoln-Mercury Sales, Inc. v. Molina*, 262 S.E.2d 820, 823-24 (Ga. App. 1979) (Georgia requires an "unfair or deceptive act or practice conjoined with culpable knowledge of the nature (but not necessarily the illegality) of the act"); *Knapp v. Potamkin Motors Corp.*, 602 A.2d 302, 304 (N.J. Super. Ct. 1991) (delineating higher standard of proof required in private actions); Utah Code Ann. § 13-11-4(2) (West 2012) ("[A] supplier commits a deceptive act or practice if the supplier knowingly or intentionally . . . .").

[21]   *Siegel v. Levy Org. Dev. Co.*, 607 N.E.2d 194, 198 (Ill. 1992) (plaintiff need only prove intent of defendant that plaintiff rely on defendant's statement).

[22]   *Smith v. Scott Lewis Chevrolet, Inc.*, 843 S.W.2d 9, 12-13 (Tenn. App. 1992) (although intent to deceive need not be shown, the concept of deception requires at least negligence).

[23]   Ark. Code Ann. § 4-88-107(a)(1) (West 2012) (deceptive trade practices include "[k]nowingly making a false representation as to the characteristics . . . uses, benefits . . . of goods").

[24]   Colo. Rev. Stat. Ann § 6-1-105(1)(e) (West 2012) ("(1)A person engages in a deceptive trade practice when, in the course of such person's business . . . such

(footnote continued)

that the defendant knew his conduct was deceptive to recover under a CPL.  Oregon has a similar requirement that the defendants' deceptive actions be willful.[31]  In

_____

person:  (e) Knowingly makes a false representation as to the characteristics . . . uses, benefits, . . . or quantities of goods . . . ."); *Bidwell v. German Motors. Inc.*, 586 P.2d 1003, 1006 (Colo. App. 1978) (no violation of CPL where no showing of knowing false representation).

[25]  Idaho Code Ann. § 48-603 (West 2012) ("The following unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared to be unlawful, where a person knows, or in the exercise of due care should know . . . .").

[26]  Nev. Rev. Stat. Ann. § 598.0915 (West 2012) ("A person engages in a 'deceptive trade practice' if, in the course of his business or occupation, he or she: . . . 5. Knowingly makes a false representation as to the characteristics . . . or quantities of goods . . . .").

[27]  N.M. Stat. Ann. § 57-12-2(D) (West 2012); *Stevenson v. Louis Dreyfus Corp.*, 811 P.2d 1308, 1311-12 (N.M. 1991) (stating that the "knowingly made" requirement of New Mexico's CPL is met "if a party was actually aware that the statement was false or misleading when made, or in the exercise of reasonable diligence should have been aware that the statement was false or misleading").

[28]  Okla. Stat. Ann. tit. 78, § 53 (West 2012) ("A person engages in a deceptive trade practice when in the course of business . . . the person:  5. Knowingly makes a false representation as to the characteristics, . . . benefits or quantities of goods . . . .").

[29]  S.D. Codified Laws § 37-24-6 (West 2012) ("It is a deceptive act or practice for any person to:  (1) Knowingly and intentionally act, use, or employ any deceptive act or practice . . . to conceal, suppress, or omit any material fact in connection with the sale or advertisement of any merchandise, regardless of whether any person has in fact been mislead, deceived, or damaged thereby . . . .").

[30]  Wyo. Stat. Ann. § 40-12-105(a)(iii) (West 2012) ("A person engages in a deceptive trade practice unlawful under this act when, in the course of his business and in connection with a consumer transaction, he knowingly: . . . (iii) Represents that merchandise is of a particular standard, grade, style or model, if it is not . . . .").

[31]  *Luedeman v. Tri-West Constr. Co.*, 592 P.2d 281, 282 (Or. App. 1979) ("A wilful [CPL] violation occurs when the person committing the violation knew or should have known that his conduct was a violation.").

other states, no showing of knowledge is required.[32]  Thus, it would be necessary to give non-common instructions to the jury for each state's particular requirements with respect to scienter issues.

The states also follow non-common rules as to the requisite showing of the effect of allegedly deceptive practices on consumers.  Following older FTC precedents, some states measure the deceptiveness of challenged actions by their potential effect on the least sophisticated consumer.[33]  Other states follow more recent FTC guidance and focus on the potential effect on a "reasonable person."[34]  Other states have adopted their own unique approaches for evaluating deceptiveness.[35]

There are also vast differences in the states' treatment of omissions.  The statutory provisions in some jurisdictions do not specifically reference omissions.  In states without specific non-disclosure provisions, non-disclosure is subject to the

---

[32]  *See Forbes v. Par Ten Group, Inc.*, 394 S.E.2d 643, 651 (N.C. App. 1990) ("That defendants may have made these misrepresentations negligently and in good faith, in ignorance of their falsity, and without intent to mislead, affords no defense to an action under N.C.G.S. § 75-1.1."); *Henry S. Miller Co. v. Bynum*, 797 S.W.2d 51, 55 (Tex. App. 1990) (for purposes of Texas CPL, "when a seller makes representations to a buyer, it is under a duty to know if the representations are true"), *aff'd*, 836 S.W.2d 160 (Tex. 1992).

[33]  *See Aurigemma v. Arco Petroleum Prods. Co.*, 734 F. Supp. 1025, 1029 (D. Conn. 1990) (capacity to deceive is measured by effect on least sophisticated); *RRTM Restaurant Corp. v. Keeping*, 766 S.W.2d 804, 808 (Tex. App. 1988) ("The applicable standard is 'whether the statement has a tendency to deceive the ignorant, the unthinking, and the credulous who do not stop to analyze but are governed by appearances and general impressions.'").

[34]  *See Blue Cross of W. N.Y. Inc. v. Corcoran*, 163 A.D.2d 877, 878 (N.Y. App. Div. 1990) (deceptiveness must be judged by the overall impression to be reasonably expected on a person of average education and intelligence).

[35]  *See State ex rel. Celebrezze v. Ferraro*, 578 N.E.2d 492, 494 (Ohio App. 1989) ("[A]n act is deceptive if it 'has the likelihood of inducing a state of mind in the consumer that is not in accord with the facts.'").

same standards as any other allegedly deceptive or unfair act.[36]  By contrast, states that have express non-disclosure provisions often require at a minimum an intent that consumers rely on the omission.  Kansas requires that any deception be intentional.[37]  New Jersey, however, does not require proof of intent for omissions of material facts.[38]  Independent of whether there is a specific statutory provision addressing the duty to disclose, some states impose a duty to disclose information only when the seller knows or should have the information.[39]  Omissions are actionable in at least some other states without such a showing.[40]

States' CPLs also vary in their requirements of proving reliance.  In some states, no showing of reliance is required.[41]  By contrast, a number of states require a

---

[36]  *Anderson v. Heck*, 554 So. 2d 695, 707 (La. App. 1989) (allegation of nondisclosure to be evaluated under deceptive standard); *Commonwealth v. ELM Med. Labs., Inc.*, 596 N.E.2d 376, 383 (Mass. App. 1992) ("[D]eceptive acts or practice may consist of failure to disclose important information.").

[37]  *Heller v. Martin*, 782 P.2d 1241, 1245 (Kan. App. 1989) (non-disclosure must be intentional).

[38]  *Chattin v. Cape May Greene, Inc.*, 591 A.2d 943, 945 (N.J. 1991) (non-disclosure need not be intentional in order to be actionable pursuant to a regulation adopted by the Attorney General).

[39]  *Nei v. Burley*, 446 N.E.2d 674, 679-80 (Mass. 1983) (knowledge requirement applicable to duty to disclose claim); *Richardson Ford Sales, Inc. v. Johnson*, 676 P.2d 1344, 1347-48 (N.M. App. 1984) (seller must be aware of non-disclosure where CPL explicitly applies only to claims "knowingly made").

[40]  Md. Code Ann., Com. Law § 13-301(3) (West 2012 ) ("Unfair or deceptive trade practices include any . . . (3) Failure to state a material fact if the failure deceives or tends to deceive . . . ."); *Golt v. Phillips*, 517 A.2d 328, 332-33 (Md. 1986) (no knowledge or intent required for non-disclosure to be actionable under the Maryland CPL).

[41]  *See, e.g.*, *Prishwalko v. Bob Thomas Ford, Inc.*, 636 A.2d 1383, 1388 (Conn. App. 1994) (stating that plaintiff need not prove reliance under state deceptive practices act).

showing of individual reliance.[42]  Oregon requires reliance only with respect to certain types of violations.[43]  Meanwhile, Ohio relaxes the reliance requirement (but does not remove it entirely) in the class action context.[44]  Among states that require a showing of reliance, some require that the reliance be reasonable,[45] while other jurisdictions do not.[46]  New York does not require a showing of reliance, but does require a showing of materiality.[47]  The standard in Hawaii[48] and Washington[49] is whether defendants' actions induced the plaintiff to act or refrain from acting.  Thus,

---

[42]  *See, e.g., Delta Chevrolet, Inc. v. Wells*, 371 S.E.2d 250, 251 (Ga. App. 1988) ("[A] claimant who alleges the [Georgia Fair Business Practices Act] was violated as the result of a misrepresentation must demonstrate that he was injured as a result of the reliance upon the alleged misrepresentation");  *Knapp*, 602 A.2d at 304 (showing of individual reliance necessary in private action).

[43]  *Sanders v. Francis*, 561 P.2d 1003, 1006 (Or. 1977) ("Whether ORS 646.638(1) requires reliance as an element of causation necessarily depends on the particular unlawful practice alleged.").

[44]  *Amato v. Gen. Motors Corp.*, 463 N.E.2d 625, 629 (Ohio App. 1982) ("[P]roof of reliance may be sufficiently established by inference or presumption from circumstantial evidence to warrant submission to a jury without direct testimony from each member of a class.").

[45]  *See, e.g., Dix v. Am. Bankers Life Assur. Co.*, 415 N.W.2d 206, 209 (Mich. 1987) (reasonable person standard for reliance).

[46]  *See, e.g., Parks v. Macro-Dynamics, Inc.*, 591 P.2d 1005, 1008 (Ariz. App. 1979) (in a private cause of action for statutory fraud, there must be actual reliance but it need not be reasonable).

[47]  *Geismar v. Abraham & Strauss*, 439 N.Y.S.2d 1005, 1007 (NY Dist. Ct. 1981) (no need for proof of reliance, sufficient to show that "advertisement was misleading in a material respect and that [plaintiff] was 'injured'").

[48]  *Wiginton v. Pacific Credit Corp.*, 634 P.2d 111, 119 (Haw. App. 1981) (under CPL, injury must be induced by defendant's conduct); *see also Fraser Eng'g Co., Inc. v. Desmond*, 524 N.E.2d 110, 113 (Mass. App. Ct. 1988) (CPL does not require showing of reliance as long as there is causal relationship).

[49]  *Smith v. Olympic Bank*, 693 P.2d 92, 96 (Wash. 1985) (relevant standard under CPL is whether defendant's conduct induced plaintiff to act or refrain from acting).

the burden of proof with respect to individual reliance would vary considerably by jurisdiction.

Several states further require that a private plaintiff make an independent demonstration that the alleged deceptive act affected a public interest.  Washington, for instance, considers proof of public interest impact an essential element of the tort.[50]  Georgia has a similar public interest requirement.[51]  New York[52] and South Carolina[53] also require certain showings that the act affected the consuming public-at-large.  Therefore, a jury would have to be specially instructed and shown additional evidence with respect to claimants from such jurisdictions.

Some states add other nuances to their local CPLs.  Mississippi precludes recovery unless a plaintiff has "first made a reasonable attempt to resolve any claim

---

[50]  *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986) ("We hold that to prevail in a private [CPL] action . . . a plaintiff must establish five distinct elements:  (1) unfair or deceptive act or practice; (2) occurring in a trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation"); *Campbell v. Seattle Engine Rebuilders & Remfg., Inc.*, 876 P.2d 948, 953 (Wash. App. 1994) ("The Court's language in *Hangman Ridge* clearly requires a showing of public interest impact, separate and apart from a showing of an unfair and deceptive act . . . .").

[51]  *See Medley v. Boomershine Pontiac-GMC Truck, Inc.*, 449 S.E.2d 128, 131 (Ga. App. 1994) (unless defendant's actions have sufficient impact on the consumer marketplace, it is not regulated by the Georgia CPL).

[52]  *H2O Swimwear, Ltd. v. Lomas*, 560 N.Y.S.2d 19, 21 (N.Y. App. Div. 1990) (noting that the CPL "has been held to apply solely to matters affecting the public interest and involving transactions of a recurring nature").

[53]  *Jefferies v. Phillips*, 451 S.E.2d 21, 23 (S.C. App. 1994) (must prove adverse effect on public at large with specific facts); *Daisy Outdoor Adver. Co. v. Abbott*, 451 S.E.2d 394, 397 (S.C. App. 1994) ("Merely offering evidence, however, that shows a wrongful act has a potential for repetition or that it occurs in the course of business is not enough to establish a violation of the [CPL] if . . . the conduct adversely affects only the parties involved."), *aff'd in relevant part, rev'd in part*, 473 S.E.2d 47 (S.C. 1996).

1  through an informal dispute settlement program approved by the Attorney

2  General."[54]  Massachusetts requires a showing of "rascality."[55]

3      **D.**      **There Is Marked Variation From State To State In Other**

4          **Standards Applicable To CPL Claims**

5        The foregoing shows that non-common standards of law predominate with

6  respect to the core issues of CPL liability.  There is further variation from state-to-

7  state with respect to numerous other issues as well.

8          **1.**      **States Follow Different Rules Concerning Notice**

9        The various CPLs contain markedly different provisions concerning the

10  prerequisite of pre-suit notice.  Various jurisdictions require a would-be plaintiff to

11  send the defendant a detailed demand letter, at varying dates, before plaintiff files a

12  complaint.[56]  Likewise, Mississippi requires a plaintiff to make "a reasonable

---

14

15      [54]  Miss. Code Ann. § 75-24-15(2) (West 2012).

16      [55]  *Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.*, 72 F.3d 190, 200 (1st Cir. 1995) (explaining that an unfair or deceptive act under Massachusetts law requires a showing of "rascality").

17      [56]  Ala. Code § 8-19-10(e) (West 2012) ("At least 15 days prior to the filing of

18  any action under this section, a written demand for relief, identifying the claimant

19  and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be communicated to any prospective respondent by placing in

20  the United States mail or otherwise."); Ga. Code Ann. § 10-1-399(b) (West 2012)

21  ("At least 30 days prior to the filing of any such action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or

22  practice relied upon and the injury suffered, shall be delivered to any prospective

23  respondent."); Mass. Gen. Laws Ann. ch. 93A, § 9(3) (West 2012) ("At least thirty days prior to the filing of any such action, a written demand for relief, identifying

24  the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective

25  respondent."); Tex. Bus. & Com. Code Ann. § 17.505(a) (West 2012) ("[A]

26  consumer shall give written notice to the person at least 60 days before filing the

27  suit advising the person in reasonable detail of the consumer's specific complaint . . . .").

28

Case No. CV 12-0800-GW (FFMx)
APPENDIX OF VARIATIONS IN STATE LAWS IN SUPPORT OF DEFENDANT HYUNDAI MOTOR
AMERICA'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

attempt to resolve any claim through an informal dispute settlement program approved by the Attorney General" before a private right of action is pursued.[57]

Still other states require that notice be given to a defendant within a prescribed time period.[58]  In Indiana, however, this limitations period will not apply to an "incurable deceptive act," which is one committed "as part of a scheme, artifice, or device with intent to defraud or mislead."[59]  Finally, several states require that a plaintiff provide notice of the practice at issue to the state attorney general, with varying consequences for failure to comply.[60]  These varying requirements would affect claimants from different jurisdictions differently.

---

[57]  Miss. Code Ann. § 75-24-15(2) (West 2012).

[58]  *See, e.g., A.B.C. Home & Real Estate Inspection, Inc. v. Plummer*, 500 N.E.2d 1257, 1262-63 (Ind. App. 1986) (overturning a CPL award where plaintiff failed to provide proper notice); Wyo. Stat. Ann. § 40-12-109 (West 2012) ("No action may be brought under this act, except under W.S. 40-12-108, unless the consumer bringing the action gives within the following time limits notice in writing to the alleged violator of the act . . . .").

[59]  Ind. Code Ann. §§ 24-5-0.5-2(a)(8), 24-5-0.5-5(a) (West 2012).

[60]  Conn. Gen. Stat. Ann. § 42-110g(c) (West 2012) ("Upon commencement of any action brought under subsection (a) of this section, the plaintiff shall mail a copy of the complaint to the Attorney General . . . ."); La. Rev. Stat. Ann. § 51:1409(B) (West 2012) ("Upon commencement of any action brought under Subsection A of this Section, the plaintiff's attorney shall mail a copy of the petition to the attorney general . . . ."); Or. Rev. Stat. Ann. § 646.638(2) (West 2012) ("Upon commencement of any action brought under subsection (1) of this section the party bringing the action shall mail a copy of the complaint or other initial pleading to the Attorney General and, upon entry of any judgment in the action, shall mail a copy of the judgment to the Attorney General.  Failure to mail a copy of the complaint shall not be a jurisdictional defect, but a court may not enter judgment for the plaintiff until proof of mailing is filed with the court.  Proof of mailing may be by affidavit or by return receipt of mailing.").

## 2.   <u>States Differ As To The Elements Of Damages And Availability of Attorney's Fees</u>

The states also vary with respect to the way damages are calculated, where they are recoverable.[61]  Similarly, an examination of the variations with respect to awards of attorney's fees highlights yet another area of non-common issues. Colorado prohibits the award of attorney's fees in class actions.[62]  In North Carolina, fees may be awarded a plaintiff only if the conduct is willful and there is an unwarranted refusal to settle.[63]  Other jurisdictions will only award fees if the seller knowingly violates the statute.[64]  In Michigan, there is a bona fide error defense that prevents the award of attorneys' fees--if the seller can demonstrate its acts were in good faith and that it had implemented reasonable procedures to avoid the CPL violation, no attorney fees will be awarded.[65]  In Massachusetts, if a reasonable settlement offer is tendered, but the consumer proceeds to trial, any fee award is limited to fees incurred prior to the settlement offer, even if plaintiff prevails at trial.[66]  Some jurisdictions authorize the award of fees in the court's discretion to

---

[61]   *See* UNFAIR AND DECEPTIVE ACTS AND PRACTICES, *supra*, at § 8.3.2 (delineating different methodologies used to calculate actual damages); *id.* at § 8.4 (covering variations among the jurisdictions which provide for statutory minimum damages); *id.* at § 8.4.3 (setting forth the differing approaches to punitive damages of the 12 states that permit punitive damages for CPL claims).

[62]   Colo. Rev. Stat. Ann. § 6-1-113(2)(b) (West 2012);  *Robinson*, 851 P.2d at 280 ("By its plain language, the damages in a private civil action [under the Colorado Consumer Protection Act] includes costs and attorney fees except in a class action.").

[63]   N.C. Gen. Stat. Ann. § 75-16.1 (West 2012).

[64]   *See, e.g., Brooks v. Hurst Buick-Pontiac-Olds-GMC. Inc.*, 491 N.E.2d 345, 351 (Ohio App. 1985) (defendant must knowingly commit deceptive act in order for fees to be awarded).

[65]   *Temborius v. Slatkin*, 403 N.W.2d 821, 829 (Mich. App. 1986) (noting the existence of bona fide error defense).

[66]   Mass. Gen. Laws Ann. ch. 93A, § 9(4) (2011)

whichever party prevails.[67]  By contrast, Florida's statute mandates the award of attorney's fees to prevailing defendants and has authorized an award of fees to defendant even where the court finds the action outside the CPL statute's scope as long as work was "on the case."[68]  Thus, in at least some jurisdictions, the plaintiff faces the possibility of being liable for defendants' attorney's fees.

## II.   STATE LAW VARIES WIDELY WITH RESPECT TO  PLAINTIFFS' FRAUD CLAIMS

There are significant state-to-state variations in the substantive standards governing fraud claims.  Indeed, in *Castano v. American Tobacco Co.*, the Fifth Circuit held squarely that state standards governing fraud claims are *not* uniform and that fraud claims therefore are *not* appropriate for nationwide class treatment.  The court noted, for example, that:

> In a fraud claim, some states require justifiable reliance on a misrepresentation, while others require reasonable reliance.  States impose varying standards to determine when there is a duty to disclose facts.

84 F.3d 734, 743 n.15 (5th Cir. 1996) (citations omitted).

---

[67]  *See Schlager v. Clements*, 1996 WL 499470, at *6 (Tex. App. Sept. 5, 1996) (court has discretion to award defendant attorney's fees where suit was groundless or brought for purposes of harassment); *Arbuckle Broadcasters, Inc. v. Rockwell Int'l Corp.*, 513 F. Supp. 412, 420 (N.D. Tex. 1981) (Texas law) (stating that awards of attorney's fees are discretionary).

[68]  *Smith v. Bilgin*, 534 So.2d 852, 854-55 (Fla. App. 1988) (granting fees to a defendant despite finding the action beyond the scope of Florida's CPL because "'no allocation of attorney's services need be made except to the extent counsel admits that a portion of the services was totally unrelated to the 501 claim or it is shown that the services related to issues, such as punitive damages, which were clearly beyond the scope of a 501 proceeding'" (quoting *Heindel v. Southside Chrysler-Plymouth, Inc.*, 476 So.2d 266, 272 (Fla. App. 1985))).

-16-

## A.   **Burden Of Proof**

The various states impose differing burdens of proof upon fraud claimants. Some states allow recovery if fraud is proven by a mere "preponderance of the evidence,"[69] but most jurisdictions require proof by "clear and convincing evidence."[70]   Other states apply some hybrid or variant formulation.[71]   In others,

---

[69]   *See, e.g.*, *Saxton v. Harris*, 395 P.2d 71, 72 (Alaska 1964);*Ultracuts Ltd. V. Walmart Stores Inc.*, 343 Ark. 224, 234 (Ark. 2000); *Liodas v. Sahadi*, 18 Cal.3d 278, 288 (1977); *Kopeikin v. Merchants Mortgage & Trust Corp.*, 679 P.2d 599, 601 (Colo. 1984); *English Coal Co. v. Durcholz*, 422 N.E.2d 302, 310 (Ind. Ct. App. 1981); *Barrett v. Holland & Hart*, 845 P.2d 714, 717 (Mont. 1992); *Nye Odorless Incinerator Corp. v. Felton*, 162 A. 504, 509 (Del. Super. 1931); *Passaat, Ltd. v. Bettis*, 654 So.2d 980, 981 (Fla. Dist. Ct. App. 1995); *City Dodge, Inc. v. Gardner*, 208 S.E.2d 794, 797 (Ga. 1974); *Hall v. Lilly*, 697 So.2d 676,679 (La. Ct. App. 1997); *Petition of Anderson*, 565 N.W.2d 461, 465 (Minn. Ct. App. 1997); *Craggett v. Adell Ins. Agency*, 635 N.E.2d 1326, 1331 (Ohio.Ct. App. 1993); *Ostalkiewicz v. Guardian Alarm, Div. of Colbert's Sec. Services, Inc.,* 520 A.2d 563, 569 (R.I. 1987); *Flockhart v. Wyant*, 467 N.W.2d 473, 477 (S.D. 1991).

[70]   *See, e.g., Europlast Ltd. v. Oak Switch Sys. Inc.*, 10 F.3d 1266, 1272 (7th Cir. 1993) (Illinois law); *Gross v. Sussex Inc.*, 630 A.2d 1156,1161 (Md. 1993); *Kary v. Prudential Ins. Co. of Am.*, 541 N.W.2d 703,705 (N.D. 1996); *Eckhardt v. Charter Hosp. of Albuquerque, Inc.,* 953 P.2d 722, 735 (N.M. Ct. App. 1997); *Otto Roth & Co., Inc. v. Gourmet Pasta, Inc.,* 715 N.Y.S.2d 78, 79 (N.Y. App. Div. 2000); *Sineiniz River Mall Co. v. Mark Fie ds, Inc.,* 599 So. 2d 938, 945 (Miss. 1992); *Breault v. Berkshire Life Ins. Co.*, 821 F. Supp. 410, 417 (E.D. Va. 1993) (Virginia law); *Wharf v. Burlington N.R.R. Co.*, 60 F.3d 631, 634 (9th Cir. 1995) (Washington law); *see also* Ill. Pattern Jury Instructions, Civil § 800.02A-B (West 2009); *Mannington Wood Floors, Inc. v. Port Epes Transport, Inc.*, 669 So.2d 817, 824 (Ala. 1995); *Enyart v. Transamerica Ins. Co.*, 985 P.2d 556, 562 (Ariz. Ct. App. 1999); *Park v. Sandwich Chef, Inc.*, 651 A.2d 798, 801, n.3 (D.C. App. 1994); *Shoppe v. Gucci America, Inc.*, 14 P.3d 1049, 1066 (Haw. 2000); *Sowards v. Rathbun*, 8 P.3d 1245, 1249 (Idaho 2000); *Alexander v. Everhart*, 7 P.3d 1282, 1288 (Kan. Ct. App. 2000); *Alvey v. Union Inv., Inc.*, 697 S.W.2d 145, 147 (Ky. Ct. App. 1985); *Snow v. American Morgan Horse Ass'n, Inc.,* 686 A.2d 1168, 1170 (N.H. 1996); *Daibo v. Kirsch*, 720 A.2d 994, 999 (N.J. Super. App. Div. 1998); *Gallant v. Board of Medical Examiners*, 974 P.2d 814, 818 (Or. Ct. App. 1999); *Volunteer Firemen's Ins. Services, Inc. v. CIGNA Property and Cas. Ins. Agency*, 693 A.2d

(footnote continued)

---

APPENDIX OF VARIATIONS IN STATE LAWS IN SUPPORT OF DEFENDANT HYUNDAI MOTOR AMERICA'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

1  there appears to be a different burden for plaintiffs' monetary claims as opposed to

2  their equitable claims.[72]  In Oklahoma, plaintiffs must prove misrepresentation "with

3  a reasonable degree of certainty."[73]  Thus, even on the unavoidable bedrock issue of

4  burden of proof, the Court's jury instruction would have the quality of a treatise and

5  would task the jury (impossibly) to evaluate the evidence under differing burdens

6  from jurisdiction to jurisdiction.

7        **B.**    <u>**What Qualifies As A Statement of Fact**</u>

8        All jurisdictions limit fraud liability to misstatements of fact (as opposed to

9  statements of opinion and other nonfactual utterances).[74]  However, the various

10

11  ———————————————

12  1330, 1340 (Pa. Super. App. 1997) ("clear, *precise* and convincing" (emphasis
added)); *West v. Gladney*, 533 S.E.2d 334, 337 (S.C. App. 2000) ("clear, *cogent*,

13  and convincing"(emphasis added)); *Andalex Resources, Inc. v. Myers*, 871 P.2d

14  1041, 1046 (Utah App. 1994); *Hardwick-Morrison Co. v. Albertsson*, 605 A.2d 529,
530 (Vt. 1992); *Korhumel Steel Corp. v. Wandler,* 600 N.W.2d 592, 596 (Wis. App.

15  1999); *Bender v. Phillips*, 8 P.3d 1074, 1078 (Wyo. 2000).

16     [71]   *See e.g., Bates v. Allied Mut. Ins. Co*., 467 N.W.2d 255, 260 (Iowa 1991) ("a

17  preponderance of clear, satisfactory and convincing evidence"); *Cutler v.
Greenberg*, 761 A.2d 237, 240 (Conn. App. 2000) ("Fraud requires a higher

18  standard of proof than preponderance of the evidence, that of  'clear, precise and

19  unequivocal.'" (citation omitted)); *Pearl v. William Filene's Sons Co*., 58 N.E.2d
825, 827 (Mass. 1945) ("fair degree of certainty").

20     [72]   *See Bock v. Bank of Bellevue*, 434 N.W.2d 310, 317 (Neb. 1989)

21  ("recogniz[ing] the longstanding rule that courts of law require proof of fraud by a
preponderance of the evidence, while courts of equity require clear and convincing

22  evidence").

23     [73]   *Olson v. Briscoe*, 10 P.3d 246, 249 (Okla. App. 2000).

   [74]   *See* W. Page Keeton, PROSSER & KEETON ON TORTS, § 109, at 755 (5th ed.

24  1984 & Supp. 1988) ("It is stated very often as a fundamental rule in connection

25  with all of the various remedies for misrepresentation, that they will not lie for
misstatements of opinion, as distinguished from those of fact"); Stuart M. Speiser,

26  Charles F. Krause & Alfred W. Gans, THE AMERICAN LAW OF TORTS § 32.20 (1992

27  & Supp. 1995) ("It has become a rule, broadly stated . . . that a misrepresentation, to
be the basis of an action for fraud, must relate to a statement of fact in the present or

28     (footnote continued)

1   jurisdictions follow differing standards for determining whether any particular

2   statement qualifies as one of fact.  Thus, some states employ an objective standard

3   that focuses on the circumstances surrounding the making of the representation in

4   their evaluation of whether a statement constitutes one of fact.[75]  Other states require

5   a subjective inquiry into the intentions and impressions of the parties.[76]  Such

6   differences preclude any sort of composite multi-jurisdiction instruction on the

7   important threshold issue of what is a statement of fact.

8          **C.**    **The Level of Culpability or Scienter**

9        The level at which a defendant must "know" the falsity of his representations

10  in order to be liable for common law fraud also varies substantially across

11  jurisdictions.  Some states require that the defendant have actual knowledge that a

12  representation is false .[77]  In other jurisdictions, a defendant without actual

---

in the past, and that any misrepresentation that constitutes a mere matter of opinion (estimate, or judgment) will generally and usually not amount to fraud").

[75]  *See Schott Motorcycle Supply Inc. v. Am. Honda Motor Co.*, 976 F.2d 58, 65 (1st Cir. 1992) (Maine law) ("the relationship of the parties or the opportunity afforded for investigation and the reliance which one is thereby justified in placing on the statement of the other, may transform into an averment of fact that which under ordinary circumstances would be merely an expression of opinion"); *Ramsey v. Polk County*, 256 S.W.2d 425, 428 (Tex. App. 1953) ("as a general rule distinction between fact and an opinion is broadly indicated by the statement that what was susceptible of exact knowledge when the statement was made is usually - considered as a matter of fact and representations in regard to matters not susceptible of personal knowledge are generally to be regarded as mere expressions of opinion").

[76]  *See Puller Mortgage Assoc. v. Keegan*, 829 F. Supp. 1507, 1522 (S.D. Ind. 1993) (Indiana law) ("An expression of opinion or belief, or, more precisely, a representation which is expressed and understood as nothing more than a statement of opinion, cannot constitute fraud".).

[77]  *See e.g., Concord Realty Co. v. Continental Funding Corp.*, 776 P.2d 1114, 1117-18 (Colo. 1989) (the elements of fraud include proof of "knowledge on the part of the one making the representation that it was false"); *Rosen v. Board of Med.* (footnote continued)

1  knowledge may nevertheless be held liable if his statements were made with the

2  requisite degree of "recklessness"[78] or disregard for the truth.[79]

3          Still other states impose liability for fraud without a showing of either actual

4  knowledge or recklessness.  For instance, in Mississippi, a showing of mere

5  negligence suffices with respect to the truth or falsity of the representation (*i.e.*, the

6  defendant "should have known" of the falsity).[80]  In Arkansas and Hawaii, even less

7  is required; the mere showing that the defendant was without knowledge or

8

9

10  _____

11  *Exam'rs.*, 539 N.W.2d 345, 349 (Iowa 1995) (the elements of fraud include
12  "knowingly" made misrepresentation by the defendant); *Kunkle Water & Elec.*, 347
     N.W.2d at 653 (the elements of fraud include "scienter" and "intent to deceive").
13      [78]  *See, e.g. Howard v. Riegs Nat'l Bank*, 432 A.2d 701, 706 (D.C. 1981) (the
14  element of "knowledge of the falsity may be satisfied [in the District of Columbia]
     by showing that the statements were 'recklessly and positively made without
15  knowledge of (their) truth'" (citation omitted)); *Tutwiler v. Snodgrass*, 428 N.E.2d
16  1291, 1296 (Ind. App. 1981) ("An essential element of actionable fraud is that the
     alleged misrepresentation was known to be false or made recklessly"), *abrogated on
17  other grounds*, 508 N.E.2d 567, 568 (1987); *T.O. Stanley Boot Co. v. Bank of El
18  Paso*, 847 S.W.2d 218, 222 (Tex. 1992) ("recklessly without any knowledge of the
     truth and as a positive assertion").
19      [79]  *See. e.g., Gerill Corp. v. Jack L. Hargrove Builders. Inc.*, 538 N.E.2d 530,
20  536-37 (Ill. 1989) ("reckless disregard for its truth or falsity"); *Kelley Metal Trading
     Co. v. Al-Jon/United., Inc.*, 835 F. Supp. 1339,1341 (D. Kan. 1993) (Kansas law)
21  ("recklessly made with disregard of its truth or falsity"); *FDIC v. S. Prawer & Co.*,
22  829 F. Supp. 439, 445 (D. Me. 1993) (Maine law) (same); *Nails v. S&R. Inc.*, 639
     A.2d 660, 668 (Md. 1994) ("reckless indifference as to its truth"); *Myers &
23  Chapman, Inc. v. Thomas G. Evans, Inc.*, 374 S.E.2d 385,391 (N.C. 1988) (reckless
24  indifference); *Cohen v. Lamco, Inc.*, 462 N.E.2d 407, 409 (Ohio 1984) ("utter
     disregard and recklessness" (citation omitted)); *see also* Ill. Pattern Jury
25  Instructions, Civil § 800.01 (West 2009).
26      [80]  *See Seaboard Planning Corp. v. Powell,* 364 So. 2d 1091, 1094 (Miss. 1978)
27  (made representation "unknowingly under such circumstances that [defendant]
     ought to have known they were false whether he did or not").
28

1   verification of the truth of his representation apparently will support a fraud claim.[81]

2   California may punish as "fraud" a defendant's false representations even where the

3   defendant subjectively believed in the truth of his representations but was without an

4   adequate basis for so believing.[82]

5        In view of the foregoing, it would be impossible to give a uniform jury

6   instruction on the critical "knowledge" element of fraud. For example, a plaintiffs'

7   verdict under Arkansas standards would provide no guidance as to the proper result

8   under Colorado law, inasmuch as the Arkansas verdict may have been based upon

9   the defendants' mere lack of knowledge as to the truth or falsity of his

10   representation, a plainly inadequate basis for fraud liability in Colorado.

11       **D.**   <u>**Liability for Omissions**</u>

12        Plaintiffs also allege fraudulent omissions.  State-to-state variation is

13   particularly evident on the issue of when a defendant has a duty to disclose.  Many

14   jurisdictions impose a duty to disclose only where, unlike here, the parties are in a

15   formal fiduciary relationship.  In arms-length relationships, however, it is generally

16   held that failures to disclose are not actionable.[83]  Similarly, few, if any, jurisdictions

---

18   [81]   *Curtis Lumber Co., Inc. v. Louisiana Pacific Corp.*, 618 F.3d 762, 774 (8th
19   Cir. 2010) (Arkansas law) ("the making of misrepresentations by one who, not
knowing whether they are true or not, asserts them to be true without knowledge of
20   their falsity and without moral guilt or evil intent" (internal quotation marks
omitted)); *Hawaii's Thousand Friends v. Anderson*, 768 P.2d 1293, 1301 (Haw.
21   1989) ("without knowledge of its truth or falsity").

22   [82]   *See* Cal. Civ. Code § 1572 (West 2012) ("Actual fraud ... consists in any of
23   the following acts, committed by a party to the contract . . . 2. The positive assertion,
in a manner not warranted by the information of the person making it, of that which
24   is not true, though he believes it to be true").

25   [83]   *See, e.g., FDIC v. W.R. Grace & Co.*, 877 F.2d 614, 619 (7th Cir. 1989)
(Illinois law) (noting that a general duty of disclosure would turn every bargaining
26   relationship into a fiduciary relationship and thereby render obsolete the arm's-
length transaction); *see Cyrix Corp. v. Intel Corp.*, 803 F. Supp. 1200, 1213 (E.D.
27   Tex. 1992) (Delaware law) (holding that a defendant's duty to disclose material
28      (footnote continued)

1   impose disclosure duties when the information concerned is available to the would-

2   be plaintiff through other means.[84]

3        States differ as well on the type of non-disclosure that can give rise to a cause

4   of action for fraud.  Some require proof of active concealment,[85] while others allow

5   recovery for mere non-disclosure.[86]  By way of further example, in Minnesota there

6   are three specific circumstances in which the defendant has a duty to disclose

7   material facts:

8           (a) One who speaks must say enough to prevent his words

9           from misleading the other party.

10          (b) One who has special knowledge of material facts to

11          which the other party does not have access may have a

12          duty to disclose these facts to the other party.

13          (c) One who stands in a confidential or fiduciary relation

14          to the other party to a transaction must disclose material

15          facts.

16

17  _____

18  facts to another party may arise from a fiduciary relationship, but in an arm's-length

19  transaction, no such duty arises).

    [84]   *See, e.g., Overton v. Anheuser-Busch Co.*, 517 N.W.2d 308, 310 (Mich. Ct.

20  App. 1994) (no duty to disclose where dangers are known to the public); *Lenzi v.

21  Morkin*, 469 N.E.2d 178, 179 (Ill. 1984) (no duty to advise of an action that is a

    matter of public record).

22  [85]   *See e.g., Franklin Supply Co. v. Tolman*, 454 F.2d 1059, 1067 (9th Cir. 1971)

23  (Colorado law) (fraud requires more than mere non-disclosure); *Ludwig v. Ford

24  Motor Co.*, 510 N.E.2d 691, 697 (Ind. Ct. App. 1987) ("concealment must be active

    and intentional").

25  [86]   *See, e.g., McGregor v. Dimou*, 422 N.Y.S.2d 806, 8 10 (N.Y. Civ. Ct. 1979)

26  (mere failure to disclose important and relevant facts can constitute fraud);

    *Epperson v. Roloff*, 719 P.2d 799, 804 (Nev. 1986) (non-disclosure actionable where

27  defendant alone has material facts); *Ducheneaux v. Miller*, 488 N.W.2d 902, 913

    (S.D. 1992) (seller liable for fraud in nondisclosure of cattle disease).

28

*Lakeland Tool & En'g. Inc. v. Thermo-Serv, Inc.*, 916 F.2d 476, 479 (8th Cir. 1990) (Minnesota law).[87]  In New Jersey, by contrast, a duty to disclose may arise from "relationships where one party expressly reposits trust in another party, or else from the circumstances, such trust necessarily is implied; and . . . relationships involving transactions so intrinsically fiduciary that a degree of trust and confidence is required to protect the parties."[88]

### E.    Issues of Reliance

There is also great variation from state to state as to the type of reliance plaintiffs are required to prove in support of fraud claims. Indeed, the Supreme Court recognized in *Field v. Mans*, 516 U.S. 59, 72-73 (1995), that states have adopted at least three distinctly different standards on the question of reliance: (1) actual reliance, (2) justifiable reliance, and (3) reasonable reliance.  Some states have adopted the least demanding reliance standard, mere *actual* reliance.[89]  Other

---

[87]    *See also Am. Computer Trust Leasing v. Jack Farrell Implement Co.*, 763 F. Supp. 1473, 1485-86 (D. Minn. 1991) (the obligation to disclose arises in a fiduciary relationship, or "where the circumstances are such that failure to disclose renders misleading statements which have already been made"), *aff'd & remanded sub. nom Am. Computer Trust Leasing v. Boerboom Int'l. Inc.*, 967 F.2d 1208 (8th Cir. 1992).

[88]    *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1185 (3d Cir. 1993) (New Jersey law).

[89]    *See, e.g., Whitson v. Oklahoma Farmers Union Mut. Ins. Co.*, 889 P.2d 285, 287 (Okla. 1995) ("reliance thereon by another party to its injury"); *Spence v. Griffin*, 372 S.E. 2d 595, 598 (Va. 1988) ("reliance by the party misled"); *Johnson v. Soulis*, 542 P.2d 867, 872 (Wyo. 1975) (representation relied upon by the plaintiff). *See Wright v. Blevins*, 705 P.2d 113, 117 (Mont. 1985); *Taeger v. Catholic Family and Community Services*, 196 Ariz. 285, 294 ( Ariz. Ct. App. 1999); *General Motors Acceptance Corp. v. Baymon*, 732 So.2d 262, 269-70 (Miss. 1999); *Otto Roth & Co., Inc. v. Gourmet Pasta, Inc.,* 715 N.Y.S.2d 78,79 (N.Y. App. Div. 2000); *Kunkle Water & Elec Inc. v. City of Prescott*, 347 N.W.2d 648, 653 (Iowa 1984); *Misischia v. St. John's Mercy Medical Center*, 30 S.W.3d 848, 868 (Mo. App. 2000).

1  states have adopted the most demanding standard, that of *reasonable* reliance.[90]

2  Still other states have adopted an intermediate standard, requiring proof of

3  *justifiable* reliance.[91]   The actual and justifiable reliance standards are intended in at

4  least some instances to be less demanding than that of reasonable reliance.  *See*

5  RESTATEMENT (SECOND) OF TORTS § 545A, cmt. b (1977) ("[a]lthough the plaintiffs

6  reliance on the misrepresentation must be justifiable ... this does not mean that his

7  conduct must conform to the standard of the reasonable man").

8       Inevitably, the Court would confront uncertainty as to the reliance standard to

9  be applied in various jurisdictions.[92]   Moreover, different jurisdictions have given

10  different glosses to the same nominal standard.  In New Jersey, for example, the

---

12  [90]   *See Ardis v. Cox*, 431 S.E.2d 267, 269 (S.C. Ct. App. 1993) (the "hearer's

13  right to rely" element of fraud may be satisfied by a defendant who reasonably relied); *Mikkelson v. Quail Valley Real*, 641 P.2d 124, 126 (Utah 1982) (requires

14  "(6) that the other party, acting reasonably and in ignorance of its falsity; (7) did in fact rely upon it"); *Walker v. Percy*, 702 A.2d 313, 317 (N.H. 1997); *Sundown, Inc.*

15  *v. Pearson Real Estate Co., Inc.*, 8 P.3d 324, 330 (Wyo. 2000).

16  [91]   *See Sanguinetti v. Strecker*, 577 P.2d 404,408 (Nev. 1978) ("justifiable

17  reliance upon the representation on the part of the plaintiff in taking action or refraining from it"); *Lengyel v. Lint. Inc.*, 280 S.E. 2d 66, 69 (W. Va. 1981) ("that

18  plaintiff relied upon it and was *justified under the circumstances* in relying upon it"); *Carl H. Christensen Family Trust v. Christensen,* 133 Idaho 866, 872 (Idaho

19  1999); *In re Estate of Kessler*, 977 P.2d 591, 601 fn. 31 (Wash. Ct. App. 1999); *Fed.*

20  *Mgt. Co. v. Coopers & Lybrand*, 738 N.E.2d 842, 854 (Ohio. Ct. App. 2000); *Ultracuts Ltd. v. Walmart  Stores, Inc.*, 343 Ark. 224, 234 (Ark. 2000); *Lord v.*

21  *Souder*, 748 A.2d 393, 402 (Del. 2000); *St. Catherine Hosp. Of Garden City v.*

22  *Rodriguez*, 25 Kan.App.2d 763, 767 (Kan. App. 1998); *Complaint as to Conduct of Brown*, 956 P.2d 188, 196 (Or. 1998); *SimTel Communications v. Nat'l*

23  *Broadcasting Co., Inc.*, 71 Cal. App. 4th 1066, 1081 (2d Dist. 1999); *Women's*

24  *Development Corp. v. City of Central Falls*, 764 A.2d 151, 168 (R.I. 2001).

25  [92]   *Compare TLMS Motor Corp. v. Toyota Motor Distrib., Inc.*, 912 F. Supp.

26  329, 334 (N.D. Ill. 1995) (Illinois law) ("reasonable reliance upon the truth of the statement by the plaintiff") *with Walter Raczynski Prod. Prod. Design v. IBM Corp.*,

27  1995 U.S. Dist. LEXIS 6452, at *26 (N.D. Ill. May 11, 1995) (Illinois law) ("plaintiff s *actual* reliance on the statement to his detriment") (emphasis added).

28

1  question of justifiable reliance is to be resolved by considering the objective

2  behavior of "a reasonable man."[93]

3  **F.    Statutes of Limitations**

4       The statute of limitations on fraud claims varies widely among the states. In

5  some states, like California, fraud claims must be brought within three years of the

6  date on which the cause of action accrues.[94] In New York, the statute of limitations

7  is six years;[95] five years in Illinois;[96] four in Georgia and Florida;[97] yet only two

8  years in Alabama;[98] and just one year in Louisiana.[99]

9  **G.    States Have Evolved Different Substantive Standards Through**

10      **Judicial Decisions And Legislative Enactments**

11      Many of the differences discussed above, as well as other variations, are

12  reflected in statutes and case law that set for the substantive elements for

---

13

14  [93]  *See* N.J. Model Jury Instructions, (Civil) § 3.30E ("Whether the plaintiff was

15  justified in relying on the representation depends upon whether the fact represented

    is one that a reasonable man would consider important in reaching a decision in the

16  transaction in question").

17  [94]  *See Miles v. AO Smith Harvestore Products*, 992 F.2d 813, 817 (8th Cir.

    1993) (Arkansas law); *Seeman v. Arthur Andersen & Co.*, 896 F. Supp. 250

18  (D.Conn 1995) (C.G.S.A. § 52-557) (Connecticut law); *Borock v. Comerica Bank-*

19  *Detroit*, 938 F. Supp. 428 (E.D. Mich. 1996) (Michigan law); *In re Cumberland*

    *Farms, Inc.*, 249 B.R. 341 (Bkrtcy. D.Mass. 2000) (M.G.L.A. c. 260, Section 2A)

20  (Massachusetts law).

21  [95]  *See BRS Associates, LP v. Dansker*, 246 B.R. 755 (S.D.N.Y. 2000)(New

    York law).

22  [96]  *See Kolson v. Vembu*, 869 F. Supp. 1315, opinion supplemented (N.D. Ill.

23  1994) (S.H.A. 735 ILCS 5/13-205) (Illinois law).

    [97]  *See Marulanda v. Marrero*, 162 B.R. 20 (S.D.Fla. 1993) (F.S.A. Section

24  95.11(3)(j)) (Florida law); *Briggs & Stratton Corp. v. Concrete Sales & Service*, 29

    F. Supp. 2d 1372 (M.D. Ga. 1998) (C.G.S.A. Section 9-3-31, 9-3-36) (Georgia law).

25  [98]  *See In re Northwestern Mut. Life Ins. Co. Sales Practices Litigation*, 70

26  F.Supp.2d 466 (D.N.J. 1999) (applying Ala. Code 1975, Section 6-2-38(*l*)).

    [99]  *See Currie v. Schon*, 704 F. Supp 698 (E.D. La. 1989) (LSA-C.C. art 3492)

27  (Louisiana law).

28

1  misrepresentation claims.  The governing standards for any given state must be

2  sought in the decisions and statutes of each state, not in the Restatement.[100]

3     The states differ markedly in articulating the elements of fraud.  Under

4  Minnesota case law, there are eleven "elements of misrepresentation":

5      1. There must be a representation; 2. That representation

6      must be false; 3. It must have to do with a past or present

7      fact; 4. That fact must be material; 5. It must be

8      susceptible of knowledge; 6. The representor must know it

9      to be false, or in the alternative, must assert it as of his

10      knowledge without knowing whether it is true or false; 7.

11      The representor must intend to have the other person

12      induced to act, or justified in acting upon it; 8. That person

13      must be so induced to act or so justified in acting; 9. The

14      person's action must be in reliance upon the

15      representation; 10. That person must suffer damage; 11.

16      That damage must be attributable to the misrepresentation,

17      that is, the statement must be the proximate cause of

18      injury."

19  *Yost v. Millhouse*, 373 N.W.2d 826, 829-30 (Minn. App. 1985).  By contrast, West

20  Virginia enumerates fewer elements for a fraud claim:

21      (1) that the act claimed to be fraudulent was the act of the

22      defendant or induced by him; (2) that it was material and

23      false; that plaintiff relied upon it and was justified under

24

25  [100]  *See* W. Page Keeton, PROSSER & KEETON ON TORTS, § 105, at 728 (5th ed.

26  1984 & Supp. 1988) (elements of fraud claim are subject to unique "modification[s] or qualification[s]" from jurisdiction to jurisdiction.  To illustrate, Restatement §

27  525 incorporates "justifiable reliance"; that standard is only one of at least three distinct standards followed across the country.

28

1          the circumstances in relying upon it; and (3) that he was

2          damaged because he relied upon it.

3    *Lengyel v. Lint*, 280 S.E.2d 66, 69 (W. Va. 1981).

4          Other jurisdictions have their own distinctive articulations of the elements of

5    fraud.  Montana and several other states identify nine elements;[101] Utah, nine

6

7    _____

8          [101]   *See Wright v. Blevins*, 705 P.2d 113, 117 (Mont. 1985) (requiring "proof of
     representation, its falsity, its materiality, the speaker's knowledge of its falsity, or
9    his ignorance of its truth, the speaker's intent that it should be acted upon by the
     person and in the manner contemplated, the hearer's ignorance of its falsity, the
10   hearer's reliance upon its truth, the hearer's consequent injury); *see also Echols v.
     Beauty Built Homes, Inc.*, 647 P.2d 629, 631 (Ariz. 1982) (same); *Cantrell v.
11   Superior Loan Corp.*, 603 S.W.2d 627, 634 (Mo. Ct. App. 1980) (same); *Taeger v.
     Catholic Family and Community Services*, 196 Ariz. 285, 294  (Ariz. Ct. App. 1999)
12   (requiring "(1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's
     knowledge of its falsity or ignorance of its truth, (5) the speaker's intent that the
13   information should be acted upon by the hearer and in a manner reasonably
     contemplated, (6) the hearer's ignorance of the information's falsity, (7) the hearer's
14   reliance on its truth, (8) the hearer's right to rely thereon, and (9) the hearer's
     consequent and proximate injury."); *Carl H. Christensen Family Trust v.
15   Christensen*, 133 Idaho 866, 872 (Idaho 1999) (elements are "(1) a statement or a
     representation of fact;  (2) its falsity;  (3) its materiality;  (4) the speaker's
16   knowledge of its falsity;  (5) the speaker's intent that there be reliance;  (6) the
     hearer's ignorance of the falsity of the statement;  (7) reliance by the hearer;  (8)
17   justifiable reliance;  and (9) resultant injury."); *General Motors Acceptance Corp. v.
     Baymon*, 732 So.2d 262, 269-70 (Miss. 1999) ("A successful claim of fraud requires
18   proof of a. representation; b. its falsity; c. its materiality; d. the speaker's knowledge
     of its falsity or ignorance of its truth; e. his intent that it should be acted on by the
19   hearer in the manner reasonably contemplated; f. the hearer's ignorance of its
     falsity; g. reliance on its truth; h. right to rely thereon;  and  i. consequent and
20   proximate injury."); *In re Estate of Kessler*, 977 P.2d 591, 601 fn. 31 (Wash. Ct.
     App. 1999) ("The elements of fraud are (1) representation of an existing fact;  (2)
21   materiality of the representation;  (3) falsity of the representation;  (4) knowledge of
     the falsity or reckless disregard as to its truth;  (5) intent to induce reliance on the
22   representation;  (6) ignorance of the falsity;  (7) reliance on the truth of the
     representation;  (8) justifiable reliance;  and (9) damages.").

23

24

25

26

27

28

different elements;[102] New York, eight;[103] Iowa, seven elements;[104] Illinois, six or seven elements;[105] six states have seven elements;[106] Colorado and other states, five

---

[102]   *See Mikkelson v. Quail Valley Realty*, 641 P.2d 124, 126 (Utah 1982) (requiring "(1) [t]hat a representation was made; (2) concerning a presently existing material fact; (3) which was false; (4) which the representor either (a) knew to be false, or (b) made recklessly, knowing that he had insufficient knowledge upon which to base such representation; (5) for the purpose of inducing the other party to act upon it; (6) that the other party, acting reasonably and in ignorance of its falsity; (7) did in fact rely upon it; (8) and was thereby induced to act; (9) to his injury and damage").

[103]   *Otto Roth & Co., Inc. v. Gourmet Pasta, Inc.,* 715 N.Y.S.2d 78,79 (N.Y. App. Div. 2000) (requiring "(1) that [defendant] made a representation, (2) as to a material fact, (3) which was false, (4) and known to be false by [defendant], (5) that the representation was made for the purpose of inducing [plaintiff] to rely upon it, (6) that [plaintiff] rightfully did so rely, (7) in ignorance of its falsity, (8) to its injury.").

[104]   *See Kunkle Water & Elec Inc. v. City of Prescott*, 347 N.W.2d 648, 653 (Iowa 1984) (requiring "(1) representation, (2) falsity, (3) materiality, (4) scienter, (5) intent to deceive, (6) reliance, and (7) resulting injury and damage"); *Misischia v. St. John's Mercy Medical Center*, 30 S.W.3d 848, 868 (Mo. Ct. App. 2000) elements are: "1) a false, material representation;  2) the speaker's knowledge of its falsity or his ignorance of its truth;  3) the speaker's intent that it should be acted upon by the hearer in the manner reasonably contemplated;  4) the hearer's ignorance of the falsity of the representation;  5) the hearer's reliance on its truth; 6) the hearer's right to rely thereon;  and 7) the hearer's consequent and proximately caused damages." (citations omitted)); *Walker v. Percy*, 702 A.2d 313,317 (N.H.1997) ("the plaintiff must prove that the defendant intentionally made material false statements to the plaintiff, which the defendant knew to be false or which he had no knowledge or belief were true, for the purpose of causing, and which does cause, the plaintiff reasonably to rely to his detriment"); *Lewis v. Cohen,* 157 Vt. 564, 568 (Vt. 1991) ("'An action for fraud and deceit will lie upon an intentional misrepresentation of existing fact, affecting the essence of the transaction, so long as the misrepresentation was false when made and known to be false by the maker, was not open to the defrauded party's knowledge, and was relied on by the defrauded party to his damage.'" (citation omitted)).

[105]   *Compare Richmond v. Blair*, 488 N.E.2d 563, 566 (Ill. Ct. App. 1985) (requiring "(1) that defendant made a statement, (2) of a material nature as opposed
      (footnote continued)

---



1

2

3

4 _____

5 to opinion, (3) untrue, (4) known by the person making it to be untrue . . . or made in

6 culpable ignorance of its truth or falsity, (5) relied upon by the victim to his

7 detriment, (6) made for the purpose of inducing reliance, and (7) such that the

victim's reliance led to his injury") *with Tague v. Molitor Motor Co.*, 487 N.E.2d

8 436, 438 (Ill. Ct. App. 1985) (requiring "(1) the misrepresentation must be a

9 statement of fact; (2) it must be made for the purpose of influencing the other party

to act; (3) it must be untrue; (4) the party making the statement must know or

10 believe it to be untrue; (5) the person to whom it is made must believe and rely on

11 the statement; and (6) the statement must be material").

[106] *See United Parcel Service Co. v. Rickert*, 996 S.W.2d 464,468 (Ky. 1999)

12 (requiring "a) material representation b) which is false c) known to be false or made

13 recklessly d) made with inducement to be acted upon e) acted in reliance thereon

and f) causing injury."); *Rood v. Newberg*, 718 N.E.2d 886, 892 (Mass. App. 1999)

14 ("a plaintiff ordinarily must show that the defendant made a false statement of a

15 material fact with knowledge of its falsity in order to induce the plaintiff to act,

together with a reliance by the plaintiff on the false statement to the plaintiff's

16 detriment."); *Fed. Mgt. Co. v. Coopers & Lybrand*, 738 N.E.2d 842, 854 (Ohio.

17 App. 2000) (elements are "(a) a representation or, *where there is a duty to disclose,

concealment of a fact,* (b) which is material to the transaction at hand, (c) made

18 falsely, with knowledge of its falsity, or with such utter disregard and recklessness

19 as to whether it is true or false that knowledge may be inferred, (d) with the intent of

misleading another into relying upon it, (e) justifiable reliance upon the

20 representation or concealment, and (f) a resulting injury proximately caused by the

21 reliance." (emphasis in original, citation omitted)); *Chapman Children's Trust v.

Porter & Hedges, L.L.P.,* 32 S.W.3d 429, 442, fn. 9 (Tex. App. 2000) ("The

22 elements of fraud are:  (1) a material misrepresentation was made;  (2) it was false;

23 (3) when the representation was made, the speaker knew it was false or the

statement was recklessly asserted without any knowledge of its truth;  (4) the

24 speaker made the false representation with the intent that it be acted on by the other

25 party;  (5) the other party acted in reliance on the misrepresentation;  and (6) the

party suffered injury as a result."); *Yuzefovsky v. St. John's Wood Apartments*, 540

26 S.E.2d 134,142  (Va. 2001) ("To sustain a claim of actual fraud, the plaintiff must

27 prove a false representation, of a material fact, made intentionally and knowingly,

with intent to mislead, reliance by the party misled, and resulting damage.").

28

varying elements;[107] Connecticut, four elements;[108]  New Jersey, New Mexico, Rhode Island, and Wyoming have only three elements.[109]

---

[107]  *See Concord Realty Co. v. Continental Funding Corp.,* 776 P.2d 1114, 1118 (Colo. 1989) (requiring "(1) a false representation of a material existing fact; (2) knowledge on the part of the one making the representation that it was false; (3) ignorance on the part of the one to whom the representation was made of its falsity; (4) the representation was made with an intention that it be acted on; and (5) the representation resulted in damage"); *Park v. Sandwich Chef. Inc.,* 651 A.2d 798, 801 (D.C. 1994) (requiring "(1) a false representation, (2) made in reference to a material fact, (3) with knowledge of its falsity, (4) with the intent to deceive, (5) an action that is taken in reliance upon the representation"); *Nails v. S&R. Inc.*, 639 A.2d 660, 668 (Md. 1994) (requiring "(1) that the defendant made a false representation to the plaintiff, (2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth, (3) that the misrepresentation was made for the purpose of defrauding the plaintiff, (4) that the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) that the plaintiff suffered compensable injury resulting from the misrepresentation"); *Roland v. Cooper*, 768 So.2d 400, 403 (Ala. Civ. App. 2000) (requiring: "(a) false representation [usually] concerning an existing material fact; (b) [a] representation which (1) the defendant knew was false when made, or (2) was made recklessly and without regard to its truth or falsity, or (3) was made by telling plaintiff that defendant had knowledge that the representation was true while not having such knowledge; (c) reliance by the plaintiff on the representation and that he was deceived by it;  (d) reliance which was [reasonable] under the circumstances; (e) damage to the plaintiff proximately resulting from his reliance.")**;** *Ultracuts Ltd. v. Walmart Stores Inc.*, 343 Ark. 224, 234 (Ark. 2000) (requiring "(1) a false representation of a material fact;  (2) knowledge that the representation is false or that there is insufficient evidence upon which to make the representation;  (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance on the representation;  and (5) damage suffered as a result of the reliance."); *Lord v. Souder*, 748 A.2d 393, 402 (Del. 2000) (requiring "1) a false representation, usually one of fact, made by the defendant; 2) the defendant's knowledge or belief that the representation was false, or was made with reckless indifference to the truth; 3) an intent to induce the plaintiff to act or to refrain from acting; 4) the plaintiff's action or inaction taken in justifiable reliance upon the representation;  and 5) damage to the plaintiff as a result of such reliance."); *St. Catherine Hosp. of Garden City v. Rodriguez*, 25 Kan. App. 2d 763,767 (Kan. App. 1998) ("Actionable
    (footnote continued)

1

_____

2

3      fraud includes an untrue statement of fact, known to be untrue by the party making
it, made with the intent to deceive or recklessly made with disregard for the truth,

4      *where another party justifiably relies on the statement and acts to his injury.*"
(emphasis in original, citations omitted)); *Allen v. Roberts Const. Co., Inc.*, 532

5      S.E.2d 534, 541 (N.C. App. 2000) (requiring "'(1) False representation or

6      concealment of a material fact, (2) reasonably calculated to deceive, (3) made with
intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the

7      injured party.'" (citations omitted)); *Freeman v. Hoffman-La Roche, Inc.*, 618

8      N.W.2d 827, 844-45 (Neb. 2000) (requiring "(1) that a representation was made;
(2) that the representation was false;  (3) that when made, the representation was

9      known to be false or made recklessly without knowledge of its truth and as a

10     positive assertion;  (4) that it was made with the intention that the plaintiff should
rely upon it;  (5) that the plaintiff did so rely;  and (6) that he or she suffered damage

11     as a result."); *Complaint as to Conduct of Brown*, 956 P.2d 188, 196 (Or. 1998)

12     ("generally" requires that "(1) the accused had falsely represented a material fact;
(2) the accused knew that the representation was false;  (3) the misrepresentation

13     was made with the intent to induce the recipient to act or refrain from acting;  (4) the

14     recipient justifiably relied on the misrepresentation;  and (5) the recipient was
damaged by that reliance."); *Felix v. Fraternal Order of Police, Philadelphia Lodge*

15     *No. 5,* 759 A.2d 34, 37 (Pa. Commw. Ct. 2000) ("The elements necessary to prove

16     an action for fraud are:  (1) a misrepresentation; (2) that if the misrepresentation was
innocently made related to a matter material to the transaction, or if it was

17     knowingly made, materially is not required; (3) an intention by the maker that the

18     recipient will thereby be induced to act; (4) justifiable reliance by the recipient upon
the misrepresentations; and (5) damage to the recipient as the proximate result.");

19     *Paint Brush Corp., Parts Brush Div. v. Neu*, 599 N.W.2d 384,390  (S.D. 1999)

20     ("The essential elements of fraud are: [T]hat a representation was made as a
statement of fact, which was untrue and *known to be untrue by the party making it,*

21     *or else recklessly made* ;  that it was made *with intent to deceive* and for the purpose

22     of inducing the other party to act upon it;  and that he [or she] did in fact rely on it
and was induced thereby to act to his [or her] injury or damage." (emphasis in

23     original)).

24     [108]  *See Miller v. Appleby*, 438 A.2d 811, 813 (Conn. 1981) (requiring "(1) that a
false representation was made as- a statement of fact; (2) that it was untrue and

25     known to be untrue by the party making it; (3) that is was made to induce the other

26     party to act on it; and (4) that the latter did so act on it to his injury"); *Wilkins v.*

27     *National Broadcasting Co., Inc.,* 71 Cal. App. 4th 1066, 1081 (2d Dist. 1999)
(requiring "(a) a knowingly false misrepresentation by the defendant, (b) made with

28         (footnote continued)

-31-

the intent to deceive or to induce reliance by the plaintiff, (c) justifiable reliance by the plaintiff, and (d) resulting damages."); *Hollywood Lakes Country Club, Inc. v. Community Ass'n Services, Inc.,* 770 So.2d 716, 718 (Fla. Dist. Ct. App. 2000) (requiring "(1) a false statement concerning a material fact;  (2) knowledge by the person making the statement that the representation is false;  (3) the intent by the person making the statement that the representation will induce another to act on it;  and (4) reliance on the representation to the injury of the other party."); *Hawaii Community Federal Credit Union v. Keka,* 11 P.3d 1, 18 (Haw. 2000) (plaintiff must prove "(1) a representation of a material fact, (2) made for the purpose of inducing the other party to act, (3) known to be false but reasonably believed true by the other party, and (4) upon which the other party relies and acts to [his or her] damage."); *Kary v. Prudential Ins. Co. of America*, 541 N.W.2d 703,705  (N.D. 1996) ("Actionable fraud under Section 9-03-08, N.D.C.C., includes the making of an affirmative statement of fact, known to be untrue, with intent to deceive another or induce another to enter into a contract."); *Chen v. Nevada State Gaming Control Bd.,* 994 P.2d 1151, 1152 (Nev. 2000) ("To establish fraud, the [defendant] must show that [plaintiff] provided a false representation of a material fact, which he knew to be false;  that [plaintiff] intended [defendant] to rely on the misrepresentation;  that the [defendant] detrimentally relied on the misrepresentation;  and that the misrepresentation proximately caused damages."); *Olson v. Briscoe*, 10 P.3d 246, 249 (Okla. App. 2000) (requiring "(1) a material false representation, (2) made by Defendants with knowledge of its falsity, or recklessly made without knowledge of its truth, and as a positive assertion, (3) with the intention that it be relied upon by another, and (4) reliance thereon by [plaintiff] to his injury."); *Spectra Plastics, Inc. v. Nashoba Bank*, 15 S.W.3d 832, 840-41 (Tenn. App. 1999) ("an action for fraudulent misrepresentation contains four elements: (1) an intentional misrepresentation of material fact, (2) knowledge of the representation's falsity, and (3) an injury caused by reasonable reliance on the representation.  The fourth element requires that the misrepresentation involve a past or existing fact or, in the case of promissory fraud, that it involve a promise of future action with no present intent to perform.  Nondisclosure will give rise to a claim for fraud when the defendant has a duty to disclose and when the matters not disclosed are material."); *Friends of Kenwood v. Green*, 619 N.W.2d 271, 275 (Wis. App. 2000) ("To succeed in a fraudulent misrepresentation claim, the representation must be of fact and made by the defendant, the representation must be false, and the claimant must have believed the representation was true and relied on it to his or her damage.").

There is also great variation in legislative provisions concerning fraud. Georgia's statute, for example, states:

> (a) Willful misrepresentation of a material fact, made to induce another to act, upon which such person acts to his injury, will give him a right of action.  Mere concealment of a material fact, unless done in such a manner as to deceive and mislead, will not support an action.
>
> (b) In all cases of deceit, knowledge of the falsehood constitutes an essential element of the tort.  A fraudulent or reckless representation of facts as true when they are

---

[109] *Varacallo v. Massachusetts Mut. Life Ins. Co*., 752 A.2d 807,813 (N.J. Super. App. 2000) ("[P]laintiffs must demonstrate that:  (1) defendant made a material misrepresentation or omission of fact;  (2) knowing the misrepresentation to be false or the omission to be material, and intending the other party to rely on it;  and (3) the other party did in fact rely on the misrepresentation or omission to its detriment."); *Eckhardt v. Charter Hosp. of Albuquerque, Inc.,* 953 P.2d 722, 735 (N.M. App. 1997) **(**"(1) fraudulent misrepresentation requires an untrue statement, while negligent misrepresentation may involve a statement that is "literally true" but misleading;  (2) fraudulent misrepresentation requires the defendant to make the statement recklessly or with knowledge that it is false, while negligent misrepresentation only requires a failure to exercise ordinary care in obtaining or communicating the statement;  (3) fraudulent misrepresentation requires an intent to deceive, while negligent misrepresentation only requires an intent that the plaintiff receive and be influenced by the statement where it is reasonably foreseeable that the plaintiff would be harmed if the information conveyed was incorrect or misleading."); *Women's Development Corp. v. City of Central Falls*, 764 A.2d 151,168 (R.I. 2001) ("To establish a prima facie case of common law fraud in Rhode Island, 'the plaintiff must prove that the defendant 'made a false representation intending thereby to induce plaintiff to rely thereon,' and that the plaintiff justifiably relied thereon to his or her damage.'")(citation omitted); *Sundown, Inc. v. Pearson Real Estate Co., Inc.,* 8 P.3d 324,330 (Wyo. 2000) (requires "that (1) the defendant made a false representation intended to induce action by the plaintiff;  (2) the plaintiff reasonably believed the representation to be true;  and (3) the plaintiff relied on the false representation and suffered damages.").

1              not, if intended to deceive, is equivalent to a knowledge of

2              their falsehood even if the party making the representation

3              does not know that such facts are false.

4    Ga. Code Ann. § 51-6-2 (West 2012).  By contrast, Louisiana's statute provides:

5    "Fraud is a misrepresentation or a suppression of the truth made with the intention

6    either to obtain an unjust advantage for one party or to cause a loss or inconvenience

7    to the other."  La. Civ. Code Ann. art. 1953 (West 2012).  South Dakota also follows

8    a distinct standard.[110]

9

10   DATED: October 26, 2012            QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP
11

12

13                                      By  /s/ Shon Morgan

14                                         Shon Morgan
                                           Attorneys for Defendant Hyundai Motor
15                                         America

16

17

18

19

20

21   ―――――――――――――

22   [110]   S.D. Codified Laws § 53-4-5 (West 2012) (fraud "consists of any of the

23   following acts, committed by a party to the contract, or with his connivance, with

     intent to deceive another party thereto, or to induce him to enter into the contract:

24   (1) [t]he suggestion as a fact of that which is not true by one who does not believe it

25   to be true; (2) [t]he positive assertion, in a manner not warranted by the information

     of the person making it, of that which is not true, though he believes it to be true; (3)

26   [t]he suppression of that which is true by one having knowledge or belief of the fact;

27   (4) [a] promise made without any intention of performing it; or (5) [a]ny other act

     fitted to deceive").

28